UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and
MAUREEN SCANLAN,
      Plaintiffs,
vs.

FIRST HORIZON NATIONAL CORPORATION,
a Tennessee corporation,
GMAC MORTGAGE, LLC, a Delaware corporation,
WACHOVIA MORTGAGE FSB, a North Carolina corporation,
EQUIFAX, INC., a Georgia corporation
TRANS UNION, LLC, a Delaware limited liability company
jointly and severally,
      Defendants.
_____/
GARY D. NITZKIN (P41155)
Attorney for Plaintiffs
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COME THE PLAINTIFFS THROUGH COUNSEL, NITZKIN AND**

**ASSOCIATES, BY GARY D. NITZKIN**, and for their Complaint against the Defendants,

plead as follows:

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by consumers for violation of the Fair Credit Reporting Act (15

    U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

1

3.  Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendants conduct business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

## GENERAL ALLEGATIONS

4.   The Plaintiffs are husband and wife (collectively "Scanlan" or "Plaintiffs").

5.  Isaiah Shafir, Peggy Shafir and others (collectively "Shafir") were the owners of 42 parcels of residential property in Oakland County, Michigan.

6.  On May 14, 2004, Shafir entered into a land contract with Randy Saylor ("Saylor") to sell all 42 properties to Saylor for $3.8 million.

7.  Prior to the execution of this contract, Saylor had told Shafir that he had been approved for a loan to finance his purchase of the properties.

8.  Saylor then told Shafir that his out-of-state lender needed a faxed copy of the deeds that would convey the property from Shafir to Saylor. Saylor further stated that, upon receipt of the facsimile copy of the deeds, the lender would release the funds.

9.  Shafir informed Saylor that he would be more comfortable marking the copy of the deeds with the words "Copy," or "Facsimile," or words showing that the faxed copy was not genuine.

10. Saylor, however, insisted that the copies had to be clean. Shafir therefore signed the deeds and faxed it to the number Saylor provided.

11. Shafir had no present intent to convey the properties to Saylor or anyone else, and believed that he was faxing the deeds to Saylor's lender, and not to Saylor.

12. Despite the fact that Saylor never had title to the properties, starting in 2004 he caused a trust for which he is trustee, IRSS Revocable Trust, to purportedly convey the 42 properties by warranty deeds to various vendees, including the Plaintiffs in this case, Mark and Maureen Scanlan.

13. Indeed, the Plaintiffs thought that they had purchased the following properties from either Saylor or the IRSS Revocable Trust via mortgage loans obtained from or eventually transferred to the following lenders:

| **Property** | **Lender** |
|---|---|
| 28490 Brentwood, Southfield, MI | GMAC Mortgage, LLC |
| 21348 Poinciana, Southfield, MI | GMAC Mortgage, LLC |
| 28705 Selkirk, Southfield, MI | Wachovia Mortgage FSB |
| 28106 Fairfax, Southfield, MI | First Horizon National |
| 19633 Jeanette, Southfield, MI | First Horizon National |
| 15251 Northfield, Oak Park, MI | First Horizon National |
| (Collectively "Shafir Properties") | (Collectively "Defendant Lenders") |

14. The Plaintiffs took no valid interest in the property because IRSS had no interest to convey.

15. The Defendant Lenders, as mortgagees, took no valid mortgage or other interest in the properties because the Plaintiffs had no interest to convey.

16. In fall of 2004, Shafir noticed that the land contract between Saylor and himself had not been recorded. On November 5, 2004, Shafir recorded the land contract entered into between himself and Saylor. Because this land contract was recorded first, it superseded the deeds fraudulently acquired by Saylor.

3

17.  On August 18, 2008, Shafir filed a Third Amended Complaint in the Oakland County Circuit Court against the Scanlans and others.  That case was assigned docket number 08-091478-CH and assigned to the Honorable Wendy L. Potts ("Shafir Litigation").

18. The Scanlans filed a counter complaint and a cross complaint in the Shafir Litigation against Saylor, IRSS Revocable Trust and other entities controlled by Saylor.

19. On June 3, 2009, the Scanlans and others obtained a default judgment against Saylor, IRSS Revocable Trust and other entities controlled by Saylor (Exhibit 1 - "Shafir Default Judgment").

20. In the Shafir Default Judgment, the court specifically nullified the loan transactions related to the Shafir Properties (Exhibit 1).

21. On various dates in May, June and July, the parties to the Shafir Litigation, on behalf of themselves and their principals, including the Defendants to this litigation, entered into a Settlement Agreement (Exhibit 2 - "Shafir Settlement Agreement").

22. In the Shafir Settlement Agreement, the Defendant Lenders in this action were collectively referred to as the "Insured Mortgagees" (Exhibit 2 - pp 1-2).

23. As consideration for the various payments made to the Insured Mortgagees under the Shafir Settlement Agreement, the Insured Mortgagees agreed to "release, remise, acquit and forever discharge the Scanlans from any and all causes of action, claims demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever in law or in equity, from the beginning of time and in the future." (Exhibit 2- paragraph 20)

24. In January of 2010, the Plaintiffs had noticed that the Defendant Lenders were furnishing negative trade lines with respect to the Defendant Lender's loans related to the Shafir Properties to three major credit reporting agencies, Experian, Trans Union, and Equifax.

25. On or about January 19, 2010, the Plaintiffs each filed consumer disputes with each of the credit reporting agencies with respect to the Defendant Lenders' trade lines.

26. In connection with their consumer disputes, the Plaintiffs each sent a detailed letter of explanation to each credit reporting agency in which they explained why each Defendant Lenders' trade lines did not belong on their respective consumer credit file.  Each Plaintiff also provided to each credit reporting agency, a copy of the Shafir Default Judgment (Exhibit 1)  and the Shafir Settlement Agreement (Exhibit 2) proving that the Defendant Lenders' trade line did not belong on their credit report.

27. In her consumer disputes to the credit reporting agencies, Mrs. Scanlan noted for each consumer reporting agency that the following trade lines were not her obligation and were in fact, the result of her signature being forged by Randy Saylor on several property acquisitions:

    a.  Wachovia account 512002646 related to 4894 Quarton in Bloomfield, MI

    b.  GMAC   trade line related to 2942 Wesson in Waterford, MI

    c.  GMAC trade line related to 2460 Seebaldt Ave in Waterford, MI

(Collectively "Forged Trade Lines").

28. In connection with her consumer disputes related to the Forged Trade Lines, Mrs. Scanlan provided each credit reporting agency with:

    a.  a copy of the complaint that the Mr. and Mrs. Scanlan filed against Randy Saylor in Oakland County Circuit Court, docket number 08-089616-CZ and assigned to

the Honorable Denise Langford Morris in which they alleged that each of these properties were never purchased by Mrs. Scanlan, but were in her name due to Mr. Saylor's forgery of her name. Mrs. Scanlan bates stamped these documents 000105-000118 to her consumer disputes to each of the credit reporting agencies (Exhibit 3).

b. a copy of the default judgment against Saylor in the above litigation which transformed all of their allegations against Mr. Saylor into established facts. Mrs. Scanlan bates stamped these documents 000119-000120 to her consumer disputes to each of the credit reporting agencies (Exhibit 4).

29. Each of the credit reporting agencies forwarded the Plaintiffs' consumer disputes to the Defendant Lenders that were involved in each of the Plaintiffs' consumer disputes.

30. In response to Plaintiff Maureen Scanlan's consumer disputes:

a. Experian removed all of the trade lines that she had disputed including those of the Defendant Lenders;

b. Trans Union wrongfully retained the trade lines from Defendants GMAC Mortgage and Wachovia, claiming that these Defendant Lenders had verified these trade lines as belonging to her.

c. Defendant Equifax wrongfully retained the trade lines from Defendants First Horizon, GMAC Mortgage and Wachovia Mortgage claiming that these Defendant Lenders had verified these trade lines as belonging to her.

31. In response to Plaintiff Mark Scanlan's consumer disputes:

a. Experian removed all of the trade lines that he had disputed including those that had been reported by the Defendant Lenders;

6

b.  Defendant Equifax wrongfully retained the trade lines from Defendants First Horizon claiming that these Defendant Lenders had verified these trade lines as belonging to her.

32. None of the Defendant Lenders have a right to report any trade line related to the Shafir Properties because the Shafir Settlement Agreement terminated any right to do so from "the beginning of time."

33. In connection with their consumer disputes, the Plaintiffs put the Defendant Credit Reporting Agencies on notice of the fact that none of the Defendant Lenders had a right to report any trade line on the Plaintiffs' consumer credit files.  The Plaintiffs did so by providing the Defendant Credit Reporting Agencies with all of the documents sufficient to prove that these trade lines should not be retained on their credit reports.

34. The Defendant Lenders violated their obligations to the Plaintiffs to conduct a reasonable reinvestigation under the Fair Credit Reporting Act at 15 U.S.C. 1681s-2(b).

35. The Defendant Credit Reporting Agencies violated their obligations to the Plaintiffs to conduct a reasonable reinvestigation under the Fair Credit Reporting Act at 15 U.S.C. 1681i by failing to conduct such reinvestigations in response to the Plaintiffs' consumer disputes.

36.  The Defendant Credit Reporting Agencies violated their obligations to the Plaintiffs at 15 U.S.C. 1681e (b) by failing to use procedures to assure maximum possible accuracy in preparing a credit report.

**COUNT I**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY DEFENDANT FIRST HORIZON NATIONAL CORPORATION**

37. Plaintiffs reallege the above paragraphs as if recited verbatim.

38.  After being informed by Equifax and Trans Union ("Defendant CRAs") that the Plaintiffs disputed the accuracy of the trade lines reported by it, First Horizon National Corporation was required to conduct an investigation into each of the Plaintiffs' consumer disputes.

39. First Horizon National Corporation negligently failed to conduct a proper reinvestigation into all of the Plaintiffs' disputes as required by 15 USC 1681s-2(b).

40. First Horizon National Corporation negligently failed to review all relevant information available to it and provided by each of the credit reporting agencies in conducting its reinvestigations as required by 15 USC 1681s-2(b).

41. First Horizon National Corporation negligently failed to direct Equifax to delete the inaccurate information about the Plaintiffs pertaining to its trade line as required by 15 USC 1681s-2(b)(1)(c).

42. As a direct and proximate cause of First Horizon National Corporation's negligent failure to perform its respective duties under the FCRA, each plaintiff has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

43. First Horizon National Corporation is liable to the Plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

44. The Plaintiffs have a private right of action to assert against First Horizon National Corporation arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFFS PRAY** that this court grant each of them a judgment against the Defendant First Horizon National Corporation for actual damages, costs, interest and attorneys' fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT FIRST HORIZON NATIONAL CORPORATION

45. Plaintiffs reallege the above paragraphs as if recited verbatim.

46. After being informed by the credit reporting agencies that the Plaintiffs disputed the accuracy of the information they were furnishing, Defendant First Horizon National Corporation willfully failed to conduct a proper reinvestigation of the Plaintiffs' disputes.

47. First Horizon National Corporation willfully failed to review all relevant information available to it and provided by each of the credit reporting agencies as required by 15 USC 1681s-2(b).

48. First Horizon National Corporation had a copy of the Shafir Settlement Agreement in its actual or constructive possession and, upon information and belief, had been provided another copy by each of credit reporting agencies.

49. Indeed, First Horizon National Corporation knew at the time that it had received the Plaintiffs' consumer disputes from the credit reporting agencies, that neither of the Plaintiffs owed it any money or obligation of any sort, from the beginning of time.

50. First Horizon National Corporation willfully failed to direct Equifax to delete its wrongfully reported trade lines as required by 15 USC 1681s-2(b).

51. As a direct and proximate cause of First Horizon National Corporation's willful failure to perform its duties under the FCRA, the plaintiffs have suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

52. First Horizon National Corporation is liable to the Plaintiffs for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant each of them a judgment against First Horizon National Corporation for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT GMAC MORTGAGE LLC

53. Plaintiffs reallege the above paragraphs as if recited verbatim.

54. After being informed by the Defendant CRAs that Plaintiff Maureen Scanlan disputed the accuracy of the trade lines reported by it, Defendant GMAC Mortgage LLC was required to conduct an investigation into each of her consumer disputes.

10

55. GMAC Mortgage LLC negligently failed to conduct a proper reinvestigation into Mrs. Scanlan's disputes as required by 15 USC 1681s-2(b).

56. GMAC Mortgage LLC negligently failed to review all relevant information available to it, including and especially all of the information provided by the Plaintiffs. GMAC Mortgage LLC also failed to review all of the information provided to it by each of the credit reporting agencies in conducting its reinvestigations as required by 15 USC 1681s-2(b).

57. GMAC Mortgage LLC negligently failed to direct Equifax and Trans Union to delete the inaccurate information about Mrs. Scanlan pertaining to its trade line as required by 15 USC 1681s-2(b)(1)(c).

58. As a direct and proximate cause of GMAC Mortgage LLC's negligent failure to perform its respective duties under the FCRA, Mrs. Scanlan has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

59. GMAC Mortgage LLC is liable to Mrs. Scanlan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

60. Mrs. Scanlan has a private right of action to assert claims against GMAC Mortgage LLC arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF MAUREEN SCANLAN PRAY** that this court grant her a judgment against the Defendant GMAC Mortgage LLC for actual damages, costs, interest and attorneys' fees.

11

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY DEFENDANT GMAC MORTGAGE LLC

61. Plaintiffs reallege the above paragraphs as if recited verbatim.

62. After being informed by the credit reporting agencies that the Mrs. Scanlan disputed the accuracy of the information it was furnishing, Defendant GMAC Mortgage LLC willfully failed to conduct a proper reinvestigation into her disputes.

63. GMAC Mortgage LLC willfully failed to review all relevant information available to it, including and especially all of the information provided by the Plaintiffs. GMAC Mortgage LLC also willfully failed to review all of the information provided to it by each of the credit reporting agencies in conducting its reinvestigations as required by 15 USC 1681s-2(b).

64. GMAC Mortgage LLC had a copy of the Shafir Settlement Agreement in its actual or constructive possession and, upon information and belief, had been provided another copy by each of credit reporting agencies.

65. Indeed, GMAC Mortgage LLC knew at the time that it had received Mrs. Scanlan's consumer disputes from the credit reporting agencies, that she did not owed it any money or obligation of any sort, from the beginning of time.

66. GMAC Mortgage LLC willfully failed to direct Equifax and Trans Union to delete its wrongfully reported trade lines as required by 15 USC 1681s-2(b).

67. As a direct and proximate cause of GMAC Mortgage LLC's willful failure to perform its duties under the FCRA, Mrs. Scanlan has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

68. GMAC Mortgage LLC is liable to Mrs. Scanlan for either statutory damages or actual damages that she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF MAUREEN SCANLAN PRAY** that this court grant her a judgment against GMAC Mortgage LLC for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY DEFENDANT WACHOVIA MORTGAGE, FSB

69. Plaintiffs reallege the above paragraphs as if recited verbatim.

70. After being informed by the Defendant CRAs that Mrs. Scanlan disputed the accuracy of the trade lines reported by it, Defendant Wachovia Mortgage, FSB was required to conduct an investigation into her consumer disputes.

71. Wachovia Mortgage, FSB negligently failed to conduct a proper reinvestigation into Mrs. Scanlan's disputes as required by 15 USC 1681s-2(b).

72. Wachovia Mortgage, FSB negligently failed to review all relevant information available to it and provided by each of the credit reporting agencies in conducting its reinvestigations as required by 15 USC 1681s-2(b).

73. Wachovia Mortgage, FSB negligently failed to direct Equifax and Trans Union to delete the inaccurate information about Mrs. Scanlan pertaining to its trade line as required by 15 USC 1681s-2(b)(1)(c).

74. As a direct and proximate cause of Wachovia Mortgage, FSB's negligent failure to perform its duties under the FCRA, Mrs. Scanlan has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

75. Wachovia Mortgage, FSB is liable to Mrs. Scanlan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

76. Mrs. Scanlan has a private right of action to assert claims against Wachovia Mortgage, FSB arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF MAUREEN SCANLAN PRAY** that this court grant her a judgment against the Defendant Wachovia Mortgage, FSB for actual damages, costs, interest and attorneys' fees.

**COUNT VI**

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
BY DEFENDANT WACHOVIA MORTGAGE, FSB**

77. Plaintiffs reallege the above paragraphs as if recited verbatim.

78. After being informed by the credit reporting agencies that Mrs. Scanlan disputed the accuracy of the information it was furnishing, the Defendant Wachovia Mortgage, FSB willfully failed to conduct a proper reinvestigation of the her disputes.

79. Wachovia Mortgage, FSB willfully failed to review all relevant information available to it and provided by each of the credit reporting agencies as required by 15 USC 1681s-2(b).

80. Wachovia Mortgage, FSB had a copy of the Shafir Settlement Agreement in its actual or constructive possession and, upon information and belief, had been provided another copy by each of credit reporting agencies.

81. Indeed, Wachovia Mortgage, FSB knew at the time that it had received Mrs. Scanlan's consumer disputes from the credit reporting agencies, that she did not owe it any money or obligation of any sort and that Saylor had forged the Plaintiffs' signatures to the obligation as reflected on its trade line 512002646xxxx.

82. Wachovia Mortgage, FSB willfully failed to direct Equifax and Trans Union to delete its wrongfully reported trade lines as required by 15 USC 1681s-2(b).

83. As a direct and proximate cause of Wachovia Mortgage, FSB's willful failure to perform its duties under the FCRA, Mrs. Scanlan has suffered actual damages, mental anguish, suffering, humiliation and embarrassment.

84. Wachovia Mortgage, FSB is liable to Mrs. Scanlan for either statutory damages or actual damages that she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount

15

to be determined by the trier of fact, as well as for reasonable attorneys fees and she may

recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF MAUREEN SCANLAN PRAY** that this court grant her

a judgment against Wachovia Mortgage, FSB for the greater of statutory or actual damages, plus

punitive damages, along with costs, interest and attorneys' fees.


## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

85. Plaintiffs reallege the above paragraphs as if recited verbatim.

86. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and

    otherwise reproduced consumer reports regarding the plaintiffs as that term is defined in

    15 USC 1681a.

87. Such reports contained information about the Plaintiffs that was false, misleading and

    inaccurate.

88. Equifax negligently failed to maintain and/or follow reasonable procedures to assure

    maximum possible accuracy of the information it  reported to one or more third parties

    pertaining to the Plaintiffs, in violation of 15 USC 1681e(b).

89. As a direct and proximate cause of Equifax's negligent failure to perform its duties under

    the FCRA, the Plaintiffs have suffered actual damages, mental anguish and suffering,

    humiliation and embarrassment.

90. Equifax is liable to the plaintiffs by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees and they may recover therefore pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## COUNT VIII

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

91. Plaintiff realleges the above paragraphs as if recited verbatim.

92. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiffs as that term is defined in 15 USC 1681a.

93. Such reports contained information about plaintiffs that was false, misleading and inaccurate.

94. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

95. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, the Plaintiff s have suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

17

96. Equifax is liable to the Plaintiffs by reason of its violations of the FCRA in an amount to be determined by the trier fact together with their reasonable attorneys' fees and they may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## COUNT IX

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY TRANS UNION.

97. Plaintiffs reallege the above paragraphs as if recited verbatim.

98. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiffs as that term is defined in 15 USC 1681a.

99. Such reports contained information about the Plaintiffs that was false, misleading and inaccurate.

100.    Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiffs, in violation of 15 USC 1681e(b).

101.    As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, the Plaintiffs have suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

18

102.      Defendant Trans Union is liable to the plaintiffs by reason of its violation of the

FCRA in an amount to be determined by the trier fact together with their reasonable

attorneys' fees and she may recover therefore pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against

Trans Union  for actual damages, costs, interest and attorneys' fees.


## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY TRANS UNION.

103.      Plaintiffs reallege the above paragraphs as if recited verbatim.

104.      Defendant Trans Union prepared, compiled, issued, assembled, transferred,

published and otherwise reproduced consumer reports regarding the plaintiffs as that term

is defined in 15 USC 1681a.

105.      Such reports contained information about the Plaintiffs that was false, misleading

and inaccurate.

106.      Trans Union willfully failed to maintain and/or follow reasonable procedures to

assure maximum possible accuracy of the information that it reported to one or more

third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

107.      As a direct and proximate cause of Trans Union's willful failure to perform its

duties under the FCRA, the Plaintiffs have suffered actual damages, mental anguish and

suffering, humiliation and embarrassment.

108.    Trans Union is liable to the Plaintiffs by reason of its violations of the FCRA in

an amount to be determined by the trier fact together with their reasonable attorneys' fees

and they may recover therefore pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFFS PRAY** that this court grant them a judgment against

Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages

along with costs, interest and reasonable attorneys' fees.


**JURY DEMAND**

Plaintiff hereby demands a trial by Jury.


Respectfully submitted.


June 9, 2010                    /s/ Gary Nitzkin
                                GARY D. NITZKIN (P 41155)
                                NITZKIN & ASSOCIATES
                                Attorneys for Plaintiff
                                22142 West Nine Mile Road
                                Southfield, MI 48034
                                (248) 353-2882
                                Email – gnitzkin@creditor-law.com

# Exhibit 1

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH
SHAFIR, Trustee u/a/d May 16, 1986 for ISAIAH
SHAFIR, ISAIAH SHAFIR TRUST, and
REVOCABLE LIVING TRUST FOR ISAIAH
SHAFIR,

          Plaintiffs/Counter-Defendants

v.

JAMES KRAUSS, JANICE KRAUSS, SCOTT
REIMER, ROBIN REIMER, MARK SCANLAN,
MAUREEN SCANLAN, JEFFREY FLYNN, MARK
FREIER, DEBBIE FREIER

          Defendants/Counter-Plaintiffs and Cross-
          Plaintiffs

and

FIRST AMERICAN TITLE INSURANCE CO.,

          Defendant/Counter-Plaintiff and Cross-
          Defendant

and

PATRIOT TITLE AGENCY LLC, SIMMONS TITLE
AGENCY, ARTHUR SIMMONS, CYNTHIA
RAQUET AND KIRK SCHEIB,

          Defendants and Cross-Defendants

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., OPTION ONE MORTGAGE
CORPORATION OF CALIFORNIA, WORLD
SAVINGS BANK, FSB, WASHINGTON MUTUAL
BANK, FA, RANDY SAYLOR, IRSS REVOCABLE
TRUST, KRSS REVOCABLE TRUST, TITANIC
INVESTMENT GROUP, et al.

          Defendants.

Case No. 08-091478-CH
Hon. Wendy L. Potts

Received for Filing Oakland County Clerk 2009 JUN 03 PM 02:11

Received for Filing Oakland County Clerk 2009 JUN 03 PM 02:11

Gerard V. Mantese (P34424)
David Hansma (P71056)
MANTESE & ROSSMAN, P.C.
Attorneys for Plaintiffs
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Jeffery D. Maynard (P55243)
MAYNARD LAW ASSOCIATES, PLLC
Attorneys for Francine Pierce
25600 Woodward Ave., Ste. 111
Royal Oak, MI 48076
(248) 399-0176

Henry Wineman III (P54752)
FRASCO CAPONIGRO WINEMAN
& SCHEIBLE PLLC
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
248-334-6767

Erik Stone (P29088)
ERIK J. STONE, PC
Attorneys for Krauss, Reimer, Scanlan,
Flynn & Frier
4036 Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
(248) 594-3109

Thomas J. Pereira (P18779)
THOMAS J. PEREIRA, P.C.
Attorney for Bonnie Simpson Scanlan,
Bryan Scanlan and Carol Simpson
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
(248) 737-7170

Richard E. Segal (P33107)
RICHARD E. SEGAL & ASSOCIATES
Attorneys for MERS
6230 Orchard lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

Martin Frenkel (P49283)
MADDIN HAUSER WARTELL ROTH
Attorneys for Option One Mortgage
28400 Northwestern Hwy., 3rd Floor
Southfield, MI 48034
(248) 354-4030

Phillip J. Neuman (P35499
Sarah Heisler Gidley (P53874)
TAUBMAN, NADIS & NEUMAN, P.C.
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 4833
248-865-3700

Theodore Seitz (P60320)
DYKEMA GOSSETT PLLC
Attorneys for Washington Mutual Fund
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100

Michael Sullivan (P35599)
Colleen Burke (P63857)
COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
Attorneys for Patriot Title Agency &
Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

Received for Filing Oakland County Clerk 2009 JUN 03 PM 02:11

**DEFAULT JUDGMENT IN FAVOR OF SCANLAN DEFENDANTS AGAINST RANDY SAYLOR, IRSS REVOCABLE TRUST, KRSS REVOCABLE TRUST AND TITANIC INVESTMENT GROUP, LLC**

At a session of said Court held in the Courthouse Tower, City of Pontiac, Oakland County, Michigan on

JUN 0 3 2009

WENDY POTTS

Present:  Chief Judge

CIRCUIT COURT JUDGE

This matter having come before the Court upon the motion (the "Motion") of Defendants/Cross-Plaintiffs James Krauss, Janice Krauss, Scott Reimer, Robin Reimer, Mark Scanlan, Maureen Scanlan, Jeffrey Flynn, Mark Freier, and Debbie Freier ("Scanlan Defendants"), for the entry of a Default Judgment against Defendants Randy Saylor, IRSS Revocable Trust, KRSS Revocable Trust and Titanic Investment Group (referred to hereafter as the "Defaulting Parties"), and it appearing that the Defaulting Parties have failed to appear or defend this action, and thus are not entitled to notice of the Motion, and the Court being advised in all of the premises;

The Court having determined that the Defaulting Parties fraudulently induced the Scanlan Defendants to enter into loan transactions with respect to the promissory notes and properties identified in Exhibit A hereto and which are the subject of this litigation and that the Scanlan Defendants were damaged thereby from the date of the loans to the present;

IT IS HEREBY ORDERED that the Court nullifies the loan transactions identified in Exhibit A hereto; and,

IT IS FURTHER ORDERED that judgment in the amount of $1,200,000.00 in favor of the Scanlan Defendants and against the Defaulting Parties is hereby entered.

THIS IS A FINAL ORDER AND CLOSES THE CASE.



CIRCUIT COURT JUDGE

## EXHIBIT A TO Default Judgment[1]

1.　23145 Church Street Oak Park, MI, Mark and Maureen Scanlan, MERS for Independent Realty, Capital Corp. Flagstar Bank No

2.　24300 Coolidge Oak Park, MI, Mark and Maureen Scanlan, MERS for Sure Financial, First Horizon Home Loans Yes

3.　28106 Fairfax St Southfield, MI, Mark and Maureen Scanlan, MERS for Sure Financial First Horizon Home Loans No

4.　19633 Jeanette Southfield, MI, Mark and Maureen Scanlan, MERS for Sure Financial First Horizon Home Loans Yes

5.　25336 Shiawasee #201 Southfield, MI, Mark and Maureen Scanlan, MERS for Sure Financial, First Horizon Home Loans No

6.　15251 Northfield Oak Park, MI, Mark and Maureen Scanlan, MERS for Sure Financial, First Horizon Home Loans Yes

7.　21348 Poinciana Southfield, MI, Maureen Scanlan Birmingham Bancorp Mortgage Corp., Homecomings Financial Network Yes

8.　28490 Brentwood Southfield, MI, Maureen Scanlan, Birmingham Bancorp Mortgage Corp., Homecomings, Financial Network No

9.　28705 Selkirk Southfield, MI, Maureen Scanlan, World Savings Bank, Wachovia Bank f/k/a World Savings Bank No

10.　30051 Brentwood Southfield, MI, Jeffrey C. Flynn, MERS for Sure Financial Flagstar Bank No

11.　29869 Fairfax Southfield, MI, Jeffrey C. Flynn, Birmingham Bancorp Mortgage Corp., Homecomings Financial Network Yes

---

[1] (property address, Cross-Claim Plaintiff/mortgagor, original mortgagee, current holder, foreclosure ?)

Received for Filing Oakland County Clerk 2009 JUN 03 PM 02:11

12.    23610 Condon Oak Park, MI, Jeffrey C. Flynn, Birmingham Bancorp Mortgage Corp.,
Homecomings Financial Network No

13.    24044 Meadowlark Oak Park, MI, Scott and Robin Reimer, MERS for Credit Suisse
First Boston, US Bank NA as Trustee Yes

14.    24200 Scotia Oak Park, MI, Scott and Robin Reimer, MERS for Credit Suisse First
Boston Wells Fargo Yes

15.    22040 Kenosha Oak Park, MI, Scott and Robin Reimer, MERS for Sure Financial
Credit Suisse Financial Corp. No

16    22030 Kenosha Oak Park,  MI, Scott and Robin Reimer, Washtenaw Mortgage Co.,
Washington Mutual Bank Yes

17.    23045 Church St Oak Park, MI, Scott and Robin Reimer, MERS for Homecomings
Financial, GMAC Mortgage,LLC No

18.    23511 Moritz Oak Park, MI, Scott and Robin Reimer, Washington Mutual Bank,
Washington Mutual Bank Yes

19.    12731 Northfield Oak Park, MI, Scott and Robin Reimer, World Savings Bank,
Wachovia Bank f/k/a FICA World Savings Bank No

20.    23250 Eastwood Oak Park, MI, Jim and Janice Krauss, MERS for Sure Financial,
Washington Mutual Bank Yes

21.    23110 Church St Oak Park, MI, James and Janice Krauss, MERS for Sure Financial,
First Horizon Home Loans No

22.    21461 Ridgedale Oak Park, MI, James and Janice Krauss, MERS for Sure Financial,
Chase Home Finance LLC No

23.    25300 Shiawassee #103 Southfield, MI, James and Janice Krauss, Birmingham
Bancorp Mortgage Corp., Birmingham Bancorp Mortgage Yes

24.    24041 Stratford Oak Park, MI, James and Janice Kraus, Washington Mutual Bank,
Washington Mutual Bank No

25.    24300 Ridgedale Oak Park, MI, Mark and Debbie Freier, MERS for Sure Financial,
Flagstar Bank No

26.    23090 Meadowlark Oak Park, MI, Mark and Debbie Freier, MERS for Sure Financial,
Flagstar Bank No

Received for Filing Oakland County Clerk 2009 JUN 03 PM 02:11

27.　　25261 Coolidge Oak Park, MI, Mark and Debbie Freier, Birmingham Bancorp Mortgage Corp., Birmingham Bancorp Mortgage No

28.　　28437 Red Leaf Lane, Southfield, MI, Mark and Debbie Freier, MERS for Sure Financial, Flagstar Bank No

28.　　28588 Aberdeen, Southfield MI, Scott and Robin Reimer, Credit Suisse First Boston, _____ No

Received for Filing Oakland County Clerk 2009 JUN 03 PM 02:11

# Exhibit 2

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (this "Agreement") is made and entered into as of the 12th day of March, 2009, by and among: (a) ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR, Trustee u/a/d May 16, 1986 for ISAIAH SHAFIR, ISAIAH SHAFIR TRUST, and REVOCABLE LIVING TRUST FOR ISAIAH SHAFIR (collectively referred to hereafter as "Shafir"); (b) HOMEOWNERS INVESTMENT COMPANY, a Michigan corporation ("Homeowners"); (c) FIRST AMERICAN TITLE INSURANCE COMPANY, a California corporation ("First American Title"); (d) JAMES KRAUSS, JANICE KRAUSS, SCOTT REIMER, ROBIN REIMER, MARK SCANLAN, MAUREEN SCANLAN, JEFFREY FLYNN, MARK FREIER and DEBBIE FREIER (collectively referred to hereafter as the "Scanlan Defendants"); (e) CAROL SIMPSON, BONNIE SIMPSON and BRYAN SCANLAN (collectively referred to hereafter as the "Simpson Defendants"); (f) PATRIOT TITLE AGENCY, LLC, a Michigan limited liability company and KIRK D. SCHEIB (collectively referred to hereafter as "Patriot"); (g) MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., as nominee for FLAGSTAR BANK and FLAGSTAR BANCORP, INC., a Michigan corporation (collectively referred to hereafter as "Flagstar"); (h) (1) FIRST HORIZON HOME LOANS, individually and as servicer on behalf of FEDERAL NATIONAL MORTGAGE ASSOCIATION, (2) HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability company, individually and as servicer on behalf of GMAC MORTGAGE, LLC, HOMECOMINGS FINANCIAL NETWORK, BANK OF NEW YORK / JP MORGAN CHASE BANK AS TRUSTEE and DEUTSCHE BANK (3) WACHOVIA BANK, (4) US BANK, N.A. AS TRUSTEE FOR CREDIT SUISSE FIRST BOSTON and CREDIT SUISSE FINANCIAL CORPORATION, (5) WELLS FARGO BANK, (6) WASHINGTON MUTUAL BANK, JP MORGAN CHASE BANK and CHASE HOME

1

FINANCE LLC, (7) (A) SAND CANYON CORPORATION f/k/a OPTION ONE MORTGAGE CORPORATION, and (B) AMERICAN HOME MORTGAGE SERVICING, INC., (i) AS SERVICER AND ATTORNEY-IN-FACT, ON BEHALF OF DEUTSCHE BANK, TRUSTEE OF THE SOUNDVIEW 2005-OPT1 TRUST; (ii) AS SUB-SERVICER AND ATTORNEY-IN-FACT, ON BEHALF OF AURORA LOAN SERVICES, LLC AS MASTER SERVICER OF THE LEHMAN SAIL 2005-6 TRUST; and (iii) AS SUB-SERVICER AND ATTORNEY-IN-FACT, ON BEHALF OF AURORA LOAN SERVICES, LLC AS MASTER SERVICER OF THE LEHMAN SAIL 2005-4 TRUST; (8) GMAC MORTGAGE, LLC AS SERVICER FOR FEDERAL NATIONAL MORTGAGE ASSOCIATION (all of the lenders in this sub-paragraph (h) are collectively referred to hereafter as the "Insured Mortgagees"); and (i) STEADFAST INSURANCE COMPANY ("Steadfast").

## RECITALS

A.      Shafir commenced litigation in the Oakland County Circuit Court, bearing docket number 2008-091478-CH, against First American Title, the Scanlan Defendants, the Simpson Defendants, Patriot, Flagstar, the Insured Mortgagees, and other parties (the "Shafir Lawsuit"), seeking, among other things, to foreclose a certain land contract and/or to quiet title to a group of forty-two properties (each of which is referred to hereafter as a "Shafir Property" and collectively referred to as the "Shafir Properties") described on the attached **Exhibit A** and damages arising out of alleged tortious conduct;

B.      In the Shafir Lawsuit, the following pleadings were filed: First American Title filed a Counter-Complaint against Shafir; the Scanlan Defendants filed a Counter-Complaint against

Shafir and a Cross-Complaint against First American Title, Patriot and other parties; and Flagstar filed a Cross-Complaint against First American Title.

      C.      Steadfast commenced litigation in the Oakland County Circuit Court, bearing docket number 2008-096431-CK, against First American Title, Patriot, Shafir and other parties (the "Steadfast Lawsuit") seeking, among other things, rescission, declaratory relief and other relief with respect to its obligations under a certain errors and omissions policy of insurance issued by Steadfast to Patriot;

      D.      Flagstar commenced litigation in the Oakland County Circuit Court, bearing docket number 2009-097173-CH, against Homeowners (the "Homeowners Lawsuit") seeking, among other things, declaratory relief with respect to a certain mortgage held by Homeowners encumbering the property at 28714 Blackstone, Lathrup Village, Michigan (the "Blackstone Property");

      E.      The parties have agreed to resolve their differences as set forth herein.

## AGREEMENT

NOW THEREFORE, in consideration of the foregoing, and the agreements, covenants and conditions contained herein, and for good and valuable other consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged by each of the parties hereto, the aforementioned parties hereby covenant and agree as follows:

      1.      The recitals set forth above are incorporated herein by reference.

      2.      In consideration of the execution of this Agreement and the releases set forth herein, First American Title, shall, within ten days after the execution of this Agreement by all parties, pay a total of $1,800,000.00 as follows:

3

(a)    A sum of money to be determined shall be paid by First American Title to Comerica Bank, First Independence National Bank and Citimortgage (collectively referred to as the "Shafir Prior Lenders"). Each of the Shafir Prior Lenders holds one or more mortgages (the "Shafir Prior Mortgages") encumbering one or more of the Shafir Properties. As soon as practicable, Shafir shall obtain payoff statements from each of the Shafir Prior Lenders specifying the amount necessary to payoff the Shafir Prior Mortgages as of April 15, 2009, along with a per diem rate thereafter. First American Title shall pay directly to the Shafir Prior Lenders at the address set forth in their respective payoff statements whatever amount is necessary to satisfy and discharge each of the Shafir Prior Mortgages.

(b)    The sum of $125,000 shall be paid by First American Title to Mantese and Rossman, P.C., 1361 E. Big Beaver Rd., Troy, MI 48084.

(c)    The balance after deducting the amounts paid pursuant to subparagraphs (a) and (b) shall be paid to Shafir by check made payable to "Isaiah Shafir" and sent to Mantese and Rossman, P.C.

3.    In consideration of the execution of this Agreement and the releases set forth herein, Steadfast, on behalf of Patriot, shall pay $50,000.00 to Shafir by check made payable to "Isaiah Shafir" and sent to Mantese and Rossman, P.C. Such payment shall be made within ten days following the execution of this Agreement by all parties.

4.    In consideration of the execution of this Agreement and the releases set forth herein, First American Title shall pay $50,000.00 to Flagstar by check made payable to Flagstar Bank, FSB and sent c/o Richard E. Segal & Associates, P.C., 6230 Orchard Lake Rd., Ste. 294, West

4

Bloomfield, MI 48322. Such payment shall be made within ten days following the execution of this Agreement by all parties.

5.    In consideration of the execution of this Agreement and the releases set forth herein, the Scanlan Defendants shall pay $12,000.00 to Flagstar by check made payable to Flagstar Bank, FSB and sent to Richard E. Segal & Associates, P.C.. Such payment shall be made within ten days following the execution of this Agreement by all parties.

6.    In consideration of the execution of this Agreement and the releases set forth herein, and a separate Settlement Agreement and Mutual Release to be executed by Flagstar and the Simpson Defendants, the Simpson Defendants shall pay $35,000.00 to Flagstar. Such payment shall be made in one installment of $17,500.00 within ten days following the execution of this Agreement by all parties and one subsequent installment $17,500.00 payable no later than one year following the execution of this Agreement by all parties. All payments shall be by check made payable to Flagstar Bank, FSB and sent to Richard E. Segal & Associates, P.C.

7.    In consideration of the execution of this Agreement and the releases set forth herein, Shafir shall pay $13,000.00 to Flagstar by check made payable to Flagstar Bank, FSB and sent to Richard E. Segal & Associates, P.C. Such payment shall be made within ten days following the execution of this Agreement by all parties.

8.    The Parties hereto shall enter into a stipulation to dismiss all claims, counterclaims and cross-claims they have made against each other, as well as any claims or cross-claims with respect to Simmons Title Agency, Arthur Simmons and Cynthia Raquet, with prejudice and without costs to any party. The stipulation shall also contain a provision reforming that certain deed given by IRSS Revocable Trust to Jeffrey Flynn dated May 11, 2004 and that certain

5

mortgage given by Jeffrey Flynn to Mortgage Electronic Registration Systems, Inc. as nominee for Sure Financial Corporation dated May 11, 2004, with respect to the property commonly known as 30051 Brentwood, Southfield, Michigan, so that such deed and mortgage shall be deemed to refer to Lot 108, Meadowlawn Gardens Subdivision, and not Lot 18, Meadowlawn Gardens Subdivision. The stipulation shall also contain a provision quieting title in the Shafir Properties in favor of Flagstar and the Insured Mortgagees and against Shafir, Randy Saylor, IRSS Revocable Trust, KRSS Revocable Trust, Titanic Investment Group, the Scanlan Defendants, the Simpson Defendants, Doreen Schwarze and Matthew Anderton. A proposed stipulation comporting with this provision is attached to this Agreement as **Exhibit B**. Each party shall be responsible for its own attorneys fees.

9. A Default Judgment shall enter in favor of the Scanlan Defendants and the Simpson Defendants against Randy Saylor ("Saylor") whereby any deed given or purportedly given by any of the Scanlan Defendants or any of the Simpson Defendants to any entity owned or controlled by Saylor with respect to any Shafir Property that has not yet been the subject of a foreclosure by Flagstar or the Insured Mortgagees (as noted on Exhibit A attached hereto) shall be set aside and deemed null and void, thereby re-vesting title to such non-foreclosed properties in the appropriate Scanlan Defendant or Simpson Defendant. A proposed Default Judgment comporting with this provision is attached to this Agreement as **Exhibit C**.

10. Shafir and Steadfast shall enter into a stipulation to dismiss the claims asserted by Steadfast against Shafir in the Steadfast Lawsuit with prejudice and without costs to either party. A proposed stipulation comporting with this provision is attached to this Agreement as **Exhibit D**. Each party shall be responsible for its own attorneys fees.

6

11.     Flagstar and Homeowners shall enter into a Consent Judgment with respect to the claims asserted by Flagstar against Homeowners in the Homeowners Lawsuit, whereby the mortgage held by Homeowners encumbering the Blackstone Property shall be deemed null and void, the Sheriff's Deed issued by the Oakland County Sheriff to Homeowners shall be deemed null and void and title to the Blackstone Property shall be quieted in Jennifer Kojs ("Kojs"), subject only to the mortgage given by Kojs and now held by Flagstar. A proposed Consent Judgment comporting with this provision is attached to this Agreement as **Exhibit E**. Each party shall be responsible for its own attorneys fees.

12.     Shafir will cancel any and all Allstate Insurance policies of casualty insurance on the Shafir Properties as of March 12, 2009, and First American Title shall be responsible for any cancellation fees or charges associated with such cancellation. Shafir shall not be responsible for the payment of any unpaid property taxes owing to any taxing authority with respect to any of the Shafir Properties.

13.     Shafir shall execute and deliver to First American Title within ten days following the execution of this Agreement by all parties quit-claim deeds to each of the Shafir Properties conveying his or its interest in each Shafir Property to Flagstar or the Insured Mortgagee, as appropriate. An example of the quit-claim deed is attached to this Agreement as **Exhibit F**. First American Title shall draft the deeds and be solely responsible for any recording fees or transfer taxes associated with the recording of such deeds.

14.     Shafir shall execute and deliver to First American Title within ten days following the execution of this Agreement by all parties a Discharge of Lis Pendens (the "Discharge") with

7

respect to each of the Shafir Properties. Shafir shall draft the Discharge and First American Title shall be solely responsible for any recording fees associated with the recording of the Discharge.

15. The Scanlan Defendants and the Simpson Defendants shall execute quit-claim deeds in favor of Flagstar or the Insured Mortgagee, as appropriate, with respect to any Shafir Property held by such Scanlan Defendant or Simpson Defendant. Scott Reimer and Robin Reimer shall execute a quit-claim deed in favor of First American Title solely with respect to the property at 28588 Aberdeen, Southfield, Michigan. An example of the quit-claim deed is attached to this Agreement as **Exhibit G**. First American Title shall draft the deeds and be solely responsible for any recording fees associated with the recording of such deeds.

16. Flagstar shall remove its trade lines from each and every credit reporting agency to which Flagstar has reported its trade lines as to each and every one of the Scanlan Defendants, and agrees to take no action in response to any dispute posited by any or all of the Scanlan Defendants with respect to Flagstar's trade liens as they appear on the Scanlan Defendants' consumer credit files with respect to the Shafir Properties.

17. In consideration for the payments and orders described above, Shafir releases, remises, acquits and forever discharges First American Title, the Scanlan Defendants, the Simpson Defendants, Patriot, Flagstar, the Insured Mortgagees and Steadfast, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees from any and all causes of action, claims, demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever, in law or in equity, from the beginning of time and in the future whether known or unknown, fixed or contingent, which relate in any way to the Shafir Properties, including but not limited to any and

8

all claims which either were brought, could have been brought and/or should have been brought in the Shafir Lawsuit or the Steadfast Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement. It is specifically understood and agreed that Saylor and any entity except Patriot owned or controlled by Saylor shall not be released herein.

18. In consideration for the payments and orders described above, First American Title and Patriot release, remise, acquit and forever discharge Shafir, the Scanlan Defendants, the Simpson Defendants, Flagstar and the Insured Mortgagees, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees from any and all causes of action, claims, demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever, in law or in equity, from the beginning of time and in the future whether known or unknown, fixed or contingent, which relate in any way to the Shafir Properties, including but not limited to any and all claims which either were brought, could have been brought and/or should have been brought in the Shafir Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement.

19. In consideration for the payments and orders described above, the Scanlan Defendants and the Simpson Defendants release, remise, acquit and forever discharge Shafir, First American Title, Patriot, Flagstar, the Insured Mortgagees and Steadfast, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees from any and all causes of action, claims, demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever, in law or in equity, from the beginning of time and in the future whether known or unknown, fixed or contingent, which relate in any way to the Shafir Properties, including but not

9

limited to any and all claims which either were brought, could have been brought and/or should have been brought in the Shafir Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement. Notwithstanding the foregoing, nothing in this Agreement shall prevent the Scanlan Defendants from exercising their rights under the Fair Credit Reporting Act. The Insured Mortgagees shall not be deemed to have waived any right, duty or obligation under the Fair Credit Reporting Act in the event of any challenge. It is specifically understood and agreed that Saylor and any entity except Patriot owned or controlled by Saylor shall not be released herein.

20.     In consideration for the payments and orders described above, Flagstar and the Insured Mortgagees release, remise, acquit and forever discharge Shafir, First American Title, the Scanlan Defendants, the Simpson Defendants, Patriot, and Steadfast, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees from any and all causes of action, claims, demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever, in law or in equity, from the beginning of time and in the future whether known or unknown, fixed or contingent, which relate to the claims which either were brought, or could have been brought in the Shafir Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement. This release expressly does not include claims Flagstar or the Insured Mortgagees may have against First American Title for title defects unrelated to the claims asserted in the Shafir Lawsuit which might be discovered or arise in the future that are covered by existing policies of title insurance for the Shafir Properties (the "Policies") underwritten by First American Title, which policies remain in full force and effect. The Amount of Insurance that will continue to be

10

afforded to Flagstar and the Insured Mortgagees shall be reduced by 45% as to each Policy (which percentage is equal to the percentage that First American Title's total payments herein bears to the total amount of coverage under all Policies). It is specifically understood and agreed that Saylor and any entity other than Patriot owned or controlled by Saylor is/are excluded from the release herein.

21.     In consideration for the payments and orders described above, Steadfast releases, remises, acquits and forever discharges Shafir, the Scanlan Defendants, the Simpson Defendants, Flagstar and the Insured Mortgagees, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees from any and all causes of action, claims, demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever, in law or in equity, from the beginning of time and in the future whether known or unknown, fixed or contingent, which relate in any way to the Properties, including but not limited to any and all claims which either were brought, could have been brought and/or should have been brought in the Shafir Lawsuit or the Steadfast Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement.

22.     In consideration of First American's payment to Shafir as set forth in paragraph 2, the undertakings described in this Agreement and for other good and valuable consideration, Flagstar and Homeowners hereby fully, finally, completely, and forever discharge, release and acquit each other, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees, of and from any and all claims, counterclaims, actions, causes of action, rights, liabilities, obligations, requests and demands of every kind and nature whatsoever, which relate in any way to the Blackstone Property, including but not limited

11

to any and all claims which either were brought, could have been brought and/or should have been brought in the Homeowners Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement.

23. The parties to this Agreement understand that this Settlement Agreement does not constitute an admission of liability on the part of any of the parties hereto, but is made to resolve the disputes between the parties and liability is expressly denied.

24. This Agreement is entered into without precedential value and is not intended to be, nor shall it be construed as, an interpretation of any insurance policy, or a position on any issue or on the application of any insurance policy to any claim or matter and shall not be used as evidence in any other manner in any court or dispute resolution proceeding to create, prove, or interpret the rights or obligations of First American Title, Steadfast or the Insured Mortgagees under any insurance policies issued by or to any person or entity.

25. General Provisions:

A. This Agreement shall be binding upon and inure to the benefit of the parties and their respective successors and assigns.

B. This Agreement and the rights of the parties shall be construed and performed in accordance with the laws of the State of Michigan.

C. This agreement constitutes the entire agreement between the parties with respect to the subject matter hereof and supercedes all prior agreements and representations, whether oral or written by any party or representative of any party.

D. The parties hereby represent, acknowledge and warrant that they have entered into this Agreement of their free will and accord and, relying upon their own judgment and the advice

12

of their independent counsel, they have not been induced to enter into this Agreement by any statement, act or representation of any kind or character on the part of any other party, except as set forth herein.

E.      The parties hereby approve and ratify the actions of their attorneys of record in executing the Stipulations for Dismissal to be entered in the Shafir Lawsuit, the Steadfast Lawsuit and the Homeowners Lawsuit referenced herein.

F.      This agreement may be executed in counterparts which together shall constitute one and the same instrument and shall be binding upon all the parties hereto and their respective heirs, personal representatives, successors and assigns.  For purposes of executing this Agreement, a document signed and transmitted by facsimile shall be treated as an original document. The signature of any party thereon shall be considered as an original signature, and the document transmitted shall be considered to have the same binding legal effect as an original signature on an original document. At the request of either party, any facsimile document shall be re-executed by both parties in original form. No party hereto may raise the use of a facsimile machine or the fact that any signature was transmitted through the use of a facsimile machine as a defense to the enforcement of this Agreement.

G.      Each person executing this Agreement on behalf of an entity represents and warrants to all other parties that such person has the requisite and necessary authority to bind such entity to the terms of this Agreement.

H.      The parties have each participated in the drafting of this Agreement, and no provision shall be construed against any party by reason of such party's participation in the drafting hereof.

13

I.     If any provision of this Agreement shall in any way be or become in violation of or prohibited by valid applicable laws, judgments, decrees, or public policy of applicable states and jurisdictions, such provision, if severable from other provisions in this Agreement, shall be, as to the applicable state or jurisdiction only, ineffective and void solely to the extent of such violation or prohibition, but shall in no way invalidate or otherwise affect any of the remaining provisions of this Agreement, which shall remain effective.

IN WITNESS WHEREOF, the parties have executed this Mutual Release and Settlement Agreement on the date(s) set forth below. THE UNDERSIGNED REPRESENT THAT THEY HAVE READ, UNDERSTAND, AND AGREE TO THE TERMS OF THIS AGREEMENT:

DATED: _5 - 12 - 09_     BY: _____
                              Isaiah Shafir, individually and as trustee of the
                              Isaiah Shafir Revocable Trust u/a/d 5/16/1986

DATED: _5 / 12 / 09_      BY: _____
                              Peggy Shafir

DATED: _5 - 12 - 09_      BY: _____ Pres.
                              Homeowners Investment Company

DATED: _____     BY: _____
                              First American Title Insurance Company

DATED: _____     BY: _____
                              James Krauss

DATED: _____     BY: _____
                              Janice Krauss

DATED: _____     BY: _____
                              Scott Reiner

14

I.     If any provision of this Agreement shall in any way be or become in violation of or prohibited by valid applicable laws, judgments, decrees, or public policy of applicable states and jurisdictions, such provision, if severable from other provisions in this Agreement, shall be, as to the applicable state or jurisdiction only, ineffective and void solely to the extent of such violation or prohibition, but shall in no way invalidate or otherwise affect any of the remaining provisions of this Agreement, which shall remain effective.

**IN WITNESS WHEREOF, the parties have executed this Mutual Release and Settlement Agreement on the date(s) set forth below. THE UNDERSIGNED REPRESENT THAT THEY HAVE READ, UNDERSTAND, AND AGREE TO THE TERMS OF THIS AGREEMENT:**

DATED: _____     BY: _____
                          Isaiah Shafir, individually and as trustee of the
                          Isaiah Shafir Revocable Trust u/a/d 5/16/1986

DATED: _____     BY: _____
                          Peggy Shafir

DATED: _____     BY: _____
                          Homeowners Investment Company

DATED: _____     BY: _____
                          First American Title Insurance Company

DATED: _____     BY: _____
                          James Krauss

DATED: _____     BY: _____
                          Janice Krauss

DATED: _____     BY: _____
                          Scott Reimer

14

I.     If any provision of this Agreement shall in any way be or become in violation of or prohibited by valid applicable laws, judgments, decrees, or public policy of applicable states and jurisdictions, such provision, if severable from other provisions in this Agreement, shall be, as to the applicable state or jurisdiction only, ineffective and void solely to the extent of such violation or prohibition, but shall in no way invalidate or otherwise affect any of the remaining provisions of this Agreement, which shall remain effective.

**IN WITNESS WHEREOF, the parties have executed this Mutual Release and Settlement Agreement on the date(s) set forth below. THE UNDERSIGNED REPRESENT THAT THEY HAVE READ, UNDERSTAND, AND AGREE TO THE TERMS OF THIS AGREEMENT:**

DATED: _____     BY: _____
                                Isaiah Shafir, individually and as trustee of the
                                Isaiah Shafir Revocable Trust u/a/d 5/16/1986

DATED: _____     BY: _____
                                Peggy Shafir

DATED: _____     BY: _____
                                Homeowners Investment Company

DATED: _____     BY: _____
                                First American Title Insurance Company

DATED: 05/13/09            BY: _____
                                James Krauss

DATED: 05/13/09            BY: _____
                                Janice Krauss

DATED: _____     BY: _____
                                Scott Reimer

14

I.      If any provision of this Agreement shall in any way be or become in violation of or prohibited by valid applicable laws, judgments, decrees, or public policy of applicable states and jurisdictions, such provision, if severable from other provisions in this Agreement, shall be, as to the applicable state or jurisdiction only, ineffective and void solely to the extent of such violation or prohibition, but shall in no way invalidate or otherwise affect any of the remaining provisions of this Agreement, which shall remain effective.

**IN WITNESS WHEREOF, the parties have executed this Mutual Release and Settlement Agreement on the date(s) set forth below. THE UNDERSIGNED REPRESENT THAT THEY HAVE READ, UNDERSTAND, AND AGREE TO THE TERMS OF THIS AGREEMENT:**

DATED: _____     BY: _____
                                  Isaiah Shafir, individually and as trustee of the
                                  Isaiah Shafir Revocable Trust u/a/d 5/16/1986

DATED: _____     BY: _____
                                  Peggy Shafir

DATED: _____     BY: _____
                                  Homeowners Investment Company

DATED: _____     BY: _____
                                  First American Title Insurance Company

DATED: _____     BY: _____
                                  James Krauss

DATED: _____     BY: _____
                                  Janice Krauss

DATED: 5/13/2009            BY: _____
                                  Scott Reimer

14

DATED: 5/13/2009    BY: _____
                         Robin Reimer

DATED: _____ BY: _____
                         Mark Scanlan

DATED: _____ BY: _____
                         Maureen Scanlan

DATED: _____ BY: _____
                         Jeffrey Flynn

DATED: _____ BY: _____
                         Mark Freier

DATED: _____ BY: _____
                         Debbie Freier

DATED: _____ BY: _____
                         Carol Simpson

DATED: _____ BY: _____
                         Bonnie Simpson

DATED: _____ BY: _____
                         Bryan Scanlan

DATED: _____ BY: _____
                         Kirk D. Scheib, personally and on behalf of Patriot
                         Title Agency, LLC

DATED: _____ BY: _____
                         Mortgage Electronic Registration System, Inc., as
                         nominee for Flagstar Bank

DATED: _____ BY: _____
                         Flagstar Bancorp, Inc.

DATED: _____ BY: _____
                         First Horizon Home Loans, individually and as
                         servicer on behalf of Federal National Mortgage
                         Association

15

DATED: _____     BY: _____
                                Robin Reimer

DATED: _6/5/09_            BY: _____
                                Mark Scanlan

DATED: _6|5|09_            BY: _____
                                Maureen Scanlan

DATED: _____     BY: _____
                                Jeffrey Flynn

DATED: _____     BY: _____
                                Mark Freier

DATED: _____     BY: _____
                                Debbie Freier

DATED: _____     BY: _____
                                Carol Simpson

DATED: _____     BY: _____
                                Bonnie Simpson

DATED: _____     BY: _____
                                Bryan Scanlan

DATED: _____     BY: _____
                                Kirk D. Scheib, personally and on behalf of Patriot
                                Title Agency, LLC

DATED: _____     BY: _____
                                Mortgage Electronic Registration System, Inc., as
                                nominee for Flagstar Bank

DATED: _____     BY: _____
                                Flagstar Bancorp, Inc.

DATED: _____     BY: _____
                                First Horizon Home Loans, individually and as
                                servicer on behalf of Federal National Mortgage
                                Association

15

DATED: _____    BY: _____
                             Robin Reimer

DATED: _____    BY: _____
                             Mark Scanlan

DATED: _____    BY: _____
                             Maureen Scanlan

DATED: 5-12-09          BY: _____
                             Jeffrey Flynn

DATED: _____    BY: _____
                             Mark Freier

DATED: _____    BY: _____
                             Debbie Freier

DATED: _____    BY: _____
                             Carol Simpson

DATED: _____    BY: _____
                             Bonnie Simpson

DATED: _____    BY: _____
                             Bryan Scanlan

DATED: _____    BY: _____
                             Kirk D. Scheib, personally and on behalf of Patriot
                             Title Agency, LLC

DATED: _____    BY: _____
                             Mortgage Electronic Registration System, Inc., as
                             nominee for Flagstar Bank

DATED: _____    BY: _____
                             Flagstar Bancorp, Inc.

DATED: _____    BY: _____
                             First Horizon Home Loans, individually and as
                             servicer on behalf of Federal National Mortgage
                             Association

15

DATED: _____    BY: _____

Robin Reimer

DATED: _____    BY: _____

Mark Scanlen

DATED: _____    BY: _____

Maureen Scanlan

DATED: _____    BY: _____

Jeffrey Flynn

DATED: _5-19-09_    BY: _[signature]_____

Mark Freier

DATED: _5-14-09_    BY: _[signature]_____

Debbie Freier

DATED: _____    BY: _____

Carol Simpson

DATED: _____    BY: _____

Bonnie Simpson

DATED: _____    BY: _____

Bryan Scanlan

DATED: _____    BY: _____

Kirk D. Scheib, personally and on behalf of Patriot
Title Agency, LLC

DATED: _____    BY: _____

Mortgage Electronic Registration System, Inc., as
nominee for Flagstar Bank

DATED: _____    BY: _____

Flagstar Bancorp, Inc.

DATED: _____    BY: _____

First Horizon Home Loans, individually and as
servicer on behalf of Federal National Mortgage
Association

15

DATED: _____ BY: _____
Robin Reimer

DATED: _____ BY: _____
Mark Scanlan

DATED: _____ BY: _____
Maureen Scanlan

DATED: _____ BY: _____
Jeffrey Flynn

DATED: _____ BY: _____
Mark Freier

DATED: _____ BY: _____
Debbie Freier

DATED: 5/14/09 BY: X _____
Carol Simpson

DATED: _____ BY: _____
Bonnie Simpson

DATED: _____ BY: _____
Bryan Scanlan

DATED: _____ BY: _____
Kirk D. Scheib, personally and on behalf of Patriot
Title Agency, LLC

DATED: _____ BY: _____
Mortgage Electronic Registration System, Inc., as
nominee for Flagstar Bank

DATED: _____ BY: _____
Flagstar Bancorp, Inc.

DATED: _____ BY: _____
First Horizon Home Loans, individually and as
servicer on behalf of Federal National Mortgage
Association

15

DATED: _____   BY: _____
                              Robin Reimer

DATED: _____   BY: _____
                              Mark Scanlan

DATED: _____   BY: _____
                              Maureen Scanlan

DATED: _____   BY: _____
                              Jeffrey Flynn

DATED: _____   BY: _____
                              Mark Freier

DATED: _____   BY: _____
                              Debbie Freier

DATED: _____   BY: _____
                              Carol Simpson

DATED: 5/5/09            BY: X _____
                              Bonnie Simpson

DATED: 5/5/09            BY: X _____
                              Bryan Scanlan

DATED: _____   BY: _____
                              Kirk D. Scheib, personally and on behalf of Patriot
                              Title Agency, LLC

DATED: _____   BY: _____
                              Mortgage Electronic Registration System, Inc., as
                              nominee for Flagstar Bank

DATED: _____   BY: _____
                              Flagstar Bancorp, Inc.

DATED: _____   BY: _____
                              First Horizon Home Loans, individually and as
                              servicer on behalf of Federal National Mortgage
                              Association

15

DATED: _____    BY: _____
                                  Robin Reimer

DATED: _____    BY: _____
                                  Mark Scanlan

DATED: _____    BY: _____
                                  Maureen Scanlan

DATED: _____    BY: _____
                                  Jeffrey Flynn

DATED: _____    BY: _____
                                  Mark Freier

DATED: _____    BY: _____
                                  Debbie Freier

DATED: _____    BY: _____
                                  Carol Simpson

DATED: _____    BY: _____
                                  Bonnie Simpson

DATED: _____    BY: _____
                                  Bryan Scanlan

DATED: 5-12-09    BY: _____
                                  Kirk B. Scheib, personally and on behalf of Patriot
                                  Title Agency, LLC

DATED: _____    BY: _____
                                  Mortgage Electronic Registration System, Inc., as
                                  nominee for Flagstar Bank

DATED: _____    BY: _____
                                  Flagstar Bancorp, Inc.

DATED: _____    BY: _____
                                  First Horizon Home Loans, individually and as
                                  servicer on behalf of Federal National Mortgage
                                  Association

15

DATED: _____      BY: _____
                                Robin Reimer

DATED: _____      BY: _____
                                Mark Scanlan

DATED: _____      BY: _____
                                Maureen Scanlan

DATED: _____      BY: _____
                                Jeffrey Flynn

DATED: _____      BY: _____
                                Mark Freier

DATED: _____      BY: _____
                                Debbie Freier

DATED: _____      BY: _____
                                Carol Simpson

DATED: _____      BY: _____
                                Bonnie Simpson

DATED: _____      BY: _____
                                Bryan Scanlan

DATED: _____      BY: _____
                                Kirk D. Scheib, personally and on behalf of Patriot
                                Title Agency, LLC

DATED: _5/17/09_          BY: _____
                                Mortgage Electronic Registration System, Inc., as
                                nominee for Flagstar Bank

DATED: _5/18/09_          BY: _____
                                Flagstar Bank, FSB

DATED: _____      BY: _____
                                First Horizon Home Loans, individually and as
                                servicer on behalf of Federal National Mortgage
                                Association

15

DATED: _____     BY: _____
                              Robin Reimer

DATED: _____     BY: _____
                              Mark Scanlan

DATED: _____     BY: _____
                              Maureen Scanlan

DATED: _____     BY: _____
                              Jeffrey Flynn

DATED: _____     BY: _____
                              Mark Freier

DATED: _____     BY: _____
                              Debbie Freier

DATED: _____     BY: _____
                              Carol Simpson

DATED: _____     BY: _____
                              Bonnie Simpson

DATED: _____     BY: _____
                              Bryan Scanlan

DATED: _____     BY: _____
                              Kirk D. Scheib, personally and on behalf of Patriot
                              Title Agency, LLC

DATED: _____     BY: _____
                              Mortgage Electronic Registration System, Inc., as
                              nominee for Flagstar Bank

DATED: _____     BY: _____
                              Flagstar Bancorp, Inc.

DATED: _5-28-09_         BY: _Edward Wyne   for_
                              First Horizon Home Loans, individually and as
                              servicer on behalf of Federal National Mortgage
                              Association

15

DATED: _5/14/09_    BY: _(signature)_
Homecomings Financial, LLC, a Delaware limited
liability company, individually and as servicer on
behalf of GMAC Mortgage, LLC, Homecomings
Financial Network, Bank of New York / JP Morgan
Chase as Trustee and Deutsche Bank, _as Trustee_ _StH_

DATED: _____    BY: _____
Wachovia Bank

DATED: _____    BY: _____
US Bank, N.A. as Trustee for Credit Suisse First
Boston

DATED: _____    BY: _____
Credit Suisse Financial Corporation

DATED: _____    BY: _____
Wells Fargo Bank

DATED: _____    BY: _____
Washington Mutual Bank

DATED: _____    BY: _____
JP Morgan Chase Bank

DATED: _____    BY: _____
Chase Home Finance, LLC

DATED: _____    BY: _____
Sand Canyon Corporation f/k/a Option One
Mortgage Corporation

DATED: _____    BY: _____
American Home Mortgage Servicing, Inc., (a) as
Servicer and attorney-in-fact, on behalf of Deutsche
Bank, Trustee of the Soundview 2005-OPT1 Trust;
(b) as Sub-servicer and attorney-in-fact, on behalf of
Aurora Loan Services, LLC as Master Servicer of
the Lehman SAIL 2005-6 Trust; and (c) as Sub-
servicer and attorney-in-fact, on behalf of Aurora
Loan Services, LLC as Master Servicer of the
Lehman SAIL 2005-4 Trust

16

DATED: _____    BY: _____

Homecomings Financial, LLC, a Delaware limited liability company, individually and as servicer on behalf of GMAC Mortgage, LLC, Homecomings Financial Network, Bank of New York / JP Morgan Chase as Trustee and Deutsche Bank

DATED: *07/01/09*    BY: *Sharon L Moon* Jn

~~Wachovia Bank~~ *MORTGAGE, FSB formerly known as WORLD SAVINGS BANK, FSB*

DATED: _____    BY: _____

US Bank, N.A. as Trustee for Credit Suisse First Boston

DATED: _____    BY: _____

Credit Suisse Financial Corporation

DATED: _____    BY: _____

Wells Fargo Bank

DATED: _____    BY: _____

Washington Mutual Bank

DATED: _____    BY: _____

JP Morgan Chase Bank

DATED: _____    BY: _____

Chase Home Finance, LLC

DATED: _____    BY: _____

Sand Canyon Corporation f/k/a Option One Mortgage Corporation

DATED: _____    BY: _____

American Home Mortgage Servicing, Inc., (a) as Servicer and attorney-in-fact, on behalf of Deutsche Bank, Trustee of the Soundview 2005-OPT1 Trust; (b) as Sub-servicer and attorney-in-fact, on behalf of Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-6 Trust; and (c) as Sub-servicer and attorney-in-fact, on behalf of Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-4 Trust

16

DATED: _____     BY: _____

Homecomings Financial, LLC, a Delaware limited liability company, individually and as servicer on behalf of GMAC Mortgage, LLC, Homecomings Financial Network, Bank of New York / JP Morgan Chase as Trustee and Deutsche Bank

DATED: _____     BY: _____

Wachovia Bank

DATED: _____     BY: _____

US Bank, N.A. as Trustee for Credit Suisse First Boston

DATED: _____     BY: _____

Credit Suisse Financial Corporation

DATED: 6-5-09     BY: *Elizabeth Mathue* VP Loan Documentation

Wells Fargo Bank, N.A. d/b/a America's Servicing Company as servicing agent for (a) US Bank National Association, as Trustee for Credit Suisse First Boston ARMT 2005-10; and (b) US Bank National Association, as Trustee for Credit Suisse First Boston MBS ARMT 2005-8

DATED: _____     BY: _____

Washington Mutual Bank

DATED: _____     BY: _____

JP Morgan Chase Bank

DATED: _____     BY: _____

Chase Home Finance, LLC

DATED: _____     BY: _____

Sand Canyon Corporation f/k/a Option One Mortgage Corporation

DATED: _____     BY: _____

American Home Mortgage Servicing, Inc., (a) as Servicer and attorney-in-fact, on behalf of Deutsche Bank, Trustee of the Soundview 2005-OPT1 Trust; (b) as Sub-servicer and attorney-in-fact, on behalf of Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-6 Trust; and (c) as Sub-servicer and attorney-in-fact, on behalf of Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-4 Trust

16

DATED: _____   BY: _____

Homecomings Financial, LLC, a Delaware limited liability company, individually and as servicer on behalf of GMAC Mortgage, LLC, Homecomings Financial Network, Bank of New York / JP Morgan Chase as Trustee and Deutsche Bank

DATED: _____   BY: _____

Wachovia Bank

DATED: _____   BY: _____

US Bank, N.A. as Trustee for Credit Suisse First Boston

DATED: _____   BY: _____

Credit Suisse Financial Corporation

DATED: _____   BY: _____

Wells Fargo Bank, N.A. d/b/a America's Servicing Company as servicing agent for (a) US Bank National Association, as Trustee for Credit Suisse First Boston ARMT 2005-10; and (b) US Bank National Association, as Trustee for Credit Suisse First Boston MBS ARMT 2005-8

DATED: 7/2/09   BY: _____
Thomas E. Reardon
Assistant Vice President

Washington Mutual Bank by JP Morgan Chase Bank, N as purchaser of certain assets of Washington Mutual Bank from FDIC, as receiver

DATED: _____   BY: _____

JP Morgan Chase Bank

DATED: _____   BY: _____

Chase Home Finance, LLC

DATED: _____   BY: _____

Sand Canyon Corporation f/k/a Option One Mortgage Corporation

DATED: _____   BY: _____

American Home Mortgage Servicing, Inc., (a) as Servicer and attorney-in-fact, on behalf of Deutsche Bank, Trustee of the Soundview 2005-OPT1 Trust; (b) as Sub-servicer and attorney-in-fact, on behalf of Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-6 Trust; and (c) as Sub-servicer and attorney-in-fact, on behalf of Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-4 Trust

16

DATED: _5/14/09_    BY: _Judy Faber_

Homecomings Financial, LLC, a Delaware limited
liability company, individually and as servicer on
behalf of GMAC Mortgage, LLC, Homecomings
Financial Network, Bank of New York / JP Morgan
Chase as Trustee and Deutsche Bank, *as Trustee SEE*

DATED: _____    BY: _____
Wachovia Bank

DATED: _____    BY: _____
US Bank, N.A. as Trustee for Credit Suisse First
Boston

DATED: _____    BY: _____
Credit Suisse Financial Corporation

DATED: _____    BY: _____
Wells Fargo Bank

DATED: _____    BY: _____
Washington Mutual Bank

DATED: _7/10/09_    BY: _____
                             Thomas E. Reardon
                             Assistant Vice President
JP Morgan Chase Bank

DATED: _7/10/09_    BY: _____
                             Thomas E. Reardon
                             Assistant Vice President
Chase Home Finance, LLC

DATED: _____    BY: _____
Sand Canyon Corporation f/k/a Option One
Mortgage Corporation

DATED: _____    BY: _____
American Home Mortgage Servicing, Inc., (a) as
Servicer and attorney-in-fact, on behalf of Deutsche
Bank, Trustee of the Soundview 2005-OPT1 Trust;
(b) as Sub-servicer and attorney-in-fact, on behalf of
Aurora Loan Services, LLC as Master Servicer of
the Lehman SAIL 2005-6 Trust; and (c) as Sub-
servicer and attorney-in-fact, on behalf of Aurora
Loan Services, LLC as Master Servicer of the
Lehman SAIL 2005-4 Trust

16

DATED: _____   BY: _____

Homecomings Financial, LLC, a Delaware limited
liability company, individually and as servicer on
behalf of GMAC Mortgage, LLC, Homecomings
Financial Network, Bank of New York / JP Morgan
Chase as Trustee and Deutsche Bank

DATED: _____   BY: _____

Wachovia Bank

DATED: _____   BY: _____

US Bank, N.A. as Trustee for Credit Suisse First
Boston

DATED: _____   BY: _____

Credit Suisse Financial Corporation

DATED: _____   BY: _____

Wells Fargo Bank

DATED: _____   BY: _____

Washington Mutual Bank

DATED: _____   BY: _____

JP Morgan Chase Bank

DATED: _____   BY: _____

Chase Home Finance, LLC

DATED: May 14, 2009   BY: _____

Sand Canyon Corporation f/k/a Option One
Mortgage Corporation

DATED: May 14, 2009   BY: _____

American Home Mortgage Servicing, Inc., (a) as
Servicer and attorney-in-fact, on behalf of Deutsche
Bank, Trustee of the Soundview 2005-OPT1 Trust;
(b) as Sub-servicer and attorney-in-fact, on behalf of
Aurora Loan Services, LLC as Master Servicer of
the Lehman SAIL 2005-6 Trust; and (c) as Sub-
servicer and attorney-in-fact, on behalf of Aurora
Loan Services, LLC as Master Servicer of the
Lehman SAIL 2005-4 Trust

16

DATED:  5-14-09     BY:  _Carol Chapman_
                        GMAC Mortgage, LLC, as servicer for Federal
                        National Mortgage Association

DATED: _____   BY:  _____
                        Steadfast Insurance Company

17

DATED: _____     BY: _____
                                GMAC Mortgage, LLC, as servicer for Federal
                                National Mortgage Association

DATED: 5/14/05             BY: _____
                                Steadfast Insurance Company
                                Jason Opat, Claims Counsel

17

# EXHIBIT A

## EXHIBIT A TO
## SETTLEMENT AGREEMENT

| Property Address | City | Mortgagor | Original Mortgagee | Current Holder | Foreclosed? |
|---|---|---|---|---|---|
| 23145 Church Street | Oak Park | Mark and Maureen Scanlan | MERS for Independent Realty Capital Corp. | Flagstar Bank | No |
| 24300 Coolidge | Oak Park | Mark and Maureen Scanlan | MERS for Sure Financial | First Horizon Home Loans | Yes |
| 28106 Fairfax St | Southfield | Mark and Maureen Scanlan | MERS for Sure Financial | First Horizon Home Loans | No |
| 19633 Jeanette | Southfield | Mark and Maureen Scanlan | MERS for Sure Financial | First Horizon Home Loans | Yes |
| 25336 Shiawasee #201 | Southfield | Mark and Maureen Scanlan | MERS for Sure Financial | First Horizon Home Loans | No |
| 15251 Northfield | Oak Park | Mark and Maureen Scanlan | MERS for Sure Financial | First Horizon Home Loans | Yes |
| 21348 Poinciana | Southfield | Maureen Scanlan | Birmingham Bancorp Mortgage Corp. | Bank of New York / JP Morgan Chase as Trustee | Yes |
| 28490 Brentwood | Southfield | Maureen Scanlan | Birmingham Bancorp Mortgage Corp. | Bank of New York / JP Morgan Chase as Trustee | No |
| 28705 Selkirk | Southfield | Maureen Scanlan | World Savings Bank | Wachovia Bank f/k/a World Savings Bank | No |
| 30051 Brentwood | Southfield | Jeffrey C. Flynn | MERS for Sure Financial | Flagstar Bank | No |
| 29869 Fairfax | Southfield | Jeffrey C. Flynn | Birmingham Bancorp Mortgage Corp. | Bank of New York / JP Morgan Chase as Trustee | Yes |
| 23610 Condon | Oak Park | Jeffrey C. Flynn | Birmingham Bancorp Mortgage Corp. | Bank of New York / JP Morgan Chase as Trustee | No |
| 24044 Meadowlark | Oak Park | Scott and Robin Reimer | MERS for Credit Suisse First Boston | US Bank NA as Trustee | Yes |
| 24200 Scotia | Oak Park | Scott and Robin Reimer | MERS for Credit Suisse First Boston | Wells Fargo | Yes |
| 22040 Kenosha | Oak Park | Scott and Robin Reimer | MERS for Sure Financial | Credit Suisse Financial Corp. | No |
| 22030 Kenosha | Oak Park | Scott and Robin Reimer | Washtenaw Mortgage Co. | Washington Mutual Bank | Yes |
| 23045 Church St | Oak Park | Scott and Robin Reimer | MERS for Homecomings Financial | GMAC Mortgage, LLC | No |
| 23511 Moritz | Oak Park | Scott and Robin Reimer | Washington Mutual Bank | Washington Mutual Bank | Yes |
| 12731 Northfield | Oak Park | Scott and Robin Reimer | World Savings Bank | Wachovia Bank f/k/a FICA World Savings Bank | No |
| 23250 Eastwood | Oak Park | Jim and Janice Krauss | MERS for Sure Financial | Washington Mutual Bank | Yes |
| 23110 Church St | Oak Park | James and Janice Krauss | MERS for Sure Financial | First Horizon Home Loans | No |
| 21461 Ridgedale | Oak Park | James and Janice Krauss | MERS for Sure Financial | Chase Home Finance LLC | No |

**EXHIBIT A TO**
**SETTLEMENT AGREEMENT**

| | | | | | |
|---|---|---|---|---|---|
| 25300 Shiawassee #103 | Southfield | James and Janice Krauss | Birmingham Bancorp Mortgage Corp. | Bank of New York / JP Morgan Chase as Trustee | Yes |
| 24041 Stratford | Oak Park | James and Janice Kraus | Washington Mutual Bank | Washington Mutual Bank | No |
| 24300 Ridgedale | Oak Park | Mark and Debbie Freier | MERS for Sure Financial | Flagstar Bank | No |
| 23090 Meadowlark | Oak Park | Mark and Debbie Freier | MERS for Sure Financial | Flagstar Bank | No |
| 25261 Coolidge | Oak Park | Mark and Debbie Freier | Birmingham Bancorp Mortgage Corp. | Bank of New York / JP Morgan Chase as Trustee | No |
| 28437 Red Leaf Lane | Southfield | Mark and Debbie Freier | MERS for Sure Financial | Flagstar Bank | No |
| 21475 Stahelin | Southfield | Carol Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 25340 Shiawassee #205 | Southfield | Carol Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 22037 Poinciana | Southfield | Matthew Anderton | Option One Mortgage Corp. | Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-4 Trust | Yes |
| 29561 Fairfax | Southfield | Bryan Scanlan and Bonnie Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 29609 Everett | Southfield | Bonnie Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 28588 Aberdeen | Southfield | Scott and Robin Reimer | Credit Suisse First Boston | | No |
| 12900 Oak Park Blvd. | Oak Park | Bonnie Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 15301 Marlow | Oak Park | Matthew Anderton | Option One Mortgage Corp. | Aurora Loan Services, LLC as Master Servicer of the Lehman SAIL 2005-6 Trust | Yes |
| 23591 Jerome | Oak Park | Carol Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 23071 Eastwood | Oak Park | Doreen Schwarze | Option One Mortgage Corp. | Deutsche Bank as Trustee for the Soundview 2005-OPT1 Trust | No |
| 15031 Marlow | Oak Park | Doreen Schwarze | Birmingham Bancorp Mtg Corp. | Deutsche Bank | Yes |
| 24220 Ithaca | Oak Park | Bonnie Simpson | MERS for Sure Financial | Flagstar Bank | No |
| 24320 Coolidge | Oak Park | Doreen Schwarze | Birmingham Bancorp Mtg Corp. | Deutsche Bank | Yes |
| 10271 Corning | Oak Park | Doreen Schwarze | Option One Mortgage Corp. | Deutsche Bank as Trustee for the Soundview 2005-OPT1 Trust | Yes |

# EXHIBIT B

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR,
Trustee u/a/d May 16, 1986 for ISAIAH SHAFIR,
ISAIAH SHAFIR TRUST, and REVOCABLE LIVING
TRUST FOR ISAIAH SHAFIR,

    Plaintiffs/Counter-Defendants            Case No. 08-091478-CH

v.                                      Hon. Wendy L. Potts

JAMES KRAUSS, JANICE KRAUSS, SCOTT REIMER,
ROBIN REIMER, MARK SCANLAN, MAUREEN
SCANLAN, JEFFREY FLYNN, MARK FREIER,
DEBBIE FREIER

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs

and

FIRST AMERICAN TITLE INSURANCE CO.,

    Defendant/Counter-Plaintiff and Cross-Defendant

and

PATRIOT TITLE AGENCY LLC, SIMMONS TITLE
AGENCY, ARTHUR SIMMONS, CYNTHIA RAQUET
AND KIRK SCHEIB,

    Defendants and Cross-Defendants

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., OPTION ONE MORTGAGE
CORPORATION OF CALIFORNIA, WORLD
SAVINGS BANK, FSB, WASHINGTON MUTUAL
BANK, FA, RANDY SAYLOR, IRSS REVOCABLE
TRUST, KRSS REVOCABLE TRUST, TITANIC
INVESTMENT GROUP, et al.

    Defendants.

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 · TEL: (248) 865-3700 FAX: (248) 865-3003

1

Gerard V. Mantese (P34424)
David Hansma (P71056)
MANTESE & ROSSMAN, P.C.
Attorneys for Plaintiffs
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Jeffery D. Maynard (P55243)
MAYNARD LAW ASSOCIATES, PLLC
Attorneys for Francine Pierce
25600 Woodward Ave., Ste. 111
Royal Oak, MI 48076
(248) 399-0176

Henry Wineman III (P54752)
FRASCO CAPONIGRO WINEMAN
& SCHEIBLE PLLC
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
248-334-6767

Erik Stone (P29088)
ERIK J. STONE, PC
Attorneys for Krauss Reimer & Frier
4036 Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
(248) 594-3109

Thomas J. Pereira (P18779)
THOMAS J. PEREIRA, P.C.
Attorney for Bonnie Simpson Scanlan,
Bryan Scanlan and Carol Simpson
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
(248) 737-7170

Richard E. Segal (P33107)
RICHARD E. SEGAL & ASSOCIATES
Attorneys for MERS
6230 Orchard lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

Phillip J. Neuman (P35499
Sarah Heisler Gidley (P53874)
TAUBMAN, NADIS & NEUMAN, P.C.
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
248-865-3700

Theodore Seitz (P60320)
DYKEMA GOSSETT PLLC
Attorneys for Washington Mutual Fund
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100

Michael Sullivan (P35599)
Colleen Burke (P63857)
COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
Attorneys for Patriot Title Agency & Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

### STIPULATED ORDER: (A) FOR DISMISSAL OF CLAIMS, COUNTER-CLAIMS AND CROSS-CLAIMS; (B) TO REFORM DEED AND MORTGAGE; AND (C) TO QUIET TITLE TO PROPERTIES

At a session of said Court held in the Courthouse Tower, City of Pontiac, Oakland County, Michigan on _____.

Present: _____

CIRCUIT COURT JUDGE

This matter having come before the Court upon the stipulation of the parties, and it appearing that the following named parties participated in facilitative mediation with the Honorable Barry L. Howard as facilitator: (A) Isaiah Shafir, individually and as trustee of the Isaiah Shafir Trust and the Revocable Living Trust for Isaiah Shafir u/a/d 5/16/1986 and Peggy Shafir (collectively referred to as "Shafir"), (B) James Krauss, Janice Krauss, Scott Reimer, Robin Reimer, Mark Scanlan, Maureen Scanlan, Jeffrey Flynn, Mark Freier and Debbie Freier (collectively referred to as the "Scanlan Defendants"), (C) Carol Simpson, Bonnie Simpson and Bryan Scanlan (collectively referred to as the "Simpson Defendants"), (D) First American Title Insurance Company, (E) Patriot Title Agency, LLC and Kirk D. Scheib, (F) Mortgage Electronic Registration System, Inc., as nominee for Flagstar Bank and Flagstar Bancorp, Inc., a Michigan corporation (collectively referred to hereafter as "Flagstar"); (G) (1) First Horizon Home Loans, individually and as servicer on behalf of Federal National Mortgage Association, (2) Homecomings Financial, LLC, a Delaware limited liability company, individually and as servicer on behalf of GMAC Mortgage, LLC, Homecomings Financial Network, Bank of New York / JP Morgan Chase Bank as Trustee and Deutsche Bank (3) Wachovia Bank, (4) US Bank, N.A. as Trustee for Credit Suisse First Boston and Credit Suisse Financial Corporation, (5) Wells Fargo Bank, (6) Washington Mutual Bank, JP Morgan Chase Bank and Chase Home Finance LLC, (7) (A) Sand Canyon Corporation f/k/a Option One Mortgage Corporation, and (B) American Home Mortgage Servicing, Inc., (i) as Servicer and Attorney-in-fact, on Behalf of Deutsche Bank,

3

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

Trustee of the Soundview 2005-OPT1 Trust; (ii) as Sub-servicer and Attorney-in-fact, on Behalf

of Aurora Loan Services, LLC as Master Servicer of the Lehman Sail 2005-6 Trust; and (iii) as

Sub-servicer and Attorney-in-fact, on Behalf of Aurora Loan Services, LLC as Master Servicer

of the Lehman Sail 2005-4 Trust; (8) GMAC Mortgage, LLC as Servicer for Federal National

Mortgage Association  (all of the lenders in this sub-paragraph (G) are collectively referred to

hereafter as the "Insured Mortgagees"); and (H) STEADFAST INSURANCE COMPANY (all of

the foregoing parties are referred to hereafter as the "Settling Parties") and it further appearing that

the Settling Parties successfully concluded the facilitation and placed a settlement on the record

in open court on March 12, 2009, and it appearing that Defendants Randy Saylor, IRSS Revocable

Trust, KRSS Revocable Trust and Titanic Investment Group have failed to appear or defend this

action, and thus are not entitled to notice of the entry of this Judgment and the Court being advised

in all of the premises;

     IT IS HEREBY ORDERED that all claims, counterclaims and crossclaims filed by any of

the Settling Parties against any of the other Settling Parties are hereby DISMISSED with prejudice

and without costs to any party.

     IT IS FURTHER ORDERED that all claims and crossclaims filed by any of the Settling

Parties against Simmons Title Agency, LLC, Arthur L. Simmons and/or Cynthia Raquet are

hereby DISMISSED with prejudice and without costs to any party.

     IT IS FURTHER ORDERED that the Warranty Deed dated May 11, 2004, given by IRSS

Revocable Trust to Jeffrey C. Flynn, recorded in the office of the Oakland County Register of

Deeds on July 15, 2004, at Liber 33574, Page 59, Oakland County Records, and the Mortgage

dated May 11, 2004, given by Jeffrey C. Flynn to Mortgage Electronic Registration Systems, Inc.,

as nominee for Sure Financial Corporation, recorded in the office of the Oakland County Register

TAUBMAN, NADIS & NEUMAN, P.C., 33255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334  TEL: (248) 865-3700  FAX: (248) 865-3003

of Deeds on July 15, 2004, at Liber 33574, Page 60, Oakland County Records, which improperly

reference Lot 18, are hereby reformed so that the legal description of the property described

therein shall be as follows:

> Lot 108, Meadowlawn Gardens, according to the plat thereof as recorded in Liber
> 21, Page 31 of Plats, Oakland County Records, City of Southfield, Oakland
> County, Michigan. Tax Identification Number 24-12-279-019.

IT IS FURTHER ORDERED that title to the properties listed on the attached Exhibit 1

is hereby quieted in favor of Flagstar and the Insured Mortgagees as their interests may appear on

Exhibit 1 free and clear of any interest or claim of interest of Shafir, the Scanlan Defendants, the

Simpson Defendants, Doreen Schwarze, Matthew Anderton, Randy Saylor, IRSS Revocable Trust,

KRSS Revocable Trust or Titanic Investment Group.

IT IS FURTHER ORDERED that this Stipulated Order may be recorded with the Oakland

County Register of Deeds.

THIS IS NOT A FINAL ORDER AND DOES NOT CLOSE THE CASE.

_____
CIRCUIT COURT JUDGE

Approved as to form and content:

**MANTESE & ROSSMAN, P.C.**          **ERIK J. STONE, PC**

By: _____        By: _____
Gerard V. Mantese (P34424)              Erik J. Stone (P29088)
David Hansma (P71056)              Attorneys for Krauss, Reimer, Scanlan & Freier
Attorneys for Plaintiffs              4036 Telegraph Road, Ste. 200
1361 E. Big Beaver Rd.              Bloomfield Hills, MI 48302  (248) 594-3109
Troy, MI 48083  (248) 457-9200

TAUBMAN, NADIS & NEUMAN, P.C., 3225 NORTHWESTERN HWY, STE. 200, FARMINGTON HILLS, MI 48334  TEL: (248) 865-3700  FAX: (248) 865-3003

5

**FRASCO CAPONIGRO WINEMAN**
**& SCHEIBLE PLLC**

By: _____
      Eric Scheible (P54174)
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Blmfld Hills, MI 48302  (248) 334-6767

**THOMAS J. PEREIRA, P.C.**

By: _____
      Thomas J. Pereira (P18779)
Attorneys for Simpson and Scanlan
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334 (248) 737-7170

**RICHARD E. SEGAL & ASSOCIATES**

By: _____
      Richard E. Segal (P33107)
Attorneys for MERS
6230 Orchard Lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

**COLLINS, EINHORN, FARRELL & ULANOFF, P.C.**

By: _____
      Michael Sullivan (P35599)
      Colleen Burke (P63857)
Attorneys for Patriot Title Agency & Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

**TAUBMAN, NADIS & NEUMAN, P.C.**

By: _____
      Phillip J. Neuman (P35499)
      Sarah Heisler Gidley (P53874)
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 865-3700

After recording return to:
Phillip J. Neuman
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334

6

# EXHIBIT 1
# TO EXHIBIT B

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR,
Trustee u/a/d May 16, 1986 for ISAIAH SHAFIR,
ISAIAH SHAFIR TRUST, and REVOCABLE LIVING
TRUST FOR ISAIAH SHAFIR,

    Plaintiffs/Counter-Defendants           Case No. 08-091478-CH

v.                                       Hon. Wendy L. Potts

JAMES KRAUSS, JANICE KRAUSS, SCOTT REIMER,
ROBIN REIMER, MARK SCANLAN, MAUREEN
SCANLAN, JEFFREY FLYNN, MARK FREIER,
DEBBIE FREIER

    Defendants/Counter-Plaintiffs and Cross-Plaintiffs

and

FIRST AMERICAN TITLE INSURANCE CO.,

    Defendant/Counter-Plaintiff and Cross-Defendant

and

PATRIOT TITLE AGENCY LLC, SIMMONS TITLE
AGENCY, ARTHUR SIMMONS, CYNTHIA RAQUET
AND KIRK SCHEIB,

    Defendants and Cross-Defendants

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., OPTION ONE MORTGAGE
CORPORATION OF CALIFORNIA, WORLD
SAVINGS BANK, FSB, WASHINGTON MUTUAL
BANK, FA, RANDY SAYLOR, IRSS REVOCABLE
TRUST, KRSS REVOCABLE TRUST, TITANIC
INVESTMENT GROUP, et al.

    Defendants.

1

Gerard V. Mantese (P34424)
David Hansma (P71056)
MANTESE & ROSSMAN, P.C.
Attorneys for Plaintiffs
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Jeffery D. Maynard (P55243)
MAYNARD LAW ASSOCIATES, PLLC
Attorneys for Francine Pierce
25600 Woodward Ave., Ste. 111
Royal Oak, MI 48076
(248) 399-0176

Henry Wineman III (P54752)
FRASCO CAPONIGRO WINEMAN
& SCHEIBLE PLLC
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
248-334-6767

Erik Stone (P29088)
ERIK J. STONE, PC
Attorneys for Krauss Reimer & Frier
4036 Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
(248) 594-3109

Thomas J. Pereira (P18779)
THOMAS J. PEREIRA, P.C.
Attorney for Bonnie Simpson Scanlan,
Bryan Scanlan and Carol Simpson
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
(248) 737-7170

Richard E. Segal (P33107)
RICHARD E. SEGAL & ASSOCIATES
Attorneys for MERS
6230 Orchard lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

Phillip J. Neuman (P35499)
Sarah Heisler Gidley (P53874)
TAUBMAN, NADIS & NEUMAN, P.C.
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 4833
248-865-3700

Theodore Seitz (P60320)
DYKEMA GOSSETT PLLC
Attorneys for Washington Mutual Fund
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100

Michael Sullivan (P35599)
Colleen Burke (P63857)
COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
Attorneys for Patriot Title Agency & Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

### AMENDED EXHIBIT 1 TO STIPULATED ORDER: (A) FOR DISMISSAL OF CLAIMS, COUNTER-CLAIMS AND CROSS-CLAIMS; (B) TO REFORM DEED AND MORTGAGE; AND (C) TO QUIET TITLE TO PROPERTIES

2

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334  TEL. (248) 865-3700 FAX: (248) 865-3003

Title to the following properties is hereby quieted in favor of Flagstar and the Insured Mortgagees (as those terms are defined in the foregoing Stipulated Order) as their interests may appear free and clear of any interest or claim of interest of Shafir, the Scanlan Defendants, the Simpson Defendants, Doreen Schwarze, Matthew Anderton, Randy Saylor, IRSS Revocable Trust, KRSS Revocable Trust or Titanic Investment Group (as those terms are defined in the foregoing Stipulated Order):

City of Oak Park, Oakland County, Michigan
Lot 33, Woodcrest Subdivision No. 1, according to the plat thereof recorded in Liber 64, Page 37, Oakland County Records. Tax Identification Number 25-30-380-018. Commonly known as **23145 Church St., Oak Park**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.
------------------------

City of Oak Park, Oakland County, Michigan
Lot 83, Huntington Farms Subdivision, according to the plat thereof recorded in Liber 62, Page 5, Oakland County Records. Tax Identification Number 25-29-151-010. Commonly known as **24300 Coolidge, Oak Park**.

Title vested in: **First Horizon Home Loans, a division of First Tennessee Bank, N.A.**, 4000 Horizon Way cc:1350, Irving, TX 75063.
------------------------

City of Southfield, Oakland County, Michigan
Lot 210, except the South 16 feet and the South 24 feet of Lot 211, Frederick B. Gray's Southfield Woods Subdivision, according to the plat thereof recorded in Liber 38, Page 4, Oakland County Records. Tax Identification Number 24-13-278-008. Commonly known as **28106 Fairfax Street, Southfield**.

Title vested in: **First Horizon Home Loans, a division of First Tennessee Bank, N.A.**, 4000 Horizon Way cc: 1350, Irving TX 75063.
------------------------

City of Southfield, Oakland County, Michigan
Lot 382 and the West 20 feet of Lot 383, Evershire Subdivision, according to the plat thereof recorded in Liber 42, Page 33, Oakland County Records. Tax Identification Number 24-23-353-013. Commonly known as **19633 Jeanette, Southfield**.

Title vested in: **First Horizon Home Loans, a division of First Tennessee Bank, N.A.**, 4000 Horizon Way cc: 1350, Irving TX 75063.
------------------------

City of Southfield, Oakland County, Michigan
Building No. 4, Unit No. 64, Shiawassee Condominium, a Condominium according to the Master Deed recorded in Liber 7782, Pages 514 Through 565 and First Amendment to the Master Deed thereof, recorded in Liber 7641, Pages 579-580 and Second Amendment to Master Deed recorded

3

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

in Liber 8063, Pages 199-200 and Third Amendment to the Master Deed recorded in Liber 8307, Pages 887-890, inclusive, Oakland County Records and designated as Oakland County Condominium Subdivision Plan No. 296, with rights in general common elements and limited common elements as set forth in said Master Deed and pursuant to act 59 of the Public Acts of Michigan of 1978, as amended.  Tax Identification Number 24-32-376-064.  Commonly known as **25336 Shiawassee #201, Southfield**.

Title vested in: **First Horizon Home Loans, a division of First Tennessee Bank, N.A.**, 4000 Horizon Way cc: 1350, Irving TX 75063.
-----------------------
City of Oak Park, Oakland County, Michigan
Lot 96, A&W Subdivision, according to the plat thereof recorded in Liber 78, Page 34, Oakland County Records.  Tax Identification Number 25-30-153-004.  Commonly known as **15251 Northfield, Oak Park**.

Title vested in: **First Horizon Home Loans, a division of First Tennessee Bank, N.A.**, 4000 Horizon Way cc: 1350, Irving TX 75063.
-----------------------
City of Southfield, Oakland County, Michigan
Lot 343, Grand River Crest Subdivision No. 1, according to the plat thereof recorded in Liber 18, Page 37, Oakland County Records.  Tax Identification Number 24-31-303-010.  Commonly known as **21348 Poinciana, Southfield**.

Title vested in: **The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
-----------------------
City of Southfield, Oakland County, Michigan
North 10 feet of Lot 484, all of Lot 485 and South 10 feet of Lot 486, including 1/2 of vacated alley adjacent at rear thereof, Frederick B. Gray's Southfield Woods Subdivision, according to the plat thereof recorded in Liber 38, Page 4, Oakland County Records.  Tax Identification Number 24-13-235-010.  Commonly known as **28490 Brentwood, Southfield**.

Title vested in: **The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
-----------------------
City of Southfield, Oakland County, Michigan
Lot 184, Plat of Bonnie Acres Subdivision No. 1, according to the plat thereof recorded in Liber 29, Page 21, Oakland County Records. Tax Identification Number 24-13-204-015.  Commonly known as **28705 Selkirk, Southfield**.

Title vested in: **Wachovia Bank f/k/a World Savings Bank**, P.O. Box 659558, San Antonio, TX 78265-9558.
-----------------------

TAUBMAN, NADIS & NEUMAN, P.C., 32355 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334   TEL: (248) 865-3700   FAX: (248) 865-3003

4

City of Southfield, Oakland County, Michigan
Lot 108, Meadowlawn Garden Subdivision, according to the plat thereof recorded in Liber 21, Page 31, Oakland County Records. Tax Identification Number 24-12-279-019. Commonly known as **30051 Brentwood, Southfield**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.
------------------------

City of Southfield, Oakland County, Michigan
Lot 301 except the North 41.90 feet thereof and the North 42 feet of Lot 302, Meadowvale Subdivision, according to the plat thereof recorded in Liber 35, Page 7, Oakland County Records. Tax Identification Number 24-12-427-015. Commonly known as **29869 Fairfax, Southfield**.

Title vested in: **The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
------------------------

City of Oak Park, Oakland County, Michigan
North 5 feet of Lot 83, all of Lot 84 except the East 10 feet of said lots, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36, Page 21, Oakland County Records. Tax Identification Number 25-29-333-006 . Commonly known as **23610 Condon, Oak Park**.

Title vested in: **The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
------------------------

City of Oak Park, Oakland County, Michigan
Part of the Southwest 1/4 of the Northwest 1/4 of Section 28, T1N, R11 E, beginning at a point distant south 2359.98 feet and east 666.80 feet from the Northwest section corner, thence East 135.40 feet, thence South 56.20 feet, thence West 135.40 feet, thence North 56.20 feet to the point of beginning, according to the plat thereof recorded in Liber , Page , Oakland County Records. Tax Identification Number 25-28-154-005. Commonly known as **24044 Meadowlark, Oak Park**.

Title vested in: **US Bank, National Association, as Trustee for Credit Suisse First Boston MBS ARMT 2005-8** , 7515 Irvine Center Drive, Irvine, CA 92618.
------------------------

City of Oak Park, Oakland County, Michigan
Lot 106 and 107, Beautiful Irvington Subdivision, according to the plat thereof recorded in Liber 15, Page 19, Oakland County Records. Tax Identification Number 25-29-251-012. Commonly known as **24200 Scotia, Oak Park**.

Title vested in: **US Bank, National Association, as Trustee for Credit Suisse First Boston MBS ARMT 2005-10**, 7515 Irvine Center Drive, Irvine, CA 92618.
------------------------

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

City of Oak Park, Oakland County, Michigan
North 30 feet of Lot 238 and the South 20 feet of Lot 237, Kenwood Park Subdivision, according to the plat thereof recorded in Liber 36, Page 20, Oakland County Records.  Tax Identification Number 25-31-202-017.  Commonly known as **22040 Kenosha, Oak Park**.

Title vested in: **US Bank, National Association, as Trustee for Credit Suisse First Boston MBS ARMT 2005-10**, 7515 Irvine Center Drive, Irvine, CA  92618.

------------------------

City of Oak Park, Oakland County, Michigan
Lot 239 and South 10 feet of Lot 238, Kenwood Park Subdivision, according to the plat thereof recorded in Liber 36, Page 20, Oakland County Records.  Tax Identification Number 25-31-202-018.  Commonly known as **22030 Kenosha, Oak Park**.

Title vested in: **Federal National Mortgage Association**, 3900 Wisconsin Ave., Washington, DC 20016.

------------------------

City of Oak Park, Oakland County, Michigan
Lot 40, Woodcrest Subdivision No. 1, according to the plat thereof recorded in Liber 64, Page 37, Oakland County Records.  Tax Identification Number 25-30-380-025.  Commonly known as **23045 Church St., Oak Park**.

Title vested in: **Federal National Mortgage Association**, One Meridian Crossings, Ste. 100, Minneapolis, MN  55423.

------------------------

City of Oak Park, Oakland County, Michigan
Lot 147, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36, Page 21, Oakland County Records.  Tax Identification Number 25-29-302-067.  Commonly known as **23511 Moritz, Oak Park**.

Title vested in: **Bank of America, National Association as successor by merger to LaSalle Bank National Association as Trustee for WAMU 2004-CB4**, 2210 Enterprise Drive, Florence, SC  29501.

------------------------

City of Oak Park, Oakland County, Michigan
Lot 392, Beautiful Irvington Subdivision, according to the plat thereof recorded in Liber 15, Page 19, Oakland County Records.  Tax Identification Number 25-29-183-002.  Commonly known as **12731 Northfield, Oak Park**.

Title vested in: **Wachovia Bank f/k/a World Savings Bank**, P.O. Box 659558, San Antonio, TX 78265-9558.

------------------------

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334  TEL: (248) 865-3700  FAX: (248) 865-3003

City of Oak Park, Oakland County, Michigan
Lot 58, McClain Subdivision, according to the plat thereof recorded in Liber 69, Page 22, Oakland County Records. Tax Identification Number 25-29-377-024. Commonly known as **23250 Eastwood, Oak Park.**

Title vested in: **Federal National Mortgage Association**, 3900 Wisconsin Ave., Washington, DC 20016.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 53, Woodcrest Subdivision No. 1, according to the plat thereof recorded in Liber 64, Page 37, Oakland County Records. Tax Identification Number 25-30-451-006. Commonly known as **23110 Church St., Oak Park.**

Title vested in: **First Horizon Home Loans, a division of First Tennessee Bank, N.A.**, 4000 Horizon Way cc: 1350, Irving TX 75063.
------------------------
City of Oak Park, Oakland County, Michigan
South 40 feet of Lots 696-701 inclusive, Division Heights Manor Subdivision No. 2, according to the plat thereof recorded in Liber 42, Page 30, Oakland County Records. Tax Identification Number 25-31-428-016. Commonly known as **21461 Ridgedale, Oak Park**.

Title vested in: **Chase Home Finance, LLC**, 3415 Vision Dr., Columbus, OH 43219.
------------------------
City of Southfield, Oakland County, Michigan
Building No. 1, Unit No. 3, Shiawassee Condominium, a Condominium according to the Master Deed recorded in Liber 7782, Pages 514 Through 565 and First Amendment to the Master Deed thereof, recorded in Liber 7641, Pages 579-580 and Second Amendment to Master Deed recorded in Liber 8063, Pages 199-200 and Third Amendment to the Master Deed recorded in Liber 8307, Pages 887-890, inclusive, Oakland County Records and designated as Oakland County Condominium Subdivision Plan No. 296, with rights in general common elements and limited common elements as set forth in said Master Deed and pursuant to act 59 of the Public Acts of Michigan of 1978, as amended. Tax Identification Number 24-32-376-003. Commonly known as **25300 Shiawassee #103, Southfield**.

Title vested in: **The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
------------------------

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334  TEL: (248) 865-3700  FAX: (248) 865-3003

City of Oak Park, Oakland County, Michigan
Lot 165, Edward Rose Greenfield Acres Subdivision, according to the plat thereof recorded in Liber 67, Page 35 and 36, Oakland County Records. Tax Identification Number 25-30-156-016. Commonly known as **24041 Stratford, Oak Park**.

Title vested in: **Bank of America, National Association as successor by merger to LaSalle Bank National Association as Trustee for WAMU 2004-CB4**, 2210 Enterprise Drive, Florence, SC 29501.

------------------------

City of Oak Park, Oakland County, Michigan
Lot 103, including one-half vacated alley, Pleasant Ridge Manor, according to the plat thereof recorded in Liber 35, Page 29, Oakland County Records. Tax Identification Number 25-30-278-008. Commonly known as **24300 Ridgedale, Oak Park**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

City of Oak Park, Oakland County, Michigan
South 53 feet of Lot 215, Oak Park Subdivision, according to the plat thereof recorded in Liber 11, Page 10 and 11, Oakland County Records. Tax Identification Number 25-28-353-012. Commonly known as **23090 Meadowlark, Oak Park**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

City of Oak Park, Oakland County, Michigan
South 10 feet of Lot 824, All of Lot 825 including East 1/2 vacated alley at the rear thereof, Kenwood Park No. 3 Subdivision, according to the plat thereof recorded in Liber 37, Page 30, Oakland County Records. Tax Identification Number 25-19-477-023. Commonly known as **25261 Coolidge, Oak Park**.

Title vested in: **The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A. as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.

------------------------

City of Southfield, Oakland County, Michigan
Lot 41, Canterbury Gardens Subdivision, according to the plat thereof recorded in Liber 66, Page 28 and 29, Oakland County Records. Tax Identification Number 24-13-176-006. Commonly known as **28437 Red Leaf Lane, Southfield**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

City of Southfield, Oakland County, Michigan
Lot 38, Supervisor's Baseline Estates, according to the plat thereof recorded in Liber 6, Page 51, Oakland County Records. Tax Identification Number 24-35-401-003. Commonly known as **21475 Stahelin, Southfield**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

City of Southfield, Oakland County, Michigan
Building No. 4, Unit No. 56, Shiawassee Condominium, a Condominium according to the Master Deed recorded in Liber 7782, Pages 514 Through 565 and First Amendment to the Master Deed thereof, recorded in Liber 7641, Pages 579-580 and Second Amendment to Master Deed recorded in Liber 8063, Pages 199-200 and Third Amendment to the Master Deed recorded in Liber 8307, Pages 887-890, inclusive, Oakland County Records and designated as Oakland County Condominium Subdivision plan No. 296, with rights in general common elements and limited common elements as set forth in said Master Deed and pursuant to act 59 of the Public Acts of Michigan of 1978, as amended. Tax Identification Number 24-32-376-056. Commonly known as **25340 Shiawassee #205, Southfield** .

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

City of Southfield, Oakland County, Michigan
Lot 222, River Oaks Subdivision, according to the plat thereof recorded in Liber 24, Page 6, Oakland County Records. Tax Identification Number 24-31-102-044. Commonly known as **22037 Poinciana, Southfield**.

Title vested in: **US Bank National Association, as Trustee for the Structured Asset Investment Loan 2005-4 Trust**, 180 E. Fifth St., St. Paul, MN 55101.

------------------------

City of Southfield, Oakland County, Michigan
The South 25 feet of Lot 320 and the North 28 feet of Lot 321, Meadowvale Subdivision, according to the plat thereof recorded in Liber 35, Page 7, Oakland County Records. Tax Identification Number 24-12-432-025. Commonly known as **29561 Fairfax, Southfield**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

City of Southfield, Oakland County, Michigan
South 28 feet of Lot 226 and North 29 feet of Lot 227, Meadowvale Subdivision, according to the plat thereof recorded in Liber 35, Page 7, Oakland County Records. Tax Identification Number 24-12-431-005. Commonly known as **29609 Everett, Southfield**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.

------------------------

9

TAUBMAN, NADIS & NEUMAN, P.C., 3235 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-5700 FAX: (248) 865-5003

City of Southfield, Oakland County, Michigan
North 1/2 of Lot 228, Bonnie Acres Subdivision No. 1, according to the plat thereof recorded in Liber 29, Page 21, Oakland County Records. Tax Identification Number 24-13-209-001. Commonly known as **28588 Aberdeen, Southfield**.

Title vested in: **First American Title Insurance Company**, 27775 Diehl Rd., Warrenville, IL 60555.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 113, Vincent Park Subdivision, according to the plat thereof recorded in Liber 31, Page 46, Oakland County Records. Tax Identification Number 25-29-327-018. Commonly known as **12900 Oak Park Blvd., Oak Park**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 80, Edward Rose Greenfield Acres Subdivision, according to the plat thereof recorded in Liber 57, Page 35 and 36, Oakland County Records. Tax Identification Number 25-30-154-005. Commonly known as **15301 Marlow, Oak Park**.

Title vested in: **US Bank National Association, as Trustee for the Structured Asset Investment Loan 2005-6 Trust**, 180 E. Fifth St., St. Paul, MN 55101.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 121, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36, Page 21, Oakland County Records. Tax Identification Number 25-29-330-019. Commonly known as **23591 Jerome, Oak Park**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 105, McClain Subdivision, according to the plat thereof recorded in Liber 69, Page 22, Oakland County Records. Tax Identification Number 25-29-356-005. Commonly known as **23071 Eastwood, Oak Park**.

Title vested in: **Deutsche Bank as Trustee for the Soundview 2005-OPT1 Trust**, 1761 E. St. Andrews Place, Santa Ana, CA 92705.
------------------------

TAUBMAN, NADIS & NEUMAN, P.C., 3255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

City of Oak Park, Oakland County, Michigan
Lot 90, Edward Rose Greenfield Acres Subdivision, according to the plat thereof recorded in Liber 67, Page 35 and 36, Oakland County Records. Tax Identification Number 25-30-177-006. Commonly known as **15031 Marlow, Oak Park**.

Title vested in: **Deutsche Bank Trust Company Americas as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
------------------------
City of Oak Park, Oakland County, Michigan
North 50 feet of South 150 feet of Lot 271, Oak Park Subdivision, according to the plat thereof recorded in Liber 11, Page 10 and 11, Oakland County Records. Tax Identification Number 25-29-279-010. Commonly known as **24220 Ithaca, Oak Park**.

Title vested in: **Flagstar Bank, FSB**, 5151 Corporate Drive, Troy, MI 48098.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 81, Huntington Farms Subdivision, according to the plat thereof recorded in Liber 62, Page 5, Oakland County Records. Tax Identification Number 25-29-151-008. Commonly known as **24320 Coolidge, Oak Park**.

Title vested in: **Deutsche Bank Trust Company Americas as Trustee, Residential Funding Company, LLC f/k/a Residential Funding Corporation, Attorney in Fact**, One Meridian Crossings, Ste. 100, Minneapolis, MN 55423.
------------------------
City of Oak Park, Oakland County, Michigan
Lot 174, Ridgewood Estates Subdivision, according to the plat thereof recorded in Liber 61, Page Pages 18, 18a, 18b and 18c, Oakland County Records. Tax Identification Number 25-32-228-001. Commonly known as **10271 Corning, Oak Park**.

Title vested in: **Deutsche Bank as Trustee for the Soundview 2005-OPT1 Trust**, 1761 E. St. Andrews Place, Santa Ana, CA 92705.
------------------------

# EXHIBIT C

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR,
Trustee u/a/d May 16, 1986 for ISAIAH SHAFIR,
ISAIAH SHAFIR TRUST, and REVOCABLE LIVING
TRUST FOR ISAIAH SHAFIR,

     Plaintiffs/Counter-Defendants            Case No. 08-091478-CH

v.                                             Hon. Wendy L. Potts

JAMES KRAUSS, JANICE KRAUSS, SCOTT REIMER,
ROBIN REIMER, MARK SCANLAN, MAUREEN
SCANLAN, JEFFREY FLYNN, MARK FREIER,
DEBBIE FREIER

     Defendants/Counter-Plaintiffs and Cross-Plaintiffs
and

FIRST AMERICAN TITLE INSURANCE CO.,

     Defendant/Counter-Plaintiff and Cross-Defendant
and

PATRIOT TITLE AGENCY LLC, SIMMONS TITLE
AGENCY, ARTHUR SIMMONS, CYNTHIA RAQUET
AND KIRK SCHEIB,

     Defendants and Cross-Defendants
and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., OPTION ONE MORTGAGE
CORPORATION OF CALIFORNIA, WORLD
SAVINGS BANK, FSB, WASHINGTON MUTUAL
BANK, FA, RANDY SAYLOR, IRSS REVOCABLE
TRUST, KRSS REVOCABLE TRUST, TITANIC
INVESTMENT GROUP, et al.

     Defendants.

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

1

Gerard V. Mantese (P34424)
David Hansma (P71056)
MANTESE & ROSSMAN, P.C.
Attorneys for Plaintiffs
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Jeffery D. Maynard (P55243)
MAYNARD LAW ASSOCIATES, PLLC
Attorneys for Francine Pierce
25600 Woodward Ave., Ste. 111
Royal Oak, MI 48076
(248) 399-0176

Henry Wineman III (P54752)
FRASCO CAPONIGRO WINEMAN
& SCHEIBLE PLLC
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
248-334-6767

Erik Stone (P29088)
ERIK J. STONE, PC
Attorneys for Krauss Reimer & Frier
4036 Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
(248) 594-3109

Thomas J. Pereira (P18779)
THOMAS J. PEREIRA, P.C.
Attorney for Bonnie Simpson Scanlan,
Bryan Scanlan and Carol Simpson
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
(248) 737-7170

Richard E. Segal (P33107)
RICHARD E. SEGAL & ASSOCIATES
Attorneys for MERS
6230 Orchard lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

Phillip J. Neuman (P35499)
Sarah Heisler Gidley (P53874)
TAUBMAN, NADIS & NEUMAN, P.C.
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 4833
248-865-3700

Theodore Seitz (P60320)
DYKEMA GOSSETT PLLC
Attorneys for Washington Mutual Fund
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100

Michael Sullivan (P35599)
Colleen Burke (P63857)
COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
Attorneys for Patriot Title Agency & Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

## DEFAULT JUDGMENT AGAINST RANDY SAYLOR, IRSS REVOCABLE TRUST, KRSS REVOCABLE TRUST AND TITANIC INVESTMENT GROUP, LLC

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

At a session of said Court held in
the Courthouse Tower, City of
Pontiac, Oakland County, Michigan
on _____.

Present:    _____
            CIRCUIT COURT JUDGE

This matter having come before the Court upon the oral motion (the "Motion") of

Defendants/Cross-Plaintiffs James Krauss, Janice Krauss, Scott Reimer, Robin Reimer, Mark

Scanlan, Maureen Scanlan, Jeffrey Flynn, Mark Freier, Debbie Freier, Carol Simpson, Bonnie

Simpson, and Bryan Scanlan (the "Investors"), made in connection with the settlement placed on

the record in open court on March 12, 2009, for the entry of a Default Judgment against

Defendants Randy Saylor, IRSS Revocable Trust, KRSS Revocable Trust and Titanic Investment

Group (referred to hereafter as the "Defaulting Parties") and this Court waiving oral argument on

the Motion pursuant to MCR 2.119(E)(3), and it appearing that the Defaulting Parties have failed

to appear or defend this action, and thus are not entitled to notice of the Motion, and the Court

being advised in all of the premises;

IT IS HEREBY ORDERED that a Default Judgment is entered in favor of the Investors

against the Defaulting Parties;

IT IS FURTHER ORDERED that the Defaulting Parties shall have no further right, title

or interest in or to any of the properties described on Exhibit 1, attached hereto;

IT IS FURTHER ORDERED that the following conveyances are hereby set aside and

deemed null and void and of no further force or effect:

3

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

| Property Address | City | Grantors | Grantee | Liber & Page | Legal Description |
|---|---|---|---|---|---|
| 23145 Church Street | Oak Park | Mark Scanlan and Maureen Scanlan | Titanic Investment Group | L32686-P657 | Lot 33, Woodcrest Subdivision #1, according to the plat thereof recorded in Liber 64 of Plats, Page 37, Oakland County Records |
| 28490 Brentwood | Southfield | Mark Scanlan and Maureen Scanlan | Titanic Investment Group | L34332-P92 | N 10 ft of Lot 484, all of Lot 485 and S 10 ft of Lot 486, including 1/2 vacated alley adjacent, Frederick B. Gray's Southfield Woods Sudivision, according to the plat thereof recorded in Liber 38 of Plats, Page 4, Oakland County Records |
| 30051 Brentwood | Southfield | Jeffrey C. Flynn | Titanic Investment Group | L37221-P278 | Lot 108, Meadowlawn Gardens Subdivision, according to the plat thereof recorded in Liber 21 of Plats, Page 31, Oakland County Records |
| 23610 Condon | Oak Park | Jeffrey C. Flynn | Titanic Investment Group | L37221-P284 | N 5 ft of Lot 83, all of Lot 84 except the E 10 ft of said lots lying within adjoining vacated alley, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36 of Plats, Page 21, Oakland County Records |
| 22040 Kenosha | Oak Park | Scott Reimer | Titanic Investment Group | L 34332-P98 | N 30 ft of Lot 238 and S 20 ft of Lot 237, Kenwood Park Subdivision, according to the plat thereof recorded in Liber 36 of Plats, Page 20, Oakland County Records |
| 23045 Church | Oak Park | Scott Reimer | Titanic Investment Group | L37221-P281 | Lot 40 of Woodcrest Subdivision, according to the plat thereof recorded in Liber 64 of Plats, Page 37, Oakland County Records |
| 12731 Northfield | Oak Park | Scott Reimer | Titanic Investment Group | L34332-P88 | Lot 392, Beautiful Irvington Subdivision, according to the plat thereof recorded in Liber 15 of Plats, Page 19, Oakland County Records |
| 23110 Church | Oak Park | James Krauss and Janice Krauss | Titanic Investment Group | L34332-P103 | Lot 53 of Woodcrest Subdivision, according to the plat thereof recorded in Liber 64 of Plats, Page 37, Oakland County Records |

TAUBMAN, NADIS & NEUMAN, P.C., 37255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

| | | | | | |
|---|---|---|---|---|---|
| 21461 Ridgedale | Oak Park | James Krauss and Janice Krauss | Titanic Investment Group | L34332-P96 | S 40 ft of Lots 696 to 701, inclusive, measuring along the E and W lot lines of Division Heights Manor Subdivision No. 2 according to the plat thereof recorded in Liber 42 of Plats, Page 30, Oakland County Records. Also the N 10 ft of vacated alley adjacent to same |
| 24041 Stratford | Oak Park | James Krauss and Janice Krauss | Titanic Investment Group | L34332-P105 | Lot 165 of Edward Rose Greenfield Acres Subdivision according to the plat thereof recorded in Liber 67 of Plats, Page 35, Oakland County Records |
| 24300 Ridgedale | Oak Park | Mark Freier | Titanic Investment Group | L34332-P104 | Lot 103, including 1/2 vacated alley, Pleasant Ridge Manor, as recorded in Liber 35 of Plats, Page 29, Oakland County Records |
| 23090 Meadowlark | Oak Park | Mark Freier | Titanic Investment Group | L37221-P275 | S 53 ft of Lot 215, Oak Park Subdivision, as recorded in Liber 11 of Plats, Page 10, Oakland County Records |
| 25261 Coolidge | Oak Park | Mark Freier | Titanic Investment Group | L37221-P283 | S 10 ft of Lot 824, all of Lot 825, including E 1/2 vacated alley at the rear thereof, Kenwood Park Subdivision No. 3 according to the plat thereof recorded in Liber 37 of Plats, Page 30, Oakland County Records |
| 28437 Red Leaf Lane | Southfield | Mark Freier | Titanic Investment Group | L34519-P285 | Lot 41, Canterbury Gardens Subdivision, according to the plat thereof recorded in Liber 66 of Plats, Page 28, Oakland County Records |
| 21475 Stahelin | Southfield | Carol Simpson | Titanic Investment Group | L37221-P303 | Lot 38 of Supervisor's Baseline Estates, a Subdivision according to the plat thereof recorded in Liber 6 of Plats, Page 58, Oakland County Records |
| 25340 Shiawassee #205 | Southfield | Carol Simpson | Titanic Investment Group | L37221-P303 | Unit 56, Building No. 4, Shiawassee Condominiums, according to the master deed recorded in Liber 7782, Pages 514 through 565, and designated as Oakland County Condominium Subdivision Plan No. 296 |
| 29561 Fairfax | Southfield | Bonnie Simpson | Titanic Investment Group | L34332-P94 | S 25 ft of Lot 320 and N 28 ft of Lot 321 of Meadowvale Subdivision, according to the plat thereof recorded in Liber 35 of Plats, Page 7 Oakland County Records |

5

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

| | | | | |
|---|---|---|---|---|
| 29609 Everett | Southfield | Bonnie Simpson | Titanic Investment L37221-P287 Group | S 28 ft of Lot 226 and N 29 ft of Lot 227 of Meadowvale Subdivision, according to the plat thereof recorded in Liber 35 of Plats, Page 7 Oakland County Records |
| 28588 Aberdeen | Southfield | Scott Reimer and Robin Reimer | Titanic Investment L39694-P401 Group | S 1/2 of Lot 228, Bonnie Acres Subdivision No. 1, according to the plat thereof recorded in Liber 29 of Plats, Page 21, Oakland County Records |
| 12900 Oak Park Blvd. | Oak Park | Bonnie Simpson | Titanic Investment L37221-P287 Group | Lot 113, Vincent Park Subdivision, according to the plat thereof recorded in Liber 31 of Plats, Page 46, Oakland County Records |
| 23591 Jerome | Oak Park | Carol Simpson | Titanic Investment L34332-P89 Group | Lot 121, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36 of Plats, Page 21, Oakland County Records |
| 24220 Ithaca | Oak Park | Bonnie Simpson | Titanic Investment L34332-P95 Group | N 50 ft of S 150 ft of Lot 271, Oak Park Subdivision, according to the plat thereof recorded in Liber 11 of Plats, Page 10, Oakland County Records |

IT IS FURTHER ORDERED that this Default Judgment may be recorded in the office

of the Oakland County Register of Deeds.

THIS IS NOT A FINAL ORDER AND DOES NOT CLOSE THE CASE.


_____

CIRCUIT COURT JUDGE

Approved as to form:

**MANTESE & ROSSMAN, P.C.**     **ERIK J. STONE, PC**

By: _____     By: _____
    Gerard V. Mantese (P34424)         Erik J. Stone (P29088)
    David Hansma (P71056)     Attorneys for Krauss, Reimer, Scanlan & Freier
Attorneys for Plaintiffs     4036 Telegraph Road, Ste. 200
1361 E. Big Beaver Rd.     Bloomfield Hills, MI 48302 (248) 594-3109
Troy, MI 48083 (248) 457-9200

6

**FRASCO CAPONIGRO WINEMAN
& SCHEIBLE PLLC**

**THOMAS J. PEREIRA, P.C.**

By: _____
      Eric Scheible (P54174)
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Blmfld Hills, MI 48302   (248) 334-6767

By: _____
      Thomas J. Pereira (P18779)
Attorneys for Simpson and Scanlan
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334 (248) 737-7170

**RICHARD E. SEGAL & ASSOCIATES**

By: _____
      Richard E. Segal (P33107)
Attorneys for MERS
6230 Orchard Lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

**COLLINS, EINHORN, FARRELL & ULANOFF, P.C.**

By: _____
      Michael Sullivan (P35599)
      Colleen Burke (P63857)
Attorneys for Patriot Title Agency & Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

**TAUBMAN, NADIS & NEUMAN, P.C.**

By: _____
      Phillip J. Neuman (P35499)
      Sarah Heisler Gidley (P53874)
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334
(248) 865-3700

After recording return to:
Phillip J. Neuman
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 48334

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334  TEL: (248) 865-3700  FAX: (248) 865-3003

7

# EXHIBIT 1
# TO EXHIBIT C

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR,
Trustee u/a/d May 16, 1986 for ISAIAH SHAFIR,
ISAIAH SHAFIR TRUST, and REVOCABLE LIVING
TRUST FOR ISAIAH SHAFIR,

     Plaintiffs/Counter-Defendants
                                              Case No. 08-091478-CH
v.                                                   Hon. Wendy L. Potts

JAMES KRAUSS, JANICE KRAUSS, SCOTT REIMER,
ROBIN REIMER, MARK SCANLAN, MAUREEN
SCANLAN, JEFFREY FLYNN, MARK FREIER,
DEBBIE FREIER

     Defendants/Counter-Plaintiffs and Cross-Plaintiffs
and

FIRST AMERICAN TITLE INSURANCE CO.,

     Defendant/Counter-Plaintiff and Cross-Defendant
and

PATRIOT TITLE AGENCY LLC, SIMMONS TITLE
AGENCY, ARTHUR SIMMONS, CYNTHIA RAQUET
AND KIRK SCHEIB,

     Defendants and Cross-Defendants
and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEM, INC., OPTION ONE MORTGAGE
CORPORATION OF CALIFORNIA, WORLD
SAVINGS BANK, FSB, WASHINGTON MUTUAL
BANK, FA, RANDY SAYLOR, IRSS REVOCABLE
TRUST, KRSS REVOCABLE TRUST, TITANIC
INVESTMENT GROUP, et al.

     Defendants.

TAUBMAN, NADIS & NEUMAN, P.C., 3255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

1

Gerard V. Mantese (P34424)
David Hansma (P71056)
MANTESE & ROSSMAN, P.C.
Attorneys for Plaintiffs
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Jeffery D. Maynard (P55243)
MAYNARD LAW ASSOCIATES, PLLC
Attorneys for Francine Pierce
25600 Woodward Ave., Ste. 111
Royal Oak, MI 48076
(248) 399-0176

Henry Wineman III (P54752)
FRASCO CAPONIGRO WINEMAN
& SCHEIBLE PLLC
Attorneys for Insured Mortgagees
1668 S. Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
248-334-6767

Erik Stone (P29088)
ERIK J. STONE, PC
Attorneys for Krauss Reimer & Frier
4036 Telegraph Road, Ste. 200
Bloomfield Hills, MI 48302
(248) 594-3109

Thomas J. Pereira (P18779)
THOMAS J. PEREIRA, P.C.
Attorney for Bonnie Simpson Scanlan,
Bryan Scanlan and Carol Simpson
30300 Northwestern Hwy., Ste. 307
Farmington Hills, MI 48334
(248) 737-7170

Richard E. Segal (P33107)
RICHARD E. SEGAL & ASSOCIATES
Attorneys for MERS
6230 Orchard lake Road, Ste. 294
West Bloomfield, MI 48322
(248) 855-4880

Phillip J. Neuman (P35499
Sarah Heisler Gidley (P53874)
TAUBMAN, NADIS & NEUMAN, P.C.
Attorneys for First American Title Ins. Co.
32255 Northwestern Hwy., Ste. 200
Farmington Hills, MI 4833
248-865-3700

Theodore Seitz (P60320)
DYKEMA GOSSETT PLLC
Attorneys for Washington Mutual Fund
201 Townsend St., Ste. 900
Lansing, MI 48933
(517) 374-9100

Michael Sullivan (P35599)
Colleen Burke (P63857)
COLLINS, EINHORN, FARRELL &
ULANOFF, P.C.
Attorneys for Patriot Title Agency & Scheib
4000 Town Center, Ste. 909
Southfield, MI 48075
(248) 355-4141

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

**EXHIBIT 1 TO DEFAULT JUDGMENT AGAINST RANDY SAYLOR, IRSS REVOCABLE TRUST, KRSS REVOCABLE TRUST AND TITANIC INVESTMENT GROUP, LLC**

2

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL. (248) 865-3700 FAX (248) 865-3003

The Defaulting Parties (as defined in the foregoing Default Judgment) shall have no further right, title or interest in or to any of the following properties:

City of Oak Park, Oakland County, Michigan
Lot 33, Woodcrest Subdivision No. 1, according to the plat thereof recorded in Liber 64, Page 37, Oakland County Records. Tax Identification Number 25-30-380-018. Commonly known as 23145 Church St., Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 83, Huntington Farms Subdivision, according to the plat thereof recorded in Liber 62, Page 5, Oakland County Records. Tax Identification Number 25-29-151-010. Commonly known as 24300 Coolidge, Oak Park.

City of Southfield, Oakland County, Michigan
Lot 210, except the South 16 feet and the South 24 feet of Lot 211, Frederick B. Gray's Southfield Woods Subdivision, according to the plat thereof recorded in Liber 38, Page 4, Oakland County Records. Tax Identification Number 24-13-278-008. Commonly known as 28106 Fairfax Street, Southfield.

City of Southfield, Oakland County, Michigan
Lot 382 and the West 20 feet of Lot 383, Evershire Subdivision, according to the plat thereof recorded in Liber 42, Page 33, Oakland County Records. Tax Identification Number 24-23-353-013. Commonly known as 19633 Jeanette, Southfield.

City of Southfield, Oakland County, Michigan
Building No. 4, Unit No. 64, Shiawassee Condominium, a Condominium according to the Master Deed recorded in Liber 7782, Pages 514 Through 565 and First Amendment to the Master Deed thereof, recorded in Liber 7641, Pages 579-580 and Second Amendment to Master Deed recorded in Liber 8063, Pages 199-200 and Third Amendment to the Master Deed recorded in Liber 8307, Pages 887-890, inclusive, Oakland County Records and designated as Oakland County Condominium Subdivision Plan No. 296, with rights in general common elements and limited common elements as set forth in said Master Deed and pursuant to act 59 of the Public Acts of Michigan of 1978, as amended. Tax Identification Number 24-32-376-064. Commonly known as 25336 Shiawassee #201, Southfield.

City of Oak Park, Oakland County, Michigan
Lot 96, A&W Subdivision, according to the plat thereof recorded in Liber 78, Page 34, Oakland County Records. Tax Identification Number 25-30-153-004. Commonly known as 15251 Northfield, Oak Park.

3

City of Southfield, Oakland County, Michigan
Lot 343, Grand River Crest Subdivision No. 1, according to the plat thereof recorded in Liber 18, Page 37, Oakland County Records. Tax Identification Number 24-31-303-010. Commonly known as 21348 Poinciana, Southfield.

City of Southfield, Oakland County, Michigan
North 10 feet of Lot 484, all of Lot 485 and South 10 feet of Lot 486, including 1/2 of vacated alley adjacent at rear thereof, Frederick B. Gray's Southfield Woods Subdivision, according to the plat thereof recorded in Liber 38, Page 4, Oakland County Records. Tax Identification Number 24-13-235-010. Commonly known as 28490 Brentwood, Southfield.

City of Southfield, Oakland County, Michigan
Lot 184, Plat of Bonnie Acres Subdivision No. 1, according to the plat thereof recorded in Liber 29, Page 21, Oakland County Records. Tax Identification Number 24-13-204-015. Commonly known as 28705 Selkirk, Southfield.

City of Southfield, Oakland County, Michigan
Lot 108, Meadowlawn Garden Subdivision, according to the plat thereof recorded in Liber 21, Page 31, Oakland County Records. Tax Identification Number 24-12-279-019. Commonly known as 30051 Brentwood, Southfield.

City of Southfield, Oakland County, Michigan
Lot 301 except the North 41.90 feet thereof and the North 42 feet of Lot 302, Meadowvale Subdivision, according to the plat thereof recorded in Liber 35, Page 7, Oakland County Records. Tax Identification Number 24-12-427-015. Commonly known as 29869 Fairfax, Southfield.

City of Oak Park, Oakland County, Michigan
North 5 feet of Lot 83, all of Lot 84 except the East 10 feet of said lots, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36, Page 21, Oakland County Records. Tax Identification Number 25-29-333-006 . Commonly known as 23610 Condon, Oak Park.

City of Oak Park, Oakland County, Michigan
Part of the Southwest 1/4 of the Northwest 1/4 of Section 28, T1N, R11 E, beginning at a point distant south 2359.98 feet and east 666.80 feet from the Northwest section corner, thence East 135.40 feet, thence South 56.20 feet, thence West 135.40 feet, thence North 56.20 feet to the point of beginning. Tax Identification Number 25-28-154-005. Commonly known as 24044 Meadowlark, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 106 and 107, Beautiful Irvington Subdivision, according to the plat thereof recorded in Liber 15, Page 19, Oakland County Records. Tax Identification Number 25-29-251-012. Commonly known as 24200 Scotia, Oak Park.

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

4

City of Oak Park, Oakland County, Michigan
North 30 feet of Lot 238 and the South 20 feet of Lot 237, Kenwood Park Subdivision, according to the plat thereof recorded in Liber 36, Page 20, Oakland County Records. Tax Identification Number 25-31-202-017. Commonly known as 22040 Kenosha, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 239 and South 10 feet of Lot 238, Kenwood Park Subdivision, according to the plat thereof recorded in Liber 36, Page 20, Oakland County Records. Tax Identification Number 25-31-202-018. Commonly known as 22030 Kenosha, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 40, Woodcrest Subdivision No. 1, according to the plat thereof recorded in Liber 64, Page 37, Oakland County Records. Tax Identification Number 25-30-380-025. Commonly known as 23045 Church St., Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 147, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36, Page 21, Oakland County Records. Tax Identification Number 25-29-302-067. Commonly known as 23511 Moritz, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 392, Beautiful Irvington Subdivision, according to the plat thereof recorded in Liber 15, Page 19, Oakland County Records. Tax Identification Number 25-29-183-002. Commonly known as 12731 Northfield, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 58, McClain Subdivision, according to the plat thereof recorded in Liber 69, Page 22, Oakland County Records. Tax Identification Number 25-29-377-024. Commonly known as 23250 Eastwood, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 53, Woodcrest Subdivision No. 1, according to the plat thereof recorded in Liber 64, Page 37, Oakland County Records. Tax Identification Number 25-30-451-006. Commonly known as 23110 Church St., Oak Park.

City of Oak Park, Oakland County, Michigan
South 40 feet of Lots 696-701 inclusive, Division Heights Manor Subdivision No. 2, according to the plat thereof recorded in Liber 42, Page 30, Oakland County Records. Tax Identification Number 25-31-428-016. Commonly known as 21461 Ridgedale, Oak Park.

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 855-3700 FAX: (248) 855-3003

5

City of Southfield, Oakland County, Michigan
Building No. 1, Unit No. 3, Shiawassee Condominium, a Condominium according to the Master Deed recorded in Liber 7782, Pages 514 Through 565 and First Amendment to the Master Deed thereof, recorded in Liber 7641, Pages 579-580 and Second Amendment to Master Deed recorded in Liber 8063, Pages 199-200 and Third Amendment to the Master Deed recorded in Liber 8307, Pages 887-890, inclusive, Oakland County Records and designated as Oakland County Condominium Subdivision Plan No. 296, with rights in general common elements and limited common elements as set forth in said Master Deed and pursuant to act 59 of the Public Acts of Michigan of 1978, as amended. Tax Identification Number 24-32-376-003. Commonly known as 25300 Shiawassee #103, Southfield.

City of Oak Park, Oakland County, Michigan
Lot 165, Edward Rose Greenfield Acres Subdivision, according to the plat thereof recorded in Liber 67, Page 35 and 36, Oakland County Records. Tax Identification Number 25-30-156-016. Commonly known as 24041 Stratford, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 103, including one-half vacated alley, Pleasant Ridge Manor, according to the plat thereof recorded in Liber 35, Page 29, Oakland County Records. Tax Identification Number 25-30-278-008. Commonly known as 24300 Ridgedale, Oak Park.

City of Oak Park, Oakland County, Michigan
South 53 feet of Lot 215, Oak Park Subdivision, according to the plat thereof recorded in Liber 11, Page 10 and 11, Oakland County Records. Tax Identification Number 25-28-353-012. Commonly known as 23090 Meadowlark, Oak Park.

City of Oak Park, Oakland County, Michigan
South 10 feet of Lot 824, All of Lot 825 including East 1/2 vacated alley at the rear thereof, Kenwood Park No. 3 Subdivision, according to the plat thereof recorded in Liber 37, Page 30, Oakland County Records. Tax Identification Number 25-19-477-023. Commonly known as 25261 Coolidge, Oak Park.

City of Southfield, Oakland County, Michigan
Lot 41, Canterbury Gardens Subdivision, according to the plat thereof recorded in Liber 66, Page 28 and 29, Oakland County Records. Tax Identification Number 24-13-176-006. Commonly known as 28437 Red Leaf Lane, Southfield.

City of Southfield, Oakland County, Michigan
Lot 38, Supervisor's Baseline Estates, according to the plat thereof recorded in Liber 6, Page 51, Oakland County Records. Tax Identification Number 24-35-401-003. Commonly known as 21475 Stahelin, Southfield.

6

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL: (248) 865-3700 FAX: (248) 865-3003

City of Southfield, Oakland County, Michigan
Building No. 4, Unit No. 56, Shiawassee Condominium, a Condominium according to the Master Deed recorded in Liber 7782, Pages 514 Through 565 and First Amendment to the Master Deed thereof, recorded in Liber 7641, Pages 579-580 and Second Amendment to Master Deed recorded in Liber 8063, Pages 199-200 and Third Amendment to the Master Deed recorded in Liber 8307, Pages 887-890, inclusive, Oakland County Records and designated as Oakland County Condominium Subdivision plan No. 296, with rights in general common elements and limited common elements as set forth in said Master Deed and pursuant to act 59 of the Public Acts of Michigan of 1978, as amended. Tax Identification Number 24-32-376-056. Commonly known as 25340 Shiawassee #205, Southfield .

City of Southfield, Oakland County, Michigan
Lot 222, River Oaks Subdivision, according to the plat thereof recorded in Liber 24, Page 6, Oakland County Records. Tax Identification Number 24-31-102-044. Commonly known as 22037 Poinciana, Southfield.

City of Southfield, Oakland County, Michigan
The South 25 feet of Lot 320 and the North 28 feet of Lot 321, Meadowvale Subdivision, according to the plat thereof recorded in Liber 35, Page 7, Oakland County Records. Tax Identification Number 24-12-432-025. Commonly known as 29561 Fairfax, Southfield.

City of Southfield, Oakland County, Michigan
South 28 feet of Lot 226 and North 29 feet of Lot 227, Meadowvale Subdivision, according to the plat thereof recorded in Liber 35, Page 7, Oakland County Records. Tax Identification Number 24-12-431-005. Commonly known as 29609 Everett, Southfield.

City of Southfield, Oakland County, Michigan
North 1/2 of Lot 228, Bonnie Acres Subdivision No. 1, according to the plat thereof recorded in Liber 29, Page 21, Oakland County Records. Tax Identification Number 24-13-209-001. Commonly known as 28588 Aberdeen, Southfield.

City of Oak Park, Oakland County, Michigan
Lot 113, Vincent Park Subdivision, according to the plat thereof recorded in Liber 31, Page 46, Oakland County Records. Tax Identification Number 25-29-327-018. Commonly known as 12900 Oak Park Blvd., Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 80, Edward Rose Greenfield Acres Subdivision, according to the plat thereof recorded in Liber 57, Page 35 and 36, Oakland County Records. Tax Identification Number 25-30-154-005. Commonly known as 15301 Marlow, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 121, Helenton Park Subdivision, according to the plat thereof recorded in Liber 36, Page 21, Oakland County Records. Tax Identification Number 25-29-330-019. Commonly known as 23591 Jerome, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 105, McClain Subdivision, according to the plat thereof recorded in Liber 69, Page 22, Oakland County Records. Tax Identification Number 25-29-356-005. Commonly known as 23071 Eastwood, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 90, Edward Rose Greenfield Acres Subdivision, according to the plat thereof recorded in Liber 67, Page 35 and 36, Oakland County Records. Tax Identification Number 25-30-177-006. Commonly known as 15031 Marlow, Oak Park.

City of Oak Park, Oakland County, Michigan
North 50 feet of South 150 feet of Lot 271, Oak Park Subdivision, according to the plat thereof recorded in Liber 11, Page 10 and 11, Oakland County Records. Tax Identification Number 25-29-279-010. Commonly known as 24220 Ithaca, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 81, Huntington Farms Subdivision, according to the plat thereof recorded in Liber 62, Page 5, Oakland County Records. Tax Identification Number 25-29-151-008. Commonly known as 24320 Coolidge, Oak Park.

City of Oak Park, Oakland County, Michigan
Lot 174, Ridgewood Estates Subdivision, according to the plat thereof recorded in Liber 61, Page Pages 18, 18a, 18b and 18c, Oakland County Records. Tax Identification Number 25-32-228-001. Commonly known as 10271 Corning, Oak Park.

TAUBMAN, NADIS & NEUMAN, P.C., 32255 NORTHWESTERN HWY., STE. 200, FARMINGTON HILLS, MI 48334 TEL.: (248) 865-3700 FAX: (248) 865-3003

8

# EXHIBIT D

# STATE OF MICHIGAN

## IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

STEADFAST INSURANCE COMPANY,
a Delaware corporation,

                Plaintiff,

v.

PATRIOT TITLE AGENCY, LLC, a Michigan limited
liability company, KIRK D. SCHEIB, JENNIFER KOJS,
RANDY SAYLOR (individually and as trustee of
IRSS REVOCABLE TRUST and KRSS REVOCABLE
TRUST), FIRST AMERICAN TITLE INSURANCE
COMPANY, a California corporation, GORDON P. MCKAY,
JENNIFER S. MCKAY, BAYVIEW LOAN
SERVICING, LLC, a Delaware limited liability company,
AMBER INVESTMENTS, INC., a Michigan corporation,
ECOUNTABLE, LLC, a Michigan limited liability company,
ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR,
TRUSTEE UNDER TRUST AGREEMENT
DATED MAY 16, 1986 FOR ISAIAH SHAFIR,
ISAIAH SHAFIR TRUST, REVOCABLE LIVING
TRUST FOR ISAIAH SHAFIR, TERRY DROSZ,
TITANIC INVESTMENT GROUP, LLC, a
Michigan limited liability company, OZ CARWASH, LLC,
a Michigan limited liability company, BEDFORD FALLS
PROPERTY MANAGEMENT, LLC, a Michigan limited
liability company, HILLTOP MARKETING, INC., a Michigan
corporation, on its own behalf and doing business
as POTTERSVILLE PROPERTIES,

                Defendants.

Case No. 08-096431-CK

Hon. Wendy L. Potts

**STIPULATION OF
DISMISSAL WITH
PREJUDICE BETWEEN
STEADFAST INSURANCE
COMPANY AND SHAFIR
DEFENDANTS**

_____/

| | |
|---|---|
| Peter B. Kupelian (P31812) | Gerard Mantese (P34424) |
| Carol G. Schley (P51301) | David F. Hansma (P71056) |
| *Attorneys for Plaintiff Steadfast Insurance Co.* | *Attorneys for Shafir Defendants* |
| Kupelian Ormond & Magy, P.C. | Mantese and Rossman, P.C. |
| 25800 Northwestern Highway, Ste. 950 | 1361 E. Big Beaver Rd. |
| Southfield, MI 48075 | Troy, MI 48083 |
| (248) 357-0000 | (248) 457-9200 |

Michael D. Schloff (P25393)
Michael D. Schloff, PLLC
*Attorneys for Defendant Terry Drosz*
6905 Telegraph Road, Ste. 215
Bloomfield Hills, MI 48301
(248) 645-5205

Thomas M. Loeb (P25913)
*Attorney for Defendant Jennifer Kojs*
32000 Northwestern Hwy., Ste. 170
Farmington Hills, MI 48334-1507
(248) 851-2020

David G. Marowske (P57261)
Danielle D. Jackson (P69517)
*Attorneys for Defendant Bayview*
Potestivo & Associates, P.C.
811 South Blvd. E, Suite 100
Rochester Hills, MI 48307
(248) 853-4400

/

## STIPULATION OF DISMISSAL WITH PREJUDICE BETWEEN STEADFAST INSURANCE COMPANY AND SHAFIR DEFENDANTS

IT IS HEREBY STIPULATED and agreed between the parties hereto, by and through their respective counsel, that the claims asserted by Plaintiff Steadfast Insurance Company ("Steadfast") against Defendants Isaiah Shafir, Peggy Shafir, Isaiah Shafir, Trustee Under Trust Agreement Dated May 16, 1986 For Isaiah Shafir, Isaiah Shafir Trust, and Revocable Living Trust For Isaiah Shafir (the "Shafir Defendants") are dismissed with prejudice and without costs, interest or attorney fees to any party.

STIPULATED:

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
Kupelian Ormond & Magy, P.C.
Attorneys for Plaintiff
25800 Northwestern Hwy., Ste. 950
Southfield, MI 48075
(248) 357-0000

Date: _____, 2009

Gerard Mantese (P34424)
David F. Hansma (P71056)
Attorneys for Shafir Defendants
Mantese and Rossman, P.C.
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Date: _____, 2009

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

STEADFAST INSURANCE COMPANY,
a Delaware corporation,

                              Plaintiff,                    Case No. 08-096431-CK

v.                                                          Hon. Wendy L. Potts

PATRIOT TITLE AGENCY, LLC, a Michigan limited
liability company, KIRK D. SCHEIB, JENNIFER KOJS,
RANDY SAYLOR (individually and as trustee of
IRSS REVOCABLE TRUST and KRSS REVOCABLE
TRUST), FIRST AMERICAN TITLE INSURANCE
COMPANY, a California corporation, GORDON P. MCKAY,
JENNIFER S. MCKAY, BAYVIEW LOAN
SERVICING, LLC, a Delaware limited liability company,
AMBER INVESTMENTS, INC., a Michigan corporation,
ECOUNTABLE, LLC, a Michigan limited liability company,
ISAIAH SHAFIR, PEGGY SHAFIR, ISAIAH SHAFIR,
TRUSTEE UNDER TRUST AGREEMENT
DATED MAY 16, 1986 FOR ISAIAH SHAFIR,
ISAIAH SHAFIR TRUST, REVOCABLE LIVING
TRUST FOR ISAIAH SHAFIR, TERRY DROSZ,
TITANIC INVESTMENT GROUP, LLC, a
Michigan limited liability company, OZ CARWASH, LLC,
a Michigan limited liability company, BEDFORD FALLS
PROPERTY MANAGEMENT, LLC, a Michigan limited
liability company, HILLTOP MARKETING, INC., a Michigan
corporation, on its own behalf and doing business
as POTTERSVILLE PROPERTIES,

                              Defendants.

**ORDER DISMISSING
CLAIMS BETWEEN
STEADFAST INSURANCE
COMPANY AND SHAFIR
DEFENDANTS WITH
PREJUDICE**

_____/

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
*Attorneys for Plaintiff Steadfast Insurance Co.*
Kupelian Ormond & Magy, P.C.
25800 Northwestern Highway, Ste. 950
Southfield, MI 48075
(248) 357-0000

Gerard Mantese (P34424)
David F. Hansma (P71056)
*Attorneys for Shafir Defendants*
Mantese and Rossman, P.C.
1361 E. Big Beaver Rd.
Troy, MI 48083
(248) 457-9200

Michael D. Schloff (P25393)
Michael D. Schloff, PLLC

David G. Marowske (P57261)

*Attorneys for Defendant Terry Drosz*
6905 Telegraph Road, Ste. 215
Bloomfield Hills, MI 48301
(248) 645-5205

Danielle D. Jackson (P69517)
*Attorneys for Defendant Bayview*
Potestivo & Associates, P.C.
811 South Blvd. E, Suite 100
Rochester Hills, MI 48307
(248) 853-4400

Thomas M. Loeb (P25913)
*Attorney for Defendant Jennifer Kojs*
32000 Northwestern Hwy., Ste. 170
Farmington Hills, MI 48334-1507
(248) 851-2020

_____/

## ORDER DISMISSING CLAIMS BETWEEN STEADFAST INSURANCE COMPANY
## AND SHAFIR DEFENDANTS WITH PREJUDICE

At a session of said Court held in the Courthouse
Tower, City of Pontiac, Oakland County, Michigan
on _____

_____
CIRCUIT COURT JUDGE

In accordance with the Stipulation of Dismissal With Prejudice between Steadfast

Insurance Company ("Steadfast") and Defendants Isaiah Shafir, Peggy Shafir, Isaiah Shafir,

Trustee Under Trust Agreement Dated May 16, 1986 For Isaiah Shafir, Isaiah Shafir Trust, and

Revocable Living Trust For Isaiah Shafir (the "Shafir Defendants") and the Court being

otherwise fully advised in the premises;

IT IS HEREBY ORDERED that the claims asserted by Steadfast against Shafir

Defendants are dismissed with prejudice and without costs, interest or attorney fees to any party.

This Order does not resolve the last pending claim and this case remains open.

SO ORDERED this _____ day of _____, 2009.


Date:_____          _____

0249-2476/154680                                      Hon. Wendy L. Potts

# EXHIBIT E

STATE OF MICHIGAN

IN THE OAKLAND COUNTY CIRCUIT COURT

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
nominee for FLAGSTAR BANK FSB
Plaintiff,

vs.

Case No. 09-097173 -CH
Hon. Rae Lee Chabot

RANDY SAYLOR, individually and as Trustee of
the IRSS REVOCABLE TRUST, and HOMEOWNERS
INVESTMENT COMPANY, a Michigan corporation

Defendants.

_____/

Eric D. Scheible (P54174)
Jonathan D. Ordower (P58015)
FRASCO CAPONIGRO
WINEMAN & SCHEIBLE PLLC
Attorneys for MERS
1668 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 334-6767

Gerard Mantese (P34424)
David Hansma (P71056)
MANTESE AND ROSSMAN, P.C.
Attorneys for Homeowners Investment Co.
1361 East Big Beaver Road
Troy, MI 48083
(248)457-9200

_____/

**CONSENT JUDGMENT**

At a session of said Court held in the Circuit Court, City of
Pontiac, Oakland County, Michigan on _____.

PRESENT: _____
CIRCUIT COURT JUDGE

This Consent Judgment is before the Court on the parties' agreement and is entered into

with reference to the following facts:

**IT IS HEREBY ORDERED**:

1. The property at issue in the instant action is located in the City of Lathrup Village, County of Oakland, State of Michigan, is commonly known as 28714 Blackstone, and is more particularly described as:

> Lot 954 and the Northeast ½ (*sic*) of Lot 955 Louise Lathrup's
> California Bungalow Subdivision No. 2, as Recorded in Liber 31
> of Plats, Page 47 of Oakland County Records.
>
> Tax ID No. 24-14-230-009 ("Property").

2. The Property was owned by Defendant Homeowners Investment Company ("Homeowners"), which conveyed its interest to Defendant Randy Saylor ("Saylor") on or about October 14, 2004, by a Quit Claim Deed recorded in the offices of the Oakland County Register of Deeds on December 27, 2004, at Liber 34654, Page 92, Oakland County Records.

3. On or about October 14, 2004, Saylor executed a mortgage on the Property in favor of Homeowners, which was recorded in the offices of the Oakland County Register of Deeds on November 8, 2004, in Liber 34386, Page 21, Oakland County Records.

4. On or about November 10, 2004, Saylor, as trustee of the Defendant IRSS Revocable Trust, conveyed its interest in the Property to Jennifer M. Kojs ("Kojs") by a Warranty Deed, which was recorded in the offices of the Oakland County Register of Deeds on December 27, 2004, in Liber 34653, Page 767, Oakland County Records.

5. On or about November 10, 2004, Kojs executed a mortgage on the Property in favor of Plaintiff Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Sure Financial Corp., its successors and assigns ("Flagstar Mortgage"), which was recorded in the offices of the Oakland County Register of Deeds on December 27, 2004, in Liber 34654, Page 93, Oakland County Records.

6. Homeowners foreclosed the Homeowners Mortgage and, on July 22, 2008, obtained a Sheriff's Deed to the Property, which was recorded on July 29, 2008, in Liber 40492, Page 50, Oakland County Records.

7. The Homeowners Mortgage on the Property is and shall be deemed null and void, the Sheriff's Deed to the Property issued to Homeowners is and shall be deemed null and void, and title to the Property shall be quieted in favor of Kojs, subject only to the Flagstar Mortgage.

**IT IS FURTHER ORDERED** that this Consent Judgment may be filed in the Oakland County Register of Deeds.

Pursuant to MCR 2.602(A)(3), this Order resolves the last pending claim and closes this case.

_____
CIRCUIT COURT JUDGE

Agreed as to form and content:

_____
Eric D. Scheible (P54174)
Jonathan D. Ordower (P58015)
FRASCO CAPONIGRO
WINEMAN & SCHEIBLE PLLC
Attorneys for MERS


_____
Gerard Mantese (P34424)
David Hansma (P71056)
MANTESE AND ROSSMAN, P.C.
Attorneys for Homeowners Investment Co.

3

# EXHIBIT F

## QUIT  CLAIM  DEED

**KNOW ALL PEOPLE BY THESE PRESENTS:  That Isaiah Shafir, trustee of the Isaiah Shafir Revocable Living Trust**, whose address is: **16445 W. Twelve Mile Rd., Ste. 109, Southfield, Michigan 48076** Quit Claims to: **First Horizon Home Loans,** a division of First Tennessee Bank, N.A. , whose address is: **4000 Horizon Way, cc:1350, Irving, TX 75063** the following described premises situated in the **City** of **Southfield**, County of **Oakland**, State of **Michigan**, to-wit:

> **Lot 210, except the South 16 feet and the South 24 feet of Lot 211, Fredrick B. Gray's Southfield Woods Subdivision, according to the plat thereof recorded in Liber 38 of Plats, Page 4, Oakland County Records.** Tax Parcel Number 24-13-278-008.  Commonly known as 28106 Fairfax, Southfield, Michigan.

together with all and singular the tenements, hereditaments and appurtenances thereunto belonging or in anywise appertaining, for the sum of *One ($1.00) Dollar.*  This transaction is exempt from county and state transfer taxes pursuant to MCL 207.505(a) and MCL 207.526(a).

Dated this _____ day of _____, 2009.

**Signed by:**

_____
ISAIAH SHAFIR, TRUSTEE OF THE ISAIAH
SHAFIR REVOCABLE LIVING TRUST

STATE OF MICHIGAN    )
COUNTY OF OAKLAND  ) ss.

The foregoing instrument was acknowledged before me this _____ day of _____, 2009, by Isaiah Shafir, Trustee of the Isaiah Shafir Revocable Living Trust

_____
NOTARY PUBLIC, OAKLAND COUNTY, MI
MY COMMISSION EXPIRES: _____

**DRAFTED BY:**
PHILLIP J. NEUMAN, ESQ., TAUBMAN, NADIS & NEUMAN, P.C., 32255 Northwestern Hwy., Ste. 200, Farmington Hills, MI 48334

**WHEN RECORDED RETURN TO:** DRAFTER

# EXHIBIT G

## QUIT-CLAIM DEED

Grantors, **Mark Scanlan and Maureen Scanlan** ("Grantors") whose address is **3011 N. Racine Ave., Chicago, IL 60657**, quitclaim to **First Horizon Home Loans**, a division of First Tennessee Bank, N.A. ("Grantee"), with a mailing address of **4000 Horizon Way, cc:1350, Irving, TX 75063**, the premises in the **City of Southfield**, Oakland County, Michigan, described as

> **Lot 210, except the South 16 feet and the South 24 feet of Lot 211, Fredrick B. Gray's Southfield Woods Subdivision, according to the plat thereof recorded in Liber 38 of Plats, Page 4, Oakland County Records.**
>
> Tax Parcel Number 24-13-278-008

commonly known as **28106 Fairfax, Southfield, MI**, for the full consideration of **$10.00**.

Grantors executed a mortgage dated April 1, 2004, in favor of Mortgage Electronic Registration System, Inc., as nominee for Sure Financial Corporation on the described property. The mortgage is recorded in the office of the Oakland County Register of Deeds, at Liber 33290, Page 730, Oakland County Records. This quitclaim deed extinguishes all rights of Grantors in the mortgage between the parties, including any rights of redemption, and extinguishes all other rights, title, and interests of Grantors in the premises.

Dated: _____        _____

                                      Mark Scanlan


                                      _____

                                      Maureen Scanlan


STATE OF ILLINOIS        )
COOK COUNTY              )

Acknowledged before me in Cook County, Illinois, on _____ by Mark Scanlan and Maureen Scanlan, husband and wife.

_____

Notary public, State of Illinois, County of Cook
My commission expires _____.

| When recorded return to | Send subsequent tax bills to | Drafted by |
|---|---|---|
| Phillip J. Neuman, Esq., | Grantee | Phillip J. Neuman, Esq., |
| 32255 Northwestern Hwy., | | 32255 Northwestern |
| Ste. 200, Farmington Hills, | | Hwy., Ste. 200, |
| MI 48334 | | Farmington Hills, MI |
| | | 48334 |

# Exhibit 3

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MARK SCANLAN, MAUREEN SCANLAN,    Case No. 08-089616-CZ
RICHARD SCANLAN, BETTY SCANLAN,    Hon. D. Langford Morris
JEFFREY FLYNN,  JOHN FLYNN, SCOTT
REIMER, JAMES KRAUSS, MARK
FREIER, individuals,

                                **FIRST AMENDED COMPLAINT**

Plaintiffs,

v.

RANDY SAYLOR, an individual,

Defendant.

_____/

Erik J. Stone P29088
Erik J. Stone, P.C.
4036 Telegraph, 2d Floor
Bloomfield Hills, MI 48302
248-594-3109

Attorneys for Plaintiffs

_____/

**FIRST AMENDED COMPLAINT**

      Now Come the above named Plaintiffs (herein collectively "Plaintiffs" and

individually a "Plaintiff") and for their complaint against the above named Defendant

(herein "Defendant") states as follows:

**Parties and Jurisdiction**

1.     Plaintiffs are doing business in Oakland County, Michigan.

2.     Defendant is doing business in Oakland County, Michigan.

1

3.     The occurrences and transaction which are the subject matter of this lawsuit took place in Oakland County, Michigan.

4.     Venue is in this Court.

5.     The amount in controversy exceeds $25,000 and otherwise is within the jurisdictional limits of this Court.

### Introduction

6.     Plaintiffs seek (i) the rent Defendant and/or others owned by, controlled by, affiliated with or associated with Defendant (individually and collectively "Defendant") are receiving on the leases for the residential Properties that Plaintiffs own and/or mortgaged described on Exhibit A hereto (herein collectively the "Properties" or individually a "Property") in order that Plaintiffs can pay the mortgages, or alternatively, to compel Defendant to apply the rents from the Properties in payment of such mortgages, (ii) to require Defendant to pay such other sums as required to keep the mortgage and tax payments for each Property current, (iii) reimbursement for sums Plaintiffs have paid on the mortgages and taxes for the Properties, (iv) records of all leases, income, expenses, improvements, repair and maintenance for the Properties, (v) to compel Defendant to discharge the mortgages on the Properties for which Plaintiffs are liable at no expense to Plaintiffs, or alternatively, to compel Defendant to convey title to each mortgaged Property to the respective mortgagor Plaintiff unencumbered by any mortgages or liens due to the acts of Defendant, (vi) to quiet title to some of the Properties, and (vi) such other relief to which they may be entitled.

2

## Background and General Allegations

### Sale and mortgage of the Properties

7.      Defendant arranged for the sale of the Properties to Plaintiffs and for mortgages

to be taken out in Plaintiffs' names. Defendant owned and/or controlled the title

company that closed the transactions, received and disbursed the funds and issued the

owners and lenders title policies. The documents on many of the transactions have

forged signatures and false notarizations. In some cases the mortgagor was not in title

when the closing occurred.

8.      The closings on the sales and mortgages were done by mail and/or escrow of

documents with Defendant or its agents. The closing documents for those transactions

for which the documents were signed by Plaintiffs were prepared by Defendant, and

provided to Defendant prior to the closing on the Property. The closing documents for

those transactions for which Plaintiffs signatures were forged were also prepared by or at

the direction of Defendant. Plaintiffs were not present at the closings or represented by

counsel.

9.      Different entities owned and/or controlled by Defendant were involved in the

transactions. The several entities were IRSS Revocable Trust, KRSS Revocable Trust,

Titanic Investment Group, L.L.C., a Michigan limited liability company, Bedford Falls

Property Management, L.L.C., a Michigan limited liability company, Hilltop Marketing,

Inc., a Michigan corporation, d/b/a Pottersville Properties, Lincoln Credit Repair,

America Business Consultants International, First Financial Network , Waterford, Quality

Lifestyle Magazine, and The Senior Banner.

3

10. Defendant is the trustee for the IRSS Revocable Trust and KRSS Revocable Trust. Defendant is the registered agent for Titanic Investment Group, L.L.C., a Michigan limited liability company, Bedford Falls Property Management, L.L.C., a Michigan limited liability company, and Hilltop Marketing, Inc., a Michigan corporation.

11. Title records show Plaintiffs as the owners and/or mortgagors on the Properties described in Exhibit A hereto. Some of the Plaintiffs' signatures on the closing, mortgages and related documents are forged. Forged signatures appear on the documents for the Properties listed at lines 7, 8, 9, 29, 37, 38, 40, 45, and 46 on Exhibit A hereto.

12. Some of the Properties were quit claimed back to Defendant or conveyed to others pursuant to deeds prepared by or on behalf of Defendant. Defendant then arranged for some of the Properties to be mortgaged again without discharging the prior mortgage for which Plaintiffs were liable. Some of the Plaintiffs' signatures on the deeds were forged. Forged signatures appear on the deeds for the Properties listed at lines 29, 34, and 47 on Exhibit A hereto.

13. False notarizations appear on many of the documents.

14. Plaintiffs are not in possession of all the closing documents for the transactions listed on Exhibit A hereto to be able to determine if there are not other forgeries or irregularities in the transactions.

15. Owners and lenders title insurance policies were issued on the transactions.

16. Records for the transactions prepared or maintained by the title company have been destroyed and/or are not available to Plaintiffs.

**Lease, demolition or sale of the Properties**

4

17.   Defendant leased some of the Properties to others. Some of the Properties are currently leased, some have been demolished and/or sold, and some are vacant.

18.   Defendant collected the rent on some of the leased Properties without paying the mortgages for which Plaintiffs are liable

19.   The Property previously owned and mortgaged by Plaintiff Richard Scanlan at 7773 Parkcrest Circle, Clarkston Michigan, was sold by Defendant another person who mortgaged the property without discharging the prior mortgage on the Property granted by Plaintiff Richard Scanlan.

20.   Other Properties were sold by Defendant to others and mortgaged without discharging the prior mortgages for which Plaintiffs are liable.

21.   Two of the Properties mortgaged by Plaintiffs Richard Scanlan and John Flynn are known to be demolished, although the mortgages on each have not been discharged. The properties may have been sold by Defendant.

**Defendant's agreement**

22.   The terms of the transaction arranged, represented and/or agreed to by Defendant for those transactions for which Plaintiffs are liable on the mortgage required Defendant to:

   a.   pay the mortgages and taxes on the Properties,

   b.   maintain the Properties in good order and repair,

   c.   Pay all expenses for the Properties for the period for which Plaintiffs were liable on the mortgages,

   d.   not encumber the Properties without discharging the mortgages for which Plaintiffs were liable,

5

e.  discharge the mortgages for which Plaintiffs are liable within two
(2) years after the respective Property was acquired at no expense
to the mortgagor Plaintiff.

**Escrowed deeds and assignments of rent benefiting Plaintiffs**

23.  As security for Defendant's obligations, Defendant agreed that if he defaulted the
rent for the Properties would be paid to Defendant and the Properties would be conveyed
to Plaintiffs unencumbered except for the mortgage taken out by Plaintiffs.

24.  In some cases, assignments of rents and deeds were signed, tendered and/or
escrowed in furtherance of the Defendant's obligations.

**Rents had been used to pay the mortgages and/or taxes**

25.  For a period of time before December 2004 the rents were mailed to a
representative for Plaintiffs and applied in payment of the mortgages.

26.  On or about December 2004 Defendant caused the rents to be paid directly to him.

27.  Until on or about March 12, 2008 Defendant was receiving the rents for the
Properties directly.

28.  Defendant did not apply the December, January and February rents from the
Properties in payment of the mortgages on the Properties for which Plaintiff is liable,
except some of the December mortgage payments were made by Defendant.

29.  As a result, and in order to avoid default and foreclosure of the mortgages, some
of the Plaintiffs paid the remainder of the December mortgage payments and some of the
January mortgage payments due on their respective Properties.

30.  In some cases Defendant had not paid the taxes owing for the period prior to
December 2007, and a Plaintiff paid the taxes in order to avoid forfeiture.

6

31.     On March 12, 2007 this Court issued a Preliminary Injunction requiring the rents

from tenants having knowledge of the injunction to be paid directly to a restricted escrow

account maintained by Plaintiffs' attorney.

**Mortgage interest rates and/or payments have increased**

32.     Interest rates on some of the mortgagees have increased, resulting in an increased

mortgage payment.

33.     The payments on some of the mortgages have increased in order to reimburse the

lender for sums the lender has paid for taxes on the Property.

34.     The rental income from the Properties is not sufficient to pay the debt service and

taxes due on the Properties.

## COUNT I – PRELIMINARY INJUNCTION

35.     The foregoing allegations are incorporated by reference.

36.     Plaintiffs seek a preliminary injunction requiring that the rent for the Properties be

collected and applied in payment of the mortgages and/or taxes due on the Properties.

37.     Defendant agreed that the rent from the Properties would be applied in payment of

the mortgages arranged by Defendant and taken out by Plaintiffs, and the taxes owed on

the Properties.

38.     Defendant's agreement that the rents would be used to pay the mortgages and

taxes is evidenced by the rents having used before December 2007 to pay the mortgagees

and the assignment of rents to Plaintiffs.

39.     Defendant defaulted in the performance of such obligations.

40.     Defendant collected all or some of the rents for December 2007, January 2008

and February 2008.

7

41.     Defendant has not applied the rents for December 2007, January 2008 and/or February 2008 in payment of the mortgages.

42.     The February mortgage payments for the property have not been paid.

43.     Unless the rents are collected and applied in payment of the mortgages, Plaintiffs will be irreparably harmed by (a) default of the mortgages for which they are liable and (b) foreclosure of the mortgages.

44.     Plaintiffs have no adequate remedy at law.

45.     Equity requires that while this action is pending the rents for the Properties are paid directly to Plaintiff, or alternatively, that the rents are applied in payment of mortgages, taxes and expenses on the Properties for which Plaintiffs are liable.

46.     The Court issued its Preliminary Injunction on March 12, 2008 granted some of the relief requested by Plaintiff, in accordance with the rents for some of the Properties is being held in escrow.

## COUNT II - CONVERSION

47.     The foregoing allegations are incorporated by reference.

48.     Defendant was in a position of trust and confidence with Plaintiffs.

49.     The rents from the Properties were entrusted to the care of Defendant, to be used to pay the mortgages for which Plaintiffs are liable.

50.     Defendant converted the rents to his own use.

51.     Defendant intended to defraud or cheat Plaintiff out the rents.

52.     Plaintiffs have been damaged as a result.

53.     Plaintiffs are entitled to restitution of the rents collected by Defendant.

## COUNT III – BREACH OF FIDUCIARY DUTIES

8

54.    The foregoing allegations are incorporated by reference.

55.    Defendant owed Plaintiffs fiduciary duties to collect and apply the rents for the Properties in payment of the mortgages for which Plaintiffs are liable, the taxes on the Properties and other Property related expenses.

56.    Defendant breached the fiduciary duties owed Plaintiff by not applying the rents it received in payment of the mortgages for which Plaintiffs are liable, taxes and related Property expenses.

57.    Plaintiffs have been damaged as a result.

### COUNT IV – CONSTRUCTIVE TRUST

58.    The foregoing allegations are incorporated by reference.

59.    It would be unjust and inequitable for Defendant to continue to receive the rents for the Properties.

60.    Equity requires that the rents for the Properties be held in trust and applied in payment of the mortgages, taxes and other expenses owed on the Properties, and used to refinance the properties.

61.    Plaintiffs are entitled to have the rents placed in trust on terms which require the rents to applied in payment of the mortgages, taxes and other payments due on the Properties, and used to refinance the properties.

### COUNT V – OTHER EQUITABLE RELIEF

62.    The foregoing allegations are incorporated by reference.

63.    Equity requires Defendant pay such sums as required to keep the mortgage and tax payments for the Properties current for so long as Plaintiffs are liable for payment of mortgages and/or taxes on the Properties.

9

64.    Equity requires that Defendant discharge the mortgages for which Plaintiffs are liable at no expense to Plaintiffs, or alternatively, that Defendant at his expense convey title to the mortgage property to the respective Plaintiff unencumbered by any subsequent mortgages or liens due to Defendant's acts.

65.    Equity requires that Defendant provide Plaintiffs with all property records and an accounting for rents received and expenses paid for the Properties.

66.    Equity requires that Defendant reimburse Plaintiffs for sums they have expended to pay the mortgages and real estate taxes for the property.

67.    Plaintiffs seek such other equitable relief to which they may be entitled.

### COUNT VI – ACCOUNTING

68.    The foregoing allegations are incorporated by reference.

69.    Plaintiffs are entitled to an accounting of all rents received by Defendant.

70.    Plaintiffs are entitled to all books and records for the Properties.

71.    Plaintiffs seek such an accounting and the records.

### COUNT VII – BREACH OF CONTRACT

72.    The foregoing allegations are incorporated by reference.

73.    Defendant has breached his agreement with Plaintiffs, as stated above and/or as hereafter alleged.

74.    Defendant has defaulted in the payment of the sums owed on the mortgages for the Properties and/or real estate taxes for the Properties for which Plaintiffs are liable.

75.    Defendant has defaulted in the obligation to discharge at no expense to Plaintiffs the mortgages on the Properties for which Plaintiffs are liable.

10

76.     Defendant has wrongfully encumbered one or more of the Properties with
mortgagees and/or liens.

77.     Plaintiffs have been damaged as a result.

## COUNT VIII – QUIET TITLE

78.     The foregoing allegations are incorporated by reference.

79.     In the case of some of the Properties Plaintiffs seek title to the Property in order
that they may retain the Property, re-negotiate the mortgage terms, collect the rents and
pay the mortgage for which they are liable. In that case, any prior or subsequent
mortgage on the Property mortgage should be discharged.

80.     In the case of some of the Properties Plaintiffs seek title to the Property in order
that they may convey title to the Property to lender on the mortgage for which they are
liable in satisfaction of their note. In that case, any other prior or subsequent mortgage on
the Property mortgage should be discharged.

81.     Plaintiff seek to discharge (i) any claims or interests in a Property which should
have been discharged prior to their acquisition or mortgage of the Property, and (ii) any
claims or interests in a Property that were granted by Defendant or others acting on his
behalf after their acquisition or mortgage of the Property.

82.     Plaintiffs otherwise seek to quiet title to some of the Properties.


        **WHEREFORE** Plaintiff requests that the Court enter a preliminary injunction for
the application of the rents to payment of the mortgages as described above, grant
Plaintiffs such further equitable relief to which they may be entitled and award Plaintiffs

11

such damages to which they may be entitled, plus costs and attorneys' fees in having to

bring this action.

Dated: April 2, 2008

Erik J. Stone, P.C.

By: _____

Erik J. Stone P29088
Attorneys for Plaintiffs
4036 Telegraph, 2d Floor
Bloomfield Hills, MI 48302
248-594-3109

Proof of Service:

The undersigned certifies that on April 2, 2008 the foregoing was served on Defendant by
mailing a copy of the same in an envelope addressed to Defendant at 773 Parkcrest
Circle, Clarkston, MI 48346, postage pre-paid.

Signature: _____

Erik J. Stone

12

| | Plaintiff/Borrower | Property Address | | |
|---|---|---|---|---|
| 1 | Maureen Scanlan | 23145 Church St. | Oak Park | 48237 |
| 2 | Mark Scanlan | 24300 Coolidge | Oak Park | 48237 |
| 3 | Maureen Scanlan | 28106 Fairfax St. | Southfield | 48076 |
| 4 | Maureen Scanlan | 19633 Jeanette | Southfield | 48075 |
| 5 | Mark Scanlan / Maureen Scanlan | 25336 Shiawassee #201 | Southfield | 48034 |
| 6 | Mark Scanlan / Maureen Scanlan | 15251 Northfield | Oak Park | 48237 |
| 7 | Maureen Scanlan | 21346 Poinciana | Southfield | 48034 |
| 8 | Maureen Scanlan | 28490 Brentwood | Southfield | 48076 |
| 9 | Maureen Scanlan | 28705 Selkirk | Southfield | 48076 |
| 10 | Jeffrey Flynn | 30051 Brentwood | Southfield | 48076 |
| 11 | Jeffrey Flynn | 29869 Fairfax | Southfield | 48076 |
| 12 | Jeffrey Flynn | 23610 Condon | Oak Park | 48237 |
| 13 | Scott Reimer | 24044 Meadowlark | Oak Park | 48237 |
| 14 | Scott Reimer | 24209 Scotia | Oak Park | 48237 |
| 15 | Scott Reimer | 22040 Kenosha | Oak Park | 48237 |
| 16 | Scott Reimer | 22030 Kenosha | Oak Park | 48237 |
| 17 | Scott Reimer | 23045 Church St | Oak Park | 48237 |
| 18 | Scott Reimer | 23511 Moritz | Oak Park | 48237 |
| 19 | Scott Reimer | 12731 Northfield | Oak Park | 48237 |
| 20 | James Krauss | 23250 Eastwood | Oak Park | 48237 |
| 21 | James Krauss | 23110 Church St | Oak Park | 48237 |
| 22 | James Krauss | 21461 Ridgedale | Oak Park | 48237 |
| 23 | | 25300 Shiawassee #103 | Southfield | 48034 |
| 24 | James Krauss | 24041 Stratford | Oak Park | 48237 |
| 25 | Mark Freier | 24300 Ridgedale | Oak Park | 48237 |
| 26 | Mark Freier | 23090 Meadowlark | Oak Park | 48237 |
| 27 | Mark Freier | 25261 Coolidge | Oak Park | 48237 |
| 28 | Mark Freier | 28437 Red Leaf Lane | Southfield | 48034 |
| 29 | Richard Scanlan | 301 E. Princeton | Pontiac | 48340 |
| 30 | Richard Scanlan | 886 Melrose | Pontiac | 48342 |
| 31 | Richard Scanlan | 252 W. Wilson | Pontiac | 48340 |
| 32 | Richard Scanlan | 98 E. Howard | Pontiac | 48342 |
| 33 | Richard Scanlan | 18 Gerdon | Pontiac | 48342 |
| 34 | Richard Scanlan | 553 Arthur | Pontiac | 48341 |
| 35 | Richard Scanlan | 7773 Parkcrest Circle | Clarkston | 48346 |
| 36 | Richard Scanlan | 7773 Parkcrest Circle (second mortgage) | Clarkston | 48346 |
| 37 | Maureen Scanlan | 2942 Wesson | Waterford | 48329 |
| 38 | Maureen Scanlan / Mark Scanlan | 3450 Seebaldt Ave | Waterford | 48329 |
| 39 | Maureen Scanlan | 221 Mechanic | Pontiac | 48342 |
| 40 | Maureen Scanlan | 4894 Quarton | W. Bloomfield | 48302 |

Documents had been forged.

## EXHIBIT A TO COMPLAINT

| 41 | John Flynn | 4221 Saginaw Trail | Waterford | 48329 |
|----|------------|--------------------|-----------|-------|
| 42 | John Flynn | 655 Madison | Birmingham | 48009 |
| 43 | John Flynn | 1446 Rossdale | Waterford | 48328 |
| 44 | John Flynn | 402 W. Huron St | Pontiac | 48326 |
| 45 | Scott Reimer | 765 First St | Pontiac | 48340 |
| 46 | Scott Reimer | 765 First St (second mortgage) | Pontiac | 48340 |
| 47 | Scott Reimer | 2256 Oakdale Dr | Waterford | 48329 |

# Exhibit 4

**STATE OF MICHIGAN**

**IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND**

MARK SCANLAN, MAUREEN SCANLAN,
RICHARD SCANLAN, BETTY SCANLAN,
JEFFREY FLYNN, JOHN FLYNN, SCOTT
REIMER, JAMES KRAUSS, MARK
FREIER, individuals,

OAKLAND COUNTY **08-089616-CZ**

JUDGE D. LANGFORD MORRIS
SCANLAN,MARK v SAYLOR,RANDY,

Plaintiffs,

v.

RANDY SAYLOR, an individual,

Defendants.

_____/

Erik J. Stone P29088
Erik J. Stone, P.C.
4036 Telegraph, 2d Floor
Bloomfield Hills, MI 48302
248-594-3109

Attorneys for Plaintiffs

_____/

**DEFAULT JUDGMENT**

At a session of court held in the courthouse in
Pontiac, Michigan, on  FEB 0 3 2009

_____

Present: Hon. Denise Langford Morris,
Circuit Court Judge

The Court having considered Plaintiff's motion for entry of default judgment, a

default of Defendant having been entered on May 7, 2008, Defendant having not moved

1

12/22/2009 10:52    2483593110    ESTONE    PAGE 02
RECEIVED 12/22/2009 11:57 2483534848

to set it aside, Defendant not having appeared for trial on January 26, 2008 as scheduled and the Court being otherwise informed in the premises,

**IT IS ORDERED:**

1.    Default judgment against Defendant and in favor of Plaintiff is entered.

2.    The Preliminary Injunction entered March 12, 2008 is hereby dissolved and the funds on deposit with Erik J. Stone, P.C. shall be disbursed as directed by such firm.

This resolves the last pending claim and closes the case.

Dated: _____ FEB 0 3 2009

/s/ _____ JUDGE DENISE LANGFORD MORRIS

Hon.   Denise Langford Morris,
        Circuit Court Judge



Approved for entry and prepared by:

/s/ _____
Erik J. Stone P29088
Attorney for Plaintiffs
4036 Telegraph Road, 2nd Floor
Bloomfield Hills, Michigan 49302
248-594-3109

2