UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and MAUREEN SCANLAN,

        Plaintiffs,

v

FIRST HORIZON NATIONAL CORPORATION, a
Tennessee corporation, GMAC MORTGAGE, LLC,
a Delaware corporation, WACHOVIA MORTGAGE
FSB, a North Carolina corporation, EQUIFAX, INC.,
a Georgia corporation, and TRANS UNION, LLC, a
Delaware limited liability company, jointly and
severally,

        Defendants.

Case No. 2:10-cv-12297
Hon. John Feikens
Magistrate Paul J. Komives

_____

**GMAC MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, GMAC Mortgage, LLC, through its attorneys, Frasco Caponigro Wineman & Scheible, PLLC, requests this Court to dismiss with prejudice Plaintiffs' claims against it for the reasons more fully explained in the accompanying Brief in Support. Pursuant to Local Rule 7.1(a), the undersigned sought concurrence from Plaintiffs' counsel and concurrence was not obtained.

        FRASCO CAPONIGRO
        WINEMAN & SCHEIBLE, PLLC


        By: /s/ Eric D. Scheible
        Eric D. Scheible (P54174)
        Jonathan D. Ordower (P58015)
        Attorneys for GMAC Mortgage, LLC
        1668 Telegraph Rd., Suite 200
        Bloomfield Hills, MI  48302
Dated:  August 17, 2010        (248) 334-6767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and MAUREEN SCANLAN,

        Plaintiffs,

v

FIRST HORIZON NATIONAL CORPORATION, a
Tennessee corporation, GMAC MORTGAGE, LLC,
a Delaware corporation, WACHOVIA MORTGAGE
FSB, a North Carolina corporation, EQUIFAX, INC.,
a Georgia corporation, and TRANS UNION, LLC, a
Delaware limited liability company, jointly and
severally,

        Defendants.

Case No. 2:10-cv-12297
Hon. John Feikens
Magistrate Paul J. Komives

---

**GMAC MORTGAGE, LLC'S BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
<u>PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)</u>**

## **STATEMENT OF ISSUES PRESENTED**

Is GMAC Mortgage, LLC entitled to a dismissal of Plaintiffs' Complaint against it (i.e., Counts III and IV) for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)?

## **CITATION OF CONTROLLING AUTHORITY**

GMAC relies on Fed. R. Civ. P. 8, Fed. R. Civ. P. 12(b)(6), and the authority cited herein.

# INTRODUCTION

GMAC Mortgage, LLC ("GMAC") moves to dismiss Count III and Count IV of Plaintiffs' Complaint[1] because GMAC did not negligently fail to conduct a proper reinvestigation nor did it "willfully" fail to review all relevant information available to it. As a matter of law, Plaintiffs are not entitled to the relief requested in Counts III and IV of their Complaint. Therefore, dismissal is appropriate and warranted.

# PERTINENT FACTUAL ALLEGATIONS

The following are the material allegations as to GMAC as set forth in Plaintiffs' Complaint:

> 13. Indeed, the Plaintiffs thought that they had purchased the following properties from either Saylor or the IRSS Revocable Trust via mortgage loans obtained from or eventually transferred to the following lenders.
>
> | **Property** | **Lender** |
> |---|---|
> | 28490 Brentwood, Southfield, MI | GMAC Mortgage, LLC |
> | 21348 Poinciana, Southfield, MI | GMAC Mortgage, LLC |
> | 28705 Selkirk, Southfield, MI | Wachovia Mortgage FSB |
> | 28106 Fairfax, Southfield, MI | First Horizon National |
> | 19633 Jeanette, Southfield, MI | First Horizon National |
> | 15251 Northfield, Oak Park MI | First Horizon National |
>
> \*   \*   \*
>
> 24. In January of 2010, the Plaintiffs had noticed that the Defendant Lenders were furnishing negative trade lines with respect to the Defendant Lender's loans related to the Shafir Properties to three major credit reporting agencies, Experian, Trans Union, and Equifax.
>
> \*   \*   \*

---

[1] While both Maureen and Mark Scanlan have lodged claims against the various defendants named in their Compliant, a plain reading of Counts III and IV make clear that Maureen Scanlan alone makes those claims against GMAC. Hence, for the purpose of this motion, any reference to "Plaintiffs' Complaint" in relation to the allegations contained against GMAC necessarily means Maureen Scanlan's allegations against GMAC.

1

27. In her consumer disputes to the credit reporting agencies, Mrs. Scanlan noted for each consumer reporting agency that the following trade lines were not her obligation and were in fact, the result of her signature being forged by Randy Saylor on several property acquisitions:

a. Wachovia account 512002646 related to 4894 Quarton in Bloomfield, MI
b. GMAC trade line related to 2942 Wesson in Waterford, MI
c. GMAC trade line related to 2460 Seebaldt Ave in Waterford, MI

(Collectively, "Forged Trade Lines").

28. In connection with her consumer disputes related to the Forged Trade Lines, Mrs. Scanlan provided each credit reporting agency with:

a.      a copy of the complaint that the [sic] Mrs. and Mrs. Scanlan filed against Randy Saylor in Oakland County Circuit Court, docket number 08-089616-CZ and assigned to the Honorable Denise Langford Morris in which they alleged that each of these properties were never purchased by Mrs. Scanlan, but were in her name due to Mr. Saylor's forgery of her name.  Mrs. Scanlan bates stamped these documents 000105-000118 to her consumer disputes to each of the credit reporting agencies (Exhibit 3).

b.      a copy of the default judgment against Saylor in the above litigation which transformed all of their allegations against Mr. Saylor into established facts.  Mrs. Scanlan bates stamped these documents 000119-000120 to her consumer disputes to each of the credit reporting agencies (Exhibit 4).

*     *     *

29. Each of the credit reporting agencies forwarded the Plaintiffs' consumer disputes to the Defendant Lenders that were involved in each of the Plaintiffs' consumer disputes.

30. In response to Plaintiff Maureen Scanlan's consumer disputes:

a.      Experian removed all of the trade lines that she had disputed including those of the Defendant Lenders.

b.      Trans Union wrongfully retained the trade lines from Defendants GMAC Mortgage and Wachovia, claiming that these Defendant Lenders had verified these trade lines as belonging to her.

c.      Defendant Equifax wrongfully retained the trade lines from Defendants First Horizon, GMAC Mortgage, and Wachovia Mortgage claiming that these Defendant Lenders had verified these trade lines as belonging to her.

2

\* \* \*

32. None of the Lenders have a right to report any trade line related to the Shafir Properties because the Shafir Settlement Agreement terminated any right to do so from "the beginning of time."

\* \* \*

34. The Defendant Lenders violated their obligations to the Plaintiffs to conduct a reasonable reinvestigation under the Fair Credit Reporting Act at 15 U.S.C. 1681s-2(b).

[Plaintiffs' Complaint, D/E 1]

As more fully discussed below, Plaintiffs have failed to state a claim against GMAC upon which relief may be granted on the relief they seek in their Complaint against GMAC and, therefore, dismissal in favor of GMAC is warranted.

## ARGUMENT

### PLAINTIFFS' COMPLAINT AGAINST GMAC SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

**A. STANDARD OF REVIEW**

    **1.   FED. R. CIV. P. 8**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must first comply with Fed. R. Civ. P. 8, which provides, in part, "A pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief . . ." in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting, *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). A plaintiff is obliged "to provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir.

3

2007), quoting, *Twombly*, at 1964-65 (citations and quotation marks omitted). Additionally, Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."

And, while a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*., quoting, *Twombly*, at 1965; see also *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (The factual allegations in a complaint need not be detailed but they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief").

### 2. FED. R. CIV. P. 12(B)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of a complaint is proper if it fails to allege an element necessary for relief or if an affirmative defense or other bar to relief is apparent from the face of the complaint. Fed. R. Civ. P. 12(b)(6); *Riverview Health Institute, LLC v Medical Mutual of Ohio*, 601 F.3d 505 (6th Cir. 2001).

In testing the legal sufficiency of the claims, only well-pleaded factual allegations are accepted as true and, in order "[t]o survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; [it is] required to allege some specific factual bases for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

In order to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,*

550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In *Ashcroft v. Iqbal,* ---U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the United States Supreme Court explained the plausibility standard articulated in *Twombly:*

> Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556.

*Ashcroft v. Iqbal,* at 1949-50.

The Court explained further how to determine plausibility:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.,* at 1950.

**B.     15 USC § 1681s-2(b)**

Under section 1681s-2(b), when a furnisher of information receives notice of dispute, it must (1) conduct an investigation, (2) review any information provided by the consumer reporting agency, (3) report the results of the investigation to the consumer reporting agency, (4) report any inaccuracies to all consumer reporting agencies which may have received the inaccurate information, and (5) correct any inaccuracies in the information it provides. 15 U.S.C. § 1681s-2(b).

These additional obligations are not triggered until a furnisher of information has received notification pursuant to 15 U.S.C. § 1681i(a)(2). Section 1681i(a)(2), in turn, provides

5

that *a consumer reporting agency* must provide a furnisher of credit information with prompt notice when a consumer disputes information. 15 U.S.C. § 1681i(a)(2); *see also Misialowski v. DTE Energy Co.,* No. 07-14452, 2008 WL 2998948, at *3, (E.D. Mich. 2008) ("[T]he duties under [15 U.S.C. § 1681s-2(b) ] are triggered only by notice from a consumer reporting agency; notice from the consumer is insufficient.") (citing *Downs v. Clayton Homes, Inc.,* 88 Fed. App'x 851, 853 (6th Cir.2004)).

C.  **MAUREEN SCANLAN'S ALLEGATIONS, TAKEN AS TRUE, ARE DEFICIENT**

Maureen Scanlan has failed to state a claim against GMAC. The charging allegations against GMAC are:

> 32. None of the Defendant Lenders have a right to report any trade line related to the Shafir Properties because the Shafir Settlement Agreement terminated any right to do so from "the beginning of time."
>
> \* \* \*
>
> 34. The Defendant Lenders violated their obligations to the Plaintiffs to conduct a reasonable reinvestigation under the Fair Credit Reporting Act at 15 U.S.C. 1681s-2(b).

[Plaintiffs' Complaint, D/E 1]

This is exactly the sort of talismanic recitation of the elements of a claim the Supreme Court has rejected. *See Twombly*, 127 S. Ct. at 1955. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," the Court explained, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65.

*Twombly* flatly rejected the suggestion that "the Federal Rules somehow dispensed with the pleading of facts altogether." *Twombly*, 127 S. Ct. at 1965 n.3.

6

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (emphasis added), Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests. *See* 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplates the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it").

*Id*.

Without additional factual allegations and essential information, GMAC does not have "'fair notice' of the nature of the claim." *Twombly*, 127 S. Ct. at 1965 n.3. *Twombly* teaches that "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. As a matter of law, Maureen Scanlan's blanket assertions are not sufficient to state a claim upon which relief can be granted. *Twombly*, supra.

**D.    COUNT III – NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GMAC**

Maureen Scanlan alleges that GMAC "negligently failed to review all relevant information available to it, including and especially all of the information provided by Plaintiffs" (*see* Complaint at ¶56). These allegations merely mirror the language of 15 USC 1681s-2(b) with a conclusory statement that GMAC was negligent. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* supra at 1949-50.

The adequacy of Fair Credit Reporting Act procedures are judged according to what a reasonably prudent person would do under the circumstances. *Bryant v. TRW, Inc.,* 487 F.Supp. 1234 (E.D.Mich.1980). GMAC has no affirmative obligation to remove the alleged infringing trade lines from her credit reports by virtue of a settlement agreement in the Shafir case – in fact,

7

the settlement agreement explicitly reserves the right to defend against any such claims made by her [Plaintiffs' Complaint, Exhibit 2, ¶19, D/E 1].

E. **COUNT IV – WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GMAC**

Maureen Scanlan must demonstrate the defendant *knowingly and intentionally* committed an act in conscious disregard for her rights to demonstrate willful noncompliance with the FCRA. *See Bakker v. McKinnon,* 152 F.3d 1007, 1013 (8th Cir.1998) (emphasis added). Only a defendant who has engaged in "willful misrepresentations or concealment" has committed a willful violation. *Stevenson v. TRW, Inc.,* 987 F.2d 288 (5th Cir.1993) (internal citations omitted).

Count IV of Plaintiffs' Complaint is devoid of any allegation or evidence of GMAC's "willful misrepresentations or concealment." Specifically, the relevant paragraphs, 54-57, contain only conclusory statements, without any factual support whatsoever. Even taken as true, Plaintiffs' claim for willful violation of the FCRA fails to state a claim upon which relief can be granted under *Twombly* and its progeny.

## CONCLUSION

For the reasons set forth above, GMAC's motion should be granted, Plaintiffs' claims against it should be dismissed with prejudice, GMAC should be awarded its costs and attorneys' fees incurred in the defense of this matter, and GMAC should be granted all other relief this Court deems equitable and just.

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC


By: /s/ Eric D. Scheible
Eric D. Scheible (P54174)
Jonathan D. Ordower (P58015)
Attorneys for GMAC Mortgage, LLC
1668 Telegraph Rd., Suite 200
Bloomfield Hills, MI  48302
(248) 334-6767

Dated:  August 17, 2010

**CERTIFICATE OF SERVICE**

     I hereby certify that on August 17, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

                                    /s/ Anna Cantu