UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and MAUREEN SCANLAN,

        Plaintiffs,

v                                     Case No. 2:10-cv-12297
                                        Hon. John Feikens
FIRST HORIZON NATIONAL CORPORATION, a    Magistrate Paul J. Komives
Tennessee corporation, GMAC MORTGAGE, LLC,
a Delaware corporation, WACHOVIA MORTGAGE
FSB, a North Carolina corporation, EQUIFAX, INC.,
a Georgia corporation, and TRANS UNION, LLC, a
Delaware limited liability company, jointly and
severally,

        Defendants.

_____

**FIRST HORIZON'S RESPONSE IN OPPOSITION
TO PLAINTFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

## STATEMENT OF ISSUE PRESENTED

Should the Court deny Plaintiffs' Motion for Entry of Default Judgment [D/E 40] as to First Horizon where First Horizon has demonstrated good cause to set aside the Clerk's Entry of Default [D/E 39]?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

First Horizon relies on Fed. R. Civ. P. 55(c) and the authority cited herein.

## INTRODUCTION

Defendant First Horizon National Corporation ("First Horizon"), through its attorneys, Frasco Caponigro Wineman & Scheible, PLLC, requests this Court deny Plaintiffs' motion for entry of default judgment [D/E 40]:

1. For the reasons outlined in First Horizon's Motion to Set Aside Clerks' Entry of Default [D/E 43], which is incorporated herein by reference.

2. Because setting aside the Default and denying this motion will not prejudice Plaintiffs.

3. Because First Horizon can demonstrate good cause, and a meritorious defense, to set aside the default.

## BACKGROUND

On June 10, 2010, Plaintiffs filed their Complaint against First Horizon. The Summons and Complaint were mailed to First Horizon by certified mail, return receipt requested, on July 12, 2010 [D/E 22]. There was no attempt to serve First Horizon *by any other method*, including service upon First Horizon's respective resident agents. First Horizon's responsive pleading was due on or before August 2, 2010 [D/E 22]. The very next day, on August 3, 2010, Plaintiffs requested a Clerk's entry of default [D/E 36]. **Despite First Horizon's requests to refrain from doing so (Exhibit 1), Plaintiffs' counsel sought entry of a default judgment at 6:36 a.m. on August 4, 2010,**[1] **the day after the Default was entered [D/E/ 40], and the day after the undersigned's appearance was filed** [D/E 37, 38]. These actions violated not only L.R. 7.1(a) but also the Eastern District of Michigan Civility Principles, Attorneys' Responsibilities to Other Counsel (1), (2), (17), and (18).

---

[1] The haste in which Plaintiffs' motion was filed is apparent from the fact that the table of contents and index of authorities come before the case caption, which is from an unrelated case.

## STANDARD OF REVIEW

An entry of default may be set aside for "good cause." Fed. R. Civ. P. 55(c). District courts have considerable latitude to set aside an entry of default under Rule 55(c), as there is a distinction between entries of default and default judgments: "[A] stricter standard of review applies for setting aside a default once it has ripened into a judgment."   ." *O.J. Dist., Inc. v. Hornell Brewing Co., Inc.,* 340 F.3d 345, 353 (6th Cir.2003) (quoting *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video*, 195 F.3d 819, 820 (6th Cir. 1999)). To determine whether "good cause" has been shown, the court must consider "whether (1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense is meritorious." *Id.* at 353 (quoting *United States Coin Meter Co., Inc. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)). A motion to set aside a default should be granted when "two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *Id.*

Defaults are not favored at law, and all doubts should be resolved in favor of the party moving to set aside a default. *See, e.g.,* 10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 3d 2681 (1998) and cases cited therein; *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989). Federal policy strongly favors allowing parties to resolve their dispute at trial, rather than by default.  *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir. 1990) (Federal courts strongly favor trials on the merits.); *Shepard Claims Serv., Inc. v. William Darrah & Assoc*., 796 F.2d 190, 193-94 (6th Cir. 1986). Because a "default judgment deprives the client of his or her day in court," a default should not be imposed as a disciplinary measure. *Shepard Claims Serv*., at 195.

## ARGUMENT

### THERE IS GOOD CAUSE TO SET ASIDE THE DEFAULT AND DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

Now-Chief Judge Rosen succinctly summarized the relevant analysis in *GE Commercial Finance v Binyan Michigan, LLC*, 1997 WL 1017002 (E.D. Mich 1997) (**Exhibit 1**):

> Rule 55(c) leaves the decision of whether to set aside an entry of default to the sole discretion of the trial judge. *Shepherd Claims Service v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir.1986). Under Rule 55(c), the Court should consider three factors when evaluating a motion to set aside a default: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id* at 192. All three factors must be considered in ruling on a motion to set aside an entry of default. *Id* at 194. However, when the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a willful failure of the moving party to appear and plead. *Id.*
>
> In a Rule 55(c) motion to set aside an entry of default, the "good cause" standard is applied, and it is not absolutely necessary that the neglect or oversight as reason for the delay be excusable. The Sixth Circuit has noted a more lenient standard is applied to a Rule 55(c) motion where there has only been an entry of default, as opposed to a Rule 60(b) motion where a default judgment has already been entered. *Id* at 193. All ambiguous or disputed facts should be construed in the light most favorable to the defendant in determining whether to set aside the entry of default. *INVST Financial Group Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398. (6th Cir.1987).

1997 WL 1017002 *2 (**Exhibit 2**).

A plaintiff must show something more than just prejudice as a function of postponement. Mere delay in the resolution of the suit is insufficient to constitute prejudice. *INVST,* 815 F.2d at 398. Significantly, Plaintiffs concede that they will suffer no prejudice if the default is set aside [D/E 44, p. 12]. Consequently, this factor, along with the argument contained in First Horizon's motion to set aside the Clerk's entry of default, [2] favors denying Plaintiffs' motion.

---

[2] First Horizon provided support for its argument that it met the three requirements as outlined in *Shepherd Claims Service* and will not be repeated in full again here.

Plaintiffs also argue that First Horizon's motion to set aside the Clerk's entry of default should be denied because First Horizon did not attach an "affidavit of meritorious defense."  By extension then, one can only assume that Plaintiffs would maintain their motion for default judgment should be granted by the same alleged omission.  Plaintiffs, of course, are incorrect. Again, now-Chief Judge Rosen in *GE Commercial*:

> "In order to establish a 'meritorious defense' for purposes of setting aside a default, the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.'" *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429,433 (6th Cir.1996) (citing *INVST Financial Group, Inc. V. Chem-Nuclear Systems, Inc.* 815 F.2d 391, 398-99 (6th Cir.1987)).
>
> **In opposition, GE Commercial directs the Court's attention to the Michigan Court Rules and states that if this case were still in state court, this motion would be denied since there was no affidavit of meritorious defense filed. However, this is not state court and no such affidavit is required here. Furthermore, Binyan's motion itself lays out its "meritorious defense" in the same manner as an affidavit would have done in state court.**
>
> **In this case, Binyan's defense, viewed in a light most favorable to it, if proven, would constitute a complete defense.**

1997 WL 1017002 *3 (**Exhibit 1**) (emphasis added)

In their Complaint, Plaintiffs allege that they "thought that they had purchased the following properties from either Saylor or the IRSS Revocable Trust via mortgage loans obtained from or eventually transferred to" the Defendants named herein.  However, Plaintiff Maureen Scanlan admits that Plaintiffs had no intent to ever purchase any of the Saylor investment properties (**Exhibit 3**, at 19-31).  Because Plaintiffs were co-conspirators with Saylor to defraud First Horizon, among other lenders, First Horizon does not owe any duty to Plaintiffs to repair their credit scores.

Since we are not in Michigan state court, no affidavit of meritorious defense is required. Moreover, First Horizon's motion to set aside the Clerk's entry of default "lays out its

4

'meritorious defense' in the same manner as an affidavit would have done in state court." *GE Commercial* *3 (**Exhibit 1**).  Accordingly, First Horizon's defense, when viewed in a light most favorable to it, constitutes a complete defense.  *INVST Financial Group Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398. (6th Cir.1987); *GE Commercial* *3 (**Exhibit 1**). Accordingly, this Court should deny Plaintiffs' motion for entry of default judgment and set aside the Clerk's entry of default.

**CONCLUSION**

For the reasons set forth herein, Plaintiffs' motion should be denied, the Default against First Horizon should be set aside, and First Horizon should be granted all other relief that is equitable and just.

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC


By: s/ Eric D. Scheible
Eric D. Scheible (P54174)
Jonathan D. Ordower (P58015)
Attorneys for First Horizon
1668 Telegraph Rd., Suite 200
Bloomfield Hills, MI  48302
(248) 334-6767
es@frascap.com

Dated:  August 18, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 18, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

/s/ Anna Cantu