Westlaw.

Not Reported in F.Supp.2d, 2007 WL 1017002 (E.D.Mich.)
**(Cite as: 2007 WL 1017002 (E.D.Mich.))**

C Only the Westlaw citation is currently available.

United States District Court,
E.D. Michigan,
Southern Division.
GE COMMERCIAL FINANCE BUSINESS, Property Corporation, f/k/a General Electric Capital Business Asset Funding Corporation, a Delaware corporation, Plaintiff,
v.
BINYAN MICHIGAN, L.L.C., an Illinois limited liability company, and Larry H. Pachter, an Individual, Defendants.
**No. 06-cv-14070.**

March 29, 2007.

Jeffrey S. Kopp, Ryan S. Bewersdorf, Foley & Lardner, Detroit, MI, for Plaintiff.

Michael K. Dorocak, Phillip J. Neuman, Ronn S. Nadis, Taubman, Nadis, Farmington Hills, MI, for Defendants.

*OPINION AND ORDER GRANTING DEFENDANT BINYAN MICHIGAN, LLC'S MOTION TO SET ASIDE DEFAULT*

GERALD E. ROSEN, United States District Judge.

**I. *Introduction***

**\*1** This matter is presently before the Court on the Motion of Defendant Binyan Michigan, LLC ("Binyan"), to set aside the default entered against it in Michigan state court before the case was removed to this Court. Plaintiff has responded and opposes Binyan's motion. Having reviewed the parties' briefs and the entire record of this matter, the Court has determined that oral argument is not necessary. Therefore, pursuant to Eastern District of Michigan Local Rule 7.1(e)(2), this matter will be decided on the briefs. This Opinion and Order sets forth the Court's ruling.

**II. *Factual and Procedural Background***

GE Commercial initiated this breach of contract action on August 15, 2006 in Tuscola County Circuit Court against Binyan Michigan, LLC and Larry Pachter, the trustee of a revocable living trust that is a member of Binyan. Binyan was served with process on August 17 and Defendant Pachter was served on August 21, 2006. Ronn Nadis, attorney for Defendant Binyan, was in contact with Plaintiff's counsel soon after the Defendants were served. By way of affidavit, Mr. Nadis states that he informed Plaintiff's counsel that he intended to represent Defendants but before he could do anything, he needed to secure a conflicts waiver from them because he had previously represented Plaintiff in an unrelated matter. Nadis further told Plaintiff's counsel that as soon as he obtained a signed conflicts waiver, he would file his appearance.

Nadis obtained a signed waiver on September 6 and filed his "Notice of Appearance" in state court on September 7, 2006. Nadis also states that as soon as he received the waiver of the Defendants, he called Plaintiff's counsel and left several messages seeking to obtain an extension of time to file answers on behalf of his clients, but Plaintiff's counsel never returned his calls. Instead, on September 13, 2006, GE Commercial filed a "Notice of Entry of Default" against Binyan for failure to answer the Complaint within the time limit provided in the Michigan Court Rules. The parties do not dispute that Binyan failed to timely file its answer.

Apparently unaware of Plaintiff's actions in state court, on September 15, 2006, Defendant Binyan removed the case to this Court asserting diversity of citizenship pursuant to 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. Thereafter, on September 21, 2006 Defendant Pachter filed his Answer to Plaintiff's Complaint. Then on October, 10, 2006, Binyan filed the instant "Motion to Set Aside Default" together with its Answer to the Complaint. GE Commercial responded to Binyan's Motion on October 24, 2006. Shortly thereafter, on November 11, 2006, Judge Thomas Ludington to whom this case was originally assigned disqualified himself, and the case was reassigned to this Court.

Binyan argues in its motion to set aside the default

Not Reported in F.Supp.2d, 2007 WL 1017002 (E.D.Mich.)
**(Cite as: 2007 WL 1017002 (E.D.Mich.))**

that good cause exists for the relief requested. Binyan states that the Plaintiff will not be prejudiced if the court grants its motion to set aside default, that the default was not a result of any culpable conduct on its own part, and that Binyan has a meritorious defense. The thrust of that defense involves an interpretation of non-recourse language that appears in the body of the promissory note and also, the interpretation of language that appears in a "Personal Guaranty" signed by Defendant Larry H. Pachter.

## II. *Analysis*

### A. *Standard for Setting Aside a Default*

**\*2** Federal Rule of Civil Procedure 55(c) states:

> "**Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

In this case, only Rule 55(c) controls as the state court entered an entry of default only, and not a default judgment. Rule 55(c) leaves the decision of whether to set aside an entry of default to the sole discretion of the trial judge. *Shepherd Claims Service v. William Darrah & Associates,* 796 F.2d 190, 193 (6th Cir.1986). Under Rule 55(c), the Court should consider three factors when evaluating a motion to set aside a default: (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether culpable conduct of the defendant led to the default. *Id* at 192. All three factors must be considered in ruling on a motion to set aside an entry of default. *Id* at 194. However, when the first two factors militate in favor of setting the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a wilful failure of the moving party to appear and plead. *Id.*

In a Rule 55(c) motion to set aside an entry of default, the "good cause" standard is applied, and it is not absolutely necessary that the neglect or oversight as reason for the delay be excusable. The Sixth Circuit has noted a more lenient standard is applied to a Rule 55(c) motion where there has only been an entry of default, as opposed to a Rule 60(b) motion where a default judgment has already been entered. *Id* at 193. All ambiguous or disputed facts should be construed

in the light most favorable to the defendant in determining whether to set aside the entry of default. *INVST Financial Group Inc. v. Chem-Nuclear Systems, Inc.,* 815 F.2d 391, 398. (6th Cir.1987). Guided by these general principles, the Court will consider the facts presented in this case and apply the three-factors test set forth by the Sixth Circuit in *Shepherd Claims Service.*

### 1. *Prejudice to the Plaintiff*

In this case, Plaintiff GE Commercial claims that it will be prejudiced because the motion, if granted, would cause them to incur unnecessary costs, would create a delay in time in which they can secure a judgment allowing for the sale of the property, and is a waste of this Court's time and resources. Defendant Binyan counters that "mere delay is insufficient to establish prejudice," and further states that this case is "in its infancy" and, therefore, Plaintiff cannot claim that it will suffer any real prejudice.

GE Commercial's assertion that delay in the proceedings is prejudicial because it prevents them from a timely disposition of the property is misplaced. In order for the setting aside of an entry of a default to be considered prejudicial, it must result in something more than delay. *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429,433 (6th Cir.1996).

**\*3** Ordinarily, setting aside a default will always result in some delay in the proceedings. "The delay must result in tangible harm, such as loss of evidence, increased fraud or collusion." *Id* at 433-34. GE Commercial has not alleged any such tangible harm that it might suffer if this default is set aside. Without an allegation of tangible harm, and given the relatively short time between the removal of this case from state court and the filing of the motion to set aside the default,[FN1] the Court finds insufficient evidence that GE Commercial will suffer prejudice if the default is set aside.

> FN1. Any delay caused by the disqualification of the federal judge originally assigned to this matter, of course, cannot be attributed to Binyan.

### 2. *Meritorious Defense*

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1017002 (E.D.Mich.)
**(Cite as: 2007 WL 1017002 (E.D.Mich.))**

GE Commercial contends in its response that Binyan "admittedly does not have a meritorious defense." GE Commercial further states that Binyan's only assertion of dispute involves the dollar amount owed. However, Binyan's pleadings show more than a mere dispute over the dollar amount; Binyan, in fact, goes much further to challenge the recourse or non-recourse nature of the promissory note and the personal liability of the other named defendant, Larry H. Pachter. Binyan argues that language in both the promissory note and the personal guaranty, if construed as Defendants' argue, would both alter the nature of the liability on the note and guaranty and significantly reduce the amount owed to GE Commercial.

"In order to establish a 'meritorious defense' for purposes of setting aside a default, the defendant must state 'a defense good at law' which is sufficient if it contains 'even a hint of a suggestion which, if proven at trial, would constitute a complete defense.' " *Thompson v. Am. Home Assurance Co.,* 95 F.3d 429,433 (6th Cir.1996) (citing *INVST Financial Group, Inc. V. Chem-Nuclear Systems, Inc.* 815 F.2d 391, 398-99 (6th Cir.1987)).

In opposition, GE Commercial directs the Court's attention to the Michigan Court Rules and states that if this case were still in state court, this motion would be denied since there was no affidavit of meritorious defense filed. However, this is not state court and no such affidavit is required here. Furthermore, Binyan's motion itself lays out its "meritorious defense" in the same manner as an affidavit would have done in state court.

In this case, Binyan's defense, viewed in a light most favorable to it, if proven, would constitute a complete defense. Binyan's argument shows not only a dispute over the dollar amount but also over the nature of the liability under the note and personal guaranty. GE Commercial counters that Binyan has admitted that there was a default on the note. It is this admission, in Plaintiff view, that would prevent Binyan from asserting any meritorious defense. Admitting a default, as in this case, however, does not necessarily remove "a hint of a suggestion" from Binyan's case. The defense is based on liability and ultimately the recourse allowed GE Commercial. If Binyan's defense is proven at trial, it would establish a meritorious defense. The Court finds that this factor weighs most

heavily in favor of setting aside the default.

### 3. The Culpability of the Defendant

**\*4** As demonstrated above, the first two *Shepherd* factors weigh in favor of setting aside the default. The last factor is whether the culpable conduct of the defendants led to the default. However, as noted, "[w]hen the first two factors militate in favor of setting aside the entry of default, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in absence of a wilful failure of the moving party to appear and plead." *Id.* Furthermore, to be culpable, the conduct of the defendant "must display either an intent to thwart judicial proceedings or reckless disregard for the effect of its conduct on those proceedings." *Id.*

Attorney Ronn Nadis has submitted an affidavit with Binyan's motion in order to support the Defendant's claim that its actions in not timely answering the complaint were not willful or reckless. In that affidavit, Mr. Nadis states that he was contacted by the Defendants in August of 2006 regarding this case and immediately contacted Plaintiff's counsel to advise him that he intended to represent the Defendants but that he first needed to obtain a conflicts waiver from them because he had previously represented Plaintiff in another matter. Nadis further states that he received that waiver on September 6, 2006 and filed his notice of appearance on September 7, 2006, which was exactly 21 days after Defendants were served with process. Nadis then immediately attempted to contact the Plaintiff's counsel to seek an extension of time to file an answer. According to Nadis's affidavit, Plaintiff's counsel's disregarded his attempts to contact him. Plaintiff does not dispute the facts as presented in Mr. Nadis's affidavit.

While it is true that Binyan's answer was past due at the time of the final phone call placed to Plaintiff's counsel, such action could not be considered a willful or reckless disregard of judicial proceedings. Mr. Nadis did file an appearance the day after he received Defendants' signed conflict waiver. It also appears that counsel for the Defendants tried, albeit unsuccessfully, to reach counsel for the Plaintiff on several occasions to request an extension of time to answer. "Where the party in default satisfies the first two requirements for relief and moves promptly to set aside the default before a judgment is entered, the district

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2007 WL 1017002 (E.D.Mich.)
**(Cite as: 2007 WL 1017002 (E.D.Mich.))**

court should grant the motion if the party offers a credible explanation for the delay that does not exhibit disregard for the judicial proceedings." *Shepherd, supra* 796 F.2d at 195.

Applying the generally lenient standard under Rule 55(c), since no default judgment has been entered, and weighing all of the factors as already set forth, the Court finds that the default entered in this case against Defendant Binyan should be set aside.

**B. *Defendants' Claim of Costs and Fees***

This Court's Local Rule 7.1 governs the filing of motions. It provides, in part, that before filing a motion, a movant must first ascertain whether it will be opposed. L.R. 7.1(a)(1). Subsection (a)(3) goes onto state that the court *may* tax costs for an unreasonable withholding of consent to the relief requested.. The use of the word "may" leaves any judgment for the costs of bringing a motion to the discretion of the trial court.

**\*5** Binyan urges the Court to find GE Commercial's withholding of consent to setting aside the default as unreasonable because it forced "Binyan to incur unnecessary costs and attorney fees in the preparation and submission of the instant Motion" and "also cause[d] an unnecessary waste of this Court's resources." The Court is not persuaded by Binyan's arguments. First, Binyan does not dispute that it did not timely file its answer to the Complaint. Therefore, Plaintiff properly sought entry of a default. Furthermore, Plaintiff has presented reasonable grounds for withholding its concurrence. As previously stated, the dispute is seen by GE Commercial as involving only the dollar amount involved; it is Defendant Binyan that views this controversy as a dispute of the merits of the underlying obligation. From GE's viewpoint, then, entry of default would have only obviated the need to present proofs as to liability and would leave open an avenue for Defendant to contest the dollar amount in later proceedings on a default judgment.

For these reasons, the Court finds that any costs incurred by the Defendants shall be borne by them.

**III. *Conclusion***

For all of the foregoing reasons, Defendant's Motion to Set Aside Default is GRANTED. Defendant's requests for an award of costs and fees incurred in connection with this Motion is DENIED.

E.D.Mich.,2007.
GE Commercial Finance Business v. Binyan Michigan, L.L.C.
Not Reported in F.Supp.2d, 2007 WL 1017002 (E.D.Mich.)

END OF DOCUMENT