UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and
MAUREEN SCANLAN,   Case No 2:10-cv-12297
    Plaintiffs,   Hon. John Feikins
vs.   Mag. Hon. Paul J. Komives

FIRST HORIZON NATIONAL CORPORATION,
a Tennessee corporation,
GMAC MORTGAGE, LLC, a Delaware corporation,
WACHOVIA MORTGAGE FSB, a North Carolina corporation,
EQUIFAX, INC., a Georgia corporation
TRANS UNION, LLC, a Delaware limited liability company
jointly and severally,
    Defendants.
_____/

# PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST GMAC FOR FAILING TO FILE A RESPONSIVE PLEADING IN VIOLATION OF THIS COURT'S ORDER.

Plaintiffs, again, move this court for entry of a default against GMAC for failing to file a responsive pleading.  On July 27, 2010, the Clerk of the Court entered the default of GMAC for failing to plead or otherwise defend against this action (Docket 30).  At the behest of GMAC's counsel, Henry Wineman, Plaintiff had agreed to an order setting aside that default.

On July 28, 2010, the Court entered a Stipulated Order setting aside the Default against GMAC and requiring it to file a responsive pleading "within 20 days" of the order (Docket 35). Twenty days after July 8, 2010 is August 18, 2010.

On August 17, 2010, Defendant GMAC filed a Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(6).  This is not a responsive pleading.  As of August 19, 2010, Defendant GMAC has still failed to file its answer to the complaint and is now in default.

i

For the reasons stated in the attached brief, the Plaintiff moves this court for entry of a default against GMAC for failing to comply with this court's order of July 28, 2010 requiring it to file a responsive pleading.

Respectfully submitted,

|  |  |
|---|---|
| August 18, 2010 | /s/ Gary Nitzkin<br>GARY D. NITZKIN  P41155<br>NITZKIN & ASSOCIATES<br>Attorneys for Plaintiffs<br>22142 West Nine Mile Road<br>Southfield, MI 48034<br>(248) 353-2882<br>Fax (248) 353-4840<br>Email – gnitzkin@creditor-law.com |

**Proof of Service**

I, Gary Nitzkin, hereby state that on **August 19, 2010**, I served a copy of the within pleading upon all counsel as their address appear of record via e-mail via the Court's CM/ECF System.

**/s/ Gary Nitzkin**

ii

# TABLE OF CONTENTS

PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST GMAC FOR FAILING TO FILE A RESPONSIVE PLEADING IN VIOLATION OF THIS COURT'S ORDER. ................... i

Table of Contents ............................................................................................................... 1

Statement of Question Presented ....................................................................................... 2

Index of Authority .............................................................................................................. 3

Most Relevant Authority .................................................................................................... 4

BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST GMAC FOR FAILING TO FILE A RESPONSIVE PLEADING IN VIOLATION OF THIS COURT'S ORDER. ............................................................................................................ 5

   Procedural History of this case between Plaintiffs' counsel and GMAC's counsel. ................... 5

DEFENDANT gmac HAS FAILED TO FILE A RESPONSIVE PLEADING AS REQUIRED BY THIS COURT'S STIPULATED ORDER AND SHOULD BE HELD IN DEFAULT, AGAIN. ............................................................................................................................. 6

   What constitutes a "Responsive Pleading." ............................................................................ 6

CONCLUSION ................................................................................................................... 8

## STATEMENT OF QUESTION PRESENTED

Whether the Court Should Hold Defendant GMAC in Default, again, for failing to File a Responsive Pleading as required by this Court's Order of July 28, 2010.

Plaintiff responds:          Yes

Defendant GMAC responds:     No.

# INDEX OF AUTHORITY

**Cases**
*Elliott v Foufas*, 867 F.2d 877, 882-883 (5th Cir 1989) ................................................................ 7

**Rules**
*Fed. R.Civ.P. 7(a).* ........................................................................................................................ 7
*Fed.R.Civ.P. 12(a).* ...................................................................................................................... 7

## MOST RELEVANT AUTHORITY

      This Court's Order of July 28, 2010, Docket entry 35 which is attached hereto as Exhibit 1 is the primary basis for this motion.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and
MAUREEN SCANLAN,   Case No 2:10-cv-12297
    Plaintiffs,   Hon. John Feikins
vs.   Mag. Hon. Paul J. Komives

FIRST HORIZON NATIONAL CORPORATION,
a Tennessee corporation,
GMAC MORTGAGE, LLC, a Delaware corporation,
WACHOVIA MORTGAGE FSB, a North Carolina corporation,
EQUIFAX, INC., a Georgia corporation
TRANS UNION, LLC, a Delaware limited liability company
jointly and severally,
    Defendants.
_____/

# BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AGAINST GMAC FOR FAILING TO FILE A RESPONSIVE PLEADING IN VIOLATION OF THIS COURT'S ORDER.

### PROCEDURAL HISTORY OF THIS CASE BETWEEN PLAINTIFFS' COUNSEL AND GMAC'S COUNSEL.

On July 26, 2010, after receiving no responsive pleading from GMAC, Plaintiff's counsel submitted a Request for Clerk's Entry of Default as to GMAC (Docket 29). On July 27, 2010, the Clerk of the Court entered the default of GMAC (Docket 30). These entries caused GMAC's counsel, Mr. Henry Wineman, to call Plaintiffs' counsel and ask that he set aside the default. Mr. Wineman represented to Mr. Nitzkin that he had attempted to call Mr. Nitzkin "several times and left several messages to 248-353-2880." He further stated that he had only recently noticed that

5

Plaintiff's telephone number is 248-353-2882.  As a professional courtesy, Plaintiffs' counsel acceded to Mr. Wineman's request.

On July 27, 2010, GMAC's attorneys, Mssrs. Ordower and Scheible entered their appearances on behalf of their client (Docket entries 32 and 33).

On July 28, 2010, the Court entered a Stipulated Order setting aside the Default against GMAC and requiring it to file a responsive pleading "within 20 days" of the order (Docket 35 - Exhibit 1).  Twenty days after July 8, 2010 is August 18, 2010.  This is the date by which GMAC, pursuant to a Stipulated Order entered by the Court, was required to have filed its responsive pleading.  It has failed to do so.

On August 17, 2010, Defendant GMAC filed a Motion to Dismiss Pursuant to Fed.R.Civ.P 12(b)(6).  This is not a responsive pleading.  As of August 19, 2010, Defendant GMAC has still failed to file a responsive pleading as it was required to do by this court's order of July 29, 2010 (Docket 35).

For the reasons stated in the attached brief, the Plaintiff moves this court for entry of a default against GMAC for failing to comply with this court's order of July 28, 2010 requiring it to file a responsive pleading.

## DEFENDANT GMAC HAS FAILED TO FILE A RESPONSIVE PLEADING AS REQUIRED BY THIS COURT'S STIPULATED ORDER AND SHOULD BE HELD IN DEFAULT, AGAIN.

### WHAT CONSTITUTES A "RESPONSIVE PLEADING."

A responsive pleading allowed by Fed.R.Civ.P. 7(a) are: an answer to a complaint, a reply to a counterclaim denominated as such, an answer to a cross claim, and an answer to a third

6

party complaint. *Fed. R.Civ.P. 7(a)*. Fed.R.Civ.P 12(a) requires that in most cases, the responsive pleading must be served within 20 days after service of the pleading to which its responds. *Fed.R.Civ.P. 12(a)*.

This Clerk of this Court in this case, had previously defaulted GMAC. Counsel for GMAC and Plaintiff stipulated to set aside that default on the condition that GMAC file a "responsive pleading" within 20 days of the court's order (Docket 35 - Exhibit 1). Indeed, GMAC's counsel drafted the very order that was presented and entered by the Court. That order states:

> **IT IS HEREBY ORDERED** that the Default entered against Defendant GMAC Mortgage, LLC is hereby set aside.
>
> **IT IS FURTHER ORDERED AND ADJUDGED** that Defendant GMAC Mortgage, LLC shall file responsive pleadings within twenty (20) days of entry of this Order.
>
> **IT IS SO ORDERED.**
>
> s/John Feikens
> John Feikens
> United States District Judge

(Docket 35 - Exhibit 1).

In order to avoid being defaulted again in this case, GMAC was required to file a "responsive pleadings" by August 18, 2010. It has failed to do so. Instead it has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). However, this is not a "responsive pleading." The Stipulated Order between the parties that was entered in this case has required GMAC to file a responsive pleading and its Motion to Dismiss is not a responsive pleading. Indeed the Fifth Circuit in *Elliott v Foufas*, 867 F.2d 877, 882-883 (5th Cir 1989) held that a motion to dismiss for failure to state a claim is <u>not</u> a responsive pleading. *Id*. No different result should obtain in this

7

case.  GMAC's Motion to Dismiss for Failure to State a Claim is not a responsive pleading in this case either.

Defendant GMAC has still failed to file a responsive pleading despite getting a second chance to do so.  GMAC has indisputably violated this court's order of July 28, 2010 by failing to file a responsive pleading and should, again, be held in default.

## CONCLUSION

After missing the deadline to file an answer timely, twice, the Court should enter the default of GMAC.  It has failed to file a responsive pleading as it had agreed to in the Stipulated Order that its counsel had prepared and presented to the Court.  This is the second time that Plaintiff has had to seek its default and should not be made to do so again.

Respectfully submitted,

August 18, 2010

/s/ Gary Nitzkin
GARY D. NITZKIN  P41155
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48034
(248) 353-2882
Fax (248) 353-4840
Email – gnitzkin@creditor-law.com

# Exhibit 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and MAUREEN SCANLAN,

        Plaintiffs,

v.

FIRST HORIZON NATIONAL CORPORATION, a Tennessee corporation, GMAC MORTGAGE, LLC, a Delaware corporation, WACHOVIA MORTGAE FSB, a North Carolina corporation, EQUIFAX, INC., a Georgia corporation, and TRANS UNION, LLC, a Delaware limited liability company, jointly and severally,

        Defendants.

Case No. 2:10-cv-12297-JF-PJK

Hon. John Feikens

_____/

| | |
|---|---|
| Gary D. Nitzkin (P41155) | Eric D. Scheible (P54174) |
| NITZKIN & ASSOCIATES | Jonathan D. Ordower (P58015) |
| Attorneys for Plaintiffs | FRASCO CAPONIGRO |
| 22142 West Nine Mile Road | WINEMAN & SCHEIBLE, PLLC |
| Southfield, MI 48034 | Attorneys for Plaintiff |
| (248) 353-2882 / (248) 353-4840 FAX | 1668 Telegraph Road, Suite 200 |
| gnitzkin@creditor-law.com | Bloomfield Hills, MI 48302 |
| | (248) 334-6767 / (248) 334-0999 (FAX) |
| | ch@frascap.com |

_____/

**STIPULATED ORDER SETTING ASIDE DEFAULT**

At a session of said Court
held in the City of Detroit
County of Wayne, Michigan

On **7/28/2010**

Present: **John Feikens**
Hon. John Feikens

Based upon the stipulation of the parties, and the Court being otherwise fully advised in the premises;

**IT IS HEREBY ORDERED** that the Default entered against Defendant GMAC Mortgage, LLC is hereby set aside.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant GMAC Mortgage, LLC shall file responsive pleadings within twenty (20) days of entry of this Order.

**IT IS SO ORDERED.**

<u>s/John Feikens</u>
John Feikens
United States District Judge

Dated: July 28, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 28, 2010.

<u>s/Carol Cohron</u>
Deputy Clerk

SO STIPULATED:

| | |
|---|---|
| Dated: July 27, 2010 | <u>s/ Gary D. Nitzkin</u><br>Gary D. Nitzkin (P41155)<br>Attorney for Plaintiff |
| Dated: July 27, 2010 | <u>s/ Jonathan D. Ordower</u><br>Jonathan D. Ordower (P58015)<br>Attorney for Defendant |