UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and MAUREEN SCANLAN,

        Plaintiffs,

v

FIRST HORIZON NATIONAL CORPORATION, a
Tennessee corporation, GMAC MORTGAGE, LLC,
a Delaware corporation, WACHOVIA MORTGAGE
FSB, a North Carolina corporation, EQUIFAX, INC.,
a Georgia corporation, and TRANS UNION, LLC, a
Delaware limited liability company, jointly and
severally,

        Defendants.

Case No. 2:10-cv-12297
Hon. John Feikens
Magistrate Paul J. Komives

_____

# GMAC'S REPLY BRIEF
## IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)

## INTRODUCTION

Plaintiffs have failed to provide this Court with any plausible argument as to why their Complaint against GMAC should not be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In fact, approximately ¾ of Plaintiffs' response is dedicated to a "cut and paste" of the statutes under which they contend have been violated and the same bare fact allegations that the United States Supreme Court has deemed insufficient under *Twombly* and *Ashcroft*. Accordingly, GMAC's motion should be granted.[1]

## ARGUMENT

**A.    COUNT III & COUNT IV**

    **1.    PLAINTIFFS' PREMISE IS FLAWED**

At page 3 of its response, Plaintiffs state that the "basis for the claims at issue in this case" result from GMAC's alleged breach of the release language contained in the Shafir Settlement Agreement. Plaintiffs direct the Court's attention only to paragraph 20. There are two glaring misstatements in Plaintiffs' argument.

First, paragraph 19 of the Shafir Settlement Agreement controls. That paragraph reads, in its entirety:

> In consideration for the payments and orders described above, the Scanlan Defendants and the Simpson Defendants release, remise, acquit and forever discharge Shafir, First American Title, Patriot, Flagstar, the Insured Mortgagees and Steadfast, together with their respective attorneys, partners, principals, agents, servants, employees, successors, assigns, and transferees from any and all causes of action, claims, demands, liabilities, suits, contracts, covenants, deposits, debts, dues, sums of money, damages and rights of any kind or nature whatsoever, in law or in equity, from the beginning of time and in the future whether known or unknown, fixed or contingent, which relate in any way to the Shafir Properties,

---

[1] Plaintiffs' argument that this motion is "frivolous" because it "only seeks dismissal [sic] Counts III and IV of Plaintiff's [sic] complaint not dismissal of the entire action" is nonsensical [D/E 48, p.11]. GMAC has no standing to seek dismissal of the other claims in Plaintiffs' complaint against other parties and Plaintiffs have cited no authority to the contrary.

>including but not limited to any and all claims which either were brought, could have been brought and/or should have been brought in the Shafir Lawsuit, whether known or unknown, past, present or future, except for breaches of this Agreement.  **Notwithstanding the foregoing, nothing in this Agreement shall prevent the Scanlan Defendants from exercising their rights under the Fair Credit Reporting Act. The Insured Mortgagees shall not be deemed to have waived any right, duty or obligation under the Fair Credit Reporting Act in the event of any challenge.**  It is specifically understood and agreed that Saylor and any entity except Patriot owned or controlled by Saylor shall not be released herein.

(**Exhibit 1** ¶19) (emphasis added)

Plaintiffs, if they were being forthright, should have directed paragraph 19 to the Court's attention because it explicitly reserves GMAC's right to defend any such action (as well as Plaintiffs' right to bring such an action because they, too, released GMAC as to all other claims).

Second, even if Plaintiffs' strained interpretation of paragraph 20 is considered, their alleged cause of action in this case arose <u>after</u> the execution of the Shafir Settlement Agreement and, therefore, could never have been released.[2]  Since it is clear from their response that Plaintiffs' theory of liability is based on GMAC's failure to abide by Plaintiffs' interpretation of paragraph 20 of the Shafir Settlement Agreement, a plain reading of that agreement makes unequivocally clear that Plaintiffs have failed to state a valid claim against GMAC. [3]

---

[2] The fact that Plaintiffs even would make such an argument is telling.  In attempt to divert the Court's attention from the real issue at hand – that their complaint has failed to state a valid cause of action – Plaintiffs highlight release language that provides no support for their argument: [C]laims . . . from the beginning of time and in the future whether known or unknown, fixed or contingent, **which relate to the claims which were either brought, or could have been brought in the Shafir lawsuit** . . . .  (**Exhibit 1** ¶20). Of course, none of Plaintiffs' present claims "were brought or could have been brought in the Shafir lawsuit" because, by their own admission, they arose at some point after January 19, 2010 [D/E 1 ¶25; D/E 48, p.3].

[3] Statements by an attorney bind his clients.  This rule is "generally applied to bind clients by factual statements made by counsel, not counsel's interpretation of the law."  *U.S. v Owens Contracting Services, Inc.*, 884 F. Supp. 1095, 1108 (E.D. Mich 1994).  This maxim is especially true if the attorney's statements are directly related to the instant litigation and are within the scope of the attorney's authority.  *United States v Johnson*, 752 F.2d 206 (6th Cir. 1985); *American Title Insurance Co. v Lacelaw Corp.*, 861 F.2d 224 (9th Cir. 1988). "A pleading prepared by an attorney is an admission by one presumptively authorized to speak for his principal." *U.S. v McKeon*, 738 F.2d 26, 31 (2d Cir. 1984) (citing *Kunglig Jarnvagsstyrelsen v Dexter & Carpenter, Inc.*, 32 F.2d 195, 198 (2d Cir.) *cert. denied*, 280 U.S. 579 (1929).  A court is well within its province to treat statements in briefs as binding judicial admissions of fact.  *See Purgess v Sharrock*, 33 F.3d 134 (2d Cir. 1994); *Leslie v Knight Soda Fountain*, 55 F.2d 224 (2d Cir. 1932); *City Nat'l Bank v U.S.*, 907 F.2d 536 (5th Cir. 1990).

## 2. PLAINTIFFS' RESPONSE IGNORES THE LAW SET FORTH IN GMAC'S MOTION

Plaintiffs claim that GMAC identified only 8 of the 14 allegations directed at GMAC. A comparison of the allegations outlined in GMAC's primary submission with those outlined in Plaintiffs' response reveals that those not referenced by GMAC – paragraphs 2, 19-23, 25, and 26 – relate to historical facts, none of which support Plaintiffs' legal claims under Counts III and IV. Specifically, paragraph 2 purports to be a statement of law. Paragraphs 19-23 reference or paraphrase language contained in exhibits to Plaintiffs' complaint. Paragraphs 25 and 26 recite actions allegedly taken by Plaintiffs but, like those paragraphs before them, lack specific factual allegations that support the claims against GMAC, which is what is required under Fed. R. Civ. P. 8, 12, and *Twombly* and its progeny.

GMAC directs the Court to paragraph 54-57 in Count III as well, which Plaintiffs do not, and these allegations simply mirror the language of 15 USC 1681s-2(b) with the conclusory statement that GMAC was negligent. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* ---U.S.---, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Count IV of Plaintiffs' Complaint is devoid of any specifics regarding GMAC's "willful misrepresentations or concealment." These are insufficient to survive a motion to dismiss.

**CONCLUSION**

For the reasons discussed above and for the reasons discussed in GMAC's primary submission, this Court should dismiss Plaintiffs' Complaint against it with prejudice and grant it all other relief this Court deems equitable and just.

Respectfully submitted,

s/ Eric D. Scheible

Frasco Caponigro Wineman & Scheible, PLLC
1668 Telegraph Road, Suite 200
Bloomfield Hills, MI 48302
(248) 334-6767
es@frascap.com
MI Bar No. P54174

Attorneys for GMAC

Dated: August 27, 2010

**CERTIFICATE OF SERVICE**

    I certify that on August 27, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

    /s/ Anna Cantu