UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK SCANLAN and MAUREEN SCANLAN,

       Plaintiffs,

v

FIRST HORIZON NATIONAL CORPORATION, a
Tennessee corporation, GMAC MORTGAGE, LLC,
a Delaware corporation, WACHOVIA MORTGAGE
FSB, a North Carolina corporation, EQUIFAX, INC.,
a Georgia corporation, and TRANS UNION, LLC, a
Delaware limited liability company, jointly and
severally,

       Defendants.

Case No. 2:10-cv-12297
Hon. John Feikens
Magistrate Paul J. Komives

_____

**GMAC'S RESPONSE IN OPPOSITION**
**TO PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT**

**STATEMENT OF ISSUES PRESENTED**

Should the Court deny Plaintiffs' motion for entry of default as to GMAC?

**CONTROLLING OR MOST APPROPRIATE AUTHORITY**

GMAC relies on Fed. R. Civ. P. 12, 55(a), and the authority cited herein.

## BACKGROUND

Plaintiffs took a default against GMAC on July 27, 2010 [D/E 30].  The parties stipulated to set it aside and the corresponding order provided GMAC "shall file responsive pleadings within twenty (20) days of entry of this Order." [D/E 35].  GMAC's responsive pleadings were due on August 17, 2010 and it timely filed its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as its responsive pleading [D/E 45].  Plaintiffs filed a motion for entry of default that, generously, only can be called misguided.  Therefore, it must be denied.

## ARGUMENT

### A.  THERE IS NO FACTUAL OR LEGAL BASIS FOR THE ENTRY OF A DEFAULT

Fed. R. Civ. P. 55(a) allows entry of default against a party who has "failed to plead or otherwise defend."[1]  Defaults are not favored at law and all doubts should be resolved in favor of the party moving to set aside a default.  *See, e.g.,* 10A Wright, Miller, & Kane, Federal Practice and Procedure: Civil 3d § 3d 2681 (1998) and cases cited therein; *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989).  Federal policy strongly favors allowing parties to resolve their dispute at trial, rather than by default.  *Berthelsen v. Kane,* 907 F.2d 617, 620 (6th Cir. 1990) (Federal courts strongly favor trials on the merits.); *Shepard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986).

In *Phelps v American General Financial Services*, 2008 WL 3978318 (ED Mich 2008), Judge Borman adopted Magistrate Judge Majzoub's report and recommendation that included an

---

[1] The Advisory Committee notes accompanying the 2007 amendments provide that "[c]ourts have rejected" the implication under the prior rule that it was appropriate for the clerk to enter a default where a party showed an intent to defend but did so via means not specifically identified by the rules.

analysis of this issue:

> In addition, a defendant may properly defend as required by Fed.R.Civ.P. 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim. Fed.R.Civ.P. 12(a)(4) (altering time period for filing answer upon filing of motion); *In re Sumitomo Copper Litig.,* 204 F.R.D. 58, 61-62 (S.D.N.Y.2001).   Plaintiff's only argument regarding Defendant American General is that it has not responded in the manner required for an answer. (Docket no. 8 at 2). **There is no argument that Defendant's filing of its Motion to Dismiss was not timely or that the motion otherwise fails to satisfy its duty to defend under Rule 55(a).** (*Id.*). Defendant American General timely filed its Motion to Dismiss within 20 days of service of the summons. (Docket nos. 2, 5). Therefore, Plaintiff's Motion for Default Judgment should be denied.

*Phelps* at *3 (emphasis added) (**Exhibit 1**).

In *Harris v Wayne State University*, 2010 WL 3369142 (ED Mich 2010, August 25, 2010) (**Exhibit 1**), Judge Battani flatly rejected a plaintiff's request for default and denied his motion, which was identical to the Plaintiffs' baseless motion here:

> The time for filing responsive pleadings is impacted when a defendant files a timely motion to dismiss. Specifically, Federal Rule of Civil Procedure 12(a)(4) notes that the time to file an answer to a complaint is postponed, generally, until fourteen days after the court decides a motion to dismiss filed under Rule 12.
>
>          *       *       *
>
> Plaintiff's continued reliance on this misstatement as a basis to assert entitlement to default is misplaced. Without question, Parrish filed a motion to dismiss under Rule 12(b)(6). Without question, Parrish is not required to file an answer at this time. *See Phelps v. Am. Gen. Fin. Servs.,* No. 08- 10552, 2008 WL 3978318, *3 (E.D.Mich. Aug.22, 2008) ("[A] defendant may properly defend as required by Rule 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim.") (citation omitted).
>
> Accordingly, Parrish is not in default, and Harris is not entitled to either an entry of default or default judgment.

Of course, this District is not the only one that recognizes the absurdity of Plaintiffs' current position. *See Azike v E-Loan, Inc.*, 2009 WL 1664072, *3 (D. Neb 2009) ("Regarding E-Loan, Azike argues that a motion filed pursuant to Fed. R. Civ. P. 12(b)(6) is not a responsive

pleading.   Azike cites no authority for this proposition, and there is none"); *Sandoval v. Bluegrass Reg'l Mental Health-Mental Retardation Bd.,* 2000 WL 1257040, *5 (6th Cir. 2000); *Buzayan v. City of Davis,* 2009 WL 514201, *3, n. 7 (E.D. Cal. 2009); *Kruska v. Perverted Justice Found., Inc.,* 2009 WL 3837365, * 1 (D. Ariz. 2009); *Siegel v. Deutsche Bank Nat'l. Trust Co.,* 2009 WL 2868225, *1 (D. Neb. 2009) (filing a motion for summary judgment can also defeat a motion for default); *Blount v. Mansfield,* 2008 WL 4822167, *2 (E.D. Mich. 2008); *see also Amerisource Bergen Drug Corp. v. Hallmark Pharmacies, Inc.,* 2007 WL 2908853, *1 (S.D. Ohio 2007) (filing a motion for leave to file late answer defeated motion for default); *Torrance v. Decision One Mortgage Co.,* 2009 WL 174976, *1 (S.D. Ohio 2009) (motion for leave to file responsive pleading qualified as otherwise defending and motion for default denied); *In re Thornton*, 419 BR 787 (W.D. Tenn. 2009); *Aslani v Sparrow Health Systems*, 2009 WL 3711602 * 4 (W.D. Mich. 2009).[2]   Indeed, "[p]ursuant to Rule 12(a)(4) of the Rules of Civil Procedure, once a motion to dismiss under Rule 12(b)(6) is filed a defendant need not file its answer until 10 days following the denial of the motion to dismiss."   *Woodruff v McPhie,* 593 F.Supp.2d 273, 276 n. 2 (D.D.C. 2009).

It is abundantly clear that there is no basis for Plaintiffs' motion.  It must be denied.

**B.   THE SOLE CASE CITED BY PLAINTIFFS IS INAPPLICABLE**

The only case cited by Plaintiffs in "support" of their position is *Elliott v Foufas*, 867 F2d 877 (5th Cir 1989).  Plaintiffs claim GMAC's motion to dismiss for failure to state a claim is not a "responsive pleading."   However, Plaintiffs neglected to provide the full context for that statement, which is inaccurate when applied to this case, as detailed above.

The issue in *Elliott* was whether the plaintiff there could amend her complaint as a matter

---

[2] All unpublished cases are attached as **Exhibit 1**.

of right under Fed. R. Civ. P. 15(a).  Rule 15, and those cases interpreting that rule, provides that the right to amend a complaint as a matter of course terminates upon two events: (1) being served with a responsive pleading; and (2) the passing of 20 days after serving the pleading if no responsive pleading is allowed and the matter is not yet set for trial.  Courts have held that, for the purposes of Rule 15 and a party's right to amend as a matter of course, a motion to dismiss is not a responsive pleading.  *Doe v U.S.*, 58 F3d 494 (9th Cir 1995).  Clearly, when analyzed in context of the procedural status at hand, Plaintiffs' blanket assertion lacks support for their position.

## CONCLUSION

For the reasons set forth herein, Plaintiffs' motion should be denied, GMAC should be awarded its costs and attorneys' fees incurred in responding to this baseless motion, and GMAC should be granted all other relief this Court deems equitable and just.

FRASCO CAPONIGRO
WINEMAN & SCHEIBLE, PLLC


By: /s/ Eric D. Scheible
Eric D. Scheible (P54174)
Jonathan D. Ordower (P58015)
Attorneys for GMAC
1668 Telegraph Rd., Suite 200
Bloomfield Hills, MI  48302
Dated:  September 1, 2010                    (248) 334-6767

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 1, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Anna Cantu</u>